1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | KRISTINE A. THAGARD, #94401
kthagard@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, California 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK
7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 |

11 | In re | Case No. 8:18-bk-13864-ES

12 | FRIENDLY VILLAGE GP, LLC, | Chapter 7

13 | Debtor. | TRUSTEE'S FOURTH MOTION FOR ORDER EXTENDING THE TIME TO ASSUME OR REJECT EXECUTORY

14 | | CONTRACTS OR, ALTERNATIVELY, FOR ORDER AUTHORIZING THE

15 | | TRUSTEE TO ASSUME ESCROW AND

16 | | BUYBACK AGREEMENT PURSUANT TO 11 U.S.C. § 365(A); MEMORANDUM

17 | | OF POINTS OF AUTHORITIES; AND DECLARATION OF RICHARD A.

18 | | MARSHACK IN SUPPORT

19 | | Hearing
Date:        November 19, 2019
20 | | Time:        10:30 a.m.
Ctrm:        5A
21 | | Location:  United States Bankruptcy Court
411 W. Fourth Street
22 | | Santa Ana, CA 92701-4593

23 |

24 |

25 |

26 |

27 |

28 |

1

# TABLE OF CONTENTS

2

3

1.    Summary of Argument ....................................................................................................1

4

2.    Procedural Background...................................................................................................1

5

    A.    Statement of Facts.................................................................................................1

6

        i.    The State Court Action .............................................................................2

7

        ii.    Insurance Carrier Litigation ....................................................................3

8

        iii.    Prior extension of assumption or rejection deadline...........................3

9

    B.    The Escrow and Buyback Agreement.................................................................4

10

    C.    Trustee's Marketing Efforts ................................................................................5

11

3.    Legal Argument ...............................................................................................................5

12

    A.    The Escrow Agreement and Buyback Agreement are executory contracts..................5

13

    B.    While the default statutory time to assume or reject executory contracts is 60
        days, the Court may grant the trustee additional time, for cause ..................6

14

        i.    Because an extension of the deadline to assume or reject executory
            contracts will maximize the value of the Estate, there is cause for a
            further extension of time .........................................................................8

15

16

17

    C.    Assumption of the Escrow and Buyback Agreement is in the best interest of
        the Estate.................................................................................................9

18

19

4.    Conclusion .......................................................................................................................10

20

Declaration of Richard A. Marshack ........................................................................................12

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Durkin v. Benedor Corp. (In re G.I. Industries),*

4

    204 F.3d 1276, 1282 (9th Cir. 2000) ........................................................... 10

5

*Hickman v. Hana,*

6

    384 B.R. 832, 840 (B.A.P. 9th Cir. 2008) .................................................... 7

7

*In re Drahn,*

8

    405 B.R. 470, 474 (Bankr. N.D. Iowa 2009)................................................ 8

9

*In re Muir Training Technologies, Inc.,*

10

    120 B.R. 154, 158-59 (Bankr. S.D. Cal. 1990) ....................................... 7, 8

11

*In re Southwest Aircraft Services, Inc.,*

12

    831 F.2d 848 (9th Cir. 1987) ....................................................................... 7

13

*In re Telemark Management Co., Inc.,*

14

    51 B.R. 623, 625 (Bankr. W.D. Wis. 1984) ................................................ 8

15

*In re Texscan Corp.,*

16

    976 F.2d 1269, 1272 (9th Cir. 1992) .......................................................... 5

17

*In re Tompkins,*

18

    95 B.R. 722, 724 (B.A.P. 9th Cir. 1989) ..................................................... 7

19

*In re Victoria Station,*

20

    88 B.R. 231, 236 n.7 (B.A.P. 9th Cir. 1988) ........................................... 6, 7

21

*In re Wedtech Corp.,*

22

    72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987) ...................................... 6, 7, 8

23

*Official Creditors' Committee v. X10 Wireless Technology, Inc.*

24

    *(In re X10 Wireless Technology, Inc.,*

25

    2005 Bankr. LEXIS 3376 at *8 (B.A.P. 9th Cir. 2005)................................ 10

26

*Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.),*

27

    392 F.2d 1064, 1072 (9th Cir. 2004) .......................................................... 10

28

*Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions (In re Spanish Peaks Holdings II, LLC)*,

   862 F.3d 1148, 1156 (9th Cir. 2017) ........................................................................... 6, 9

*Spanish Peaks*,

   862 F.3d at 1155-57 ............................................................................................................ 8

**Statutes**

11 U.S.C. § 363(f)(1) ...................................................................................................................... 9

11 U.S.C. § 365(1) ........................................................................................................................... 8

11 U.S.C. § 365(a) ................................................................................................................... 10, 11

11 U.S.C. § 365(d) ........................................................................................................................... 9

11 U.S.C. § 365(d)(1) .............................................................................................................. 6, 11, 12

11 U.S.C. § 365(d)(4) ...................................................................................................................... 8

11 U.S.C. § 365(h) ........................................................................................................................... 9

11 U.S.C. § 365(1) ........................................................................................................................... 7

Section 365(d)(1) .............................................................................................................................. 7

iii

1  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

3  PARTIES:

4       Richard A. Marshack, the duly appointed and acting chapter 7 trustee ("Trustee") for the

5  bankruptcy estate ("Estate") of Friendly Village GP, LLC ("Debtor"), respectfully submits this

6  fourth motion ("Motion") for order further extending the deadline to assume certain unexpired leases

7  and executory contracts together with any and all related agreements or, in the alternative, if the

8  Court will not extend the time to assume or reject executory contracts and unexpired leases,

9  authorizing the Trustee to assume the executory contracts described below, to the extent that Debtor

10  has an interest in such executory contracts.

11  **1.    Summary of Argument**

12       In a Chapter 7 case, a bankruptcy trustee has a limited time to decide whether to assume or

13  reject executory contracts, but such limited time may be extended for cause. In this case, the

14  Trustee's ability to market and sell all assets of the Estate will be severely hampered by the

15  expiration of the period to assume or reject executory contracts. Trustee thus respectfully requests

16  that the time to assume or reject executory contracts and unexpired leases be further extended for

17  approximately 100 days from December 6, 2019, through and including March 16, 2020. The

18  Trustee is in the process of selling the Property (defined below), and the underlying state court

19  action is still ongoing.

20       In the alternative, if the Court is not inclined to grant the extension of the period to assume or

21  reject executory contracts (which would be in the best interest of the Estate), the Trustee respectfully

22  requests that the Court authorize him to assume the Escrow Agreement and Buyback Agreement, as

23  defined below.

24  **2.    Procedural Background**

25       **A.    Statement of Facts**

26       On October 21, 2018 ("Petition Date"), Friendly Village GP, LLC ("Debtor" or "FVGP")

27  filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

28  / / /

1    The Debtor is the general partner of Friendly Village MHP Associates, L.P. ("FVLP"), an

2   entity operating a mobile home park located at 5450 North Paramount Blvd., Long Beach, California

3   90805 ("Property"). Debtor is owned by the family trusts of the two principals of FVGP,

4   Mr. Michael Scott and Mr. Lee Kort. On November 4, 2018, as Dk. No. 24, the Debtor filed its

5   Schedules ("Schedules").

6    ### i.    The State Court Action

7    These related bankruptcy cases were precipitated by ongoing state court litigation

8   commenced on August 13, 2015, by Debtor's tenants in the Superior Court of the State of California,

9   County of Los Angeles, entitled *Celestino Acosta, an individual, et al., v. City of Long Beach, a*

10  *municipality; Friendly Village Mobile Associates L.P., D.B.A. Friendly Village of Long Beach, a*

11  *California Limited Liability Company; Friendly Village MHP Associates L.P., D.B.A. Friendly*

12  *Village of Long Beach, a California Limited Liability Company; Friendly Village, GP, LLC, a*

13  *California Limited Liability Company; Sierra Corporate Management, Inc.; Kort and Scott*

14  *Financial Group LLC; and Does 1-100*, assigned as Case No. BC591412 ("State Court Action").

15   On the Petition Date, the State Court Action was in the midst of a multi-week jury trial. On

16  October 22, 2018, the Trustee filed a motion for relief from the automatic stay as Dk. No. 10 ("RFS

17  Motion"), to allow the underlying State Court Action to continue trial to liquidate all of the

18  Plaintiff's claims at trial in the State Court Action versus a contested claim objection process in the

19  bankruptcy. On October 25, 2018, as Dk. No. 20, the Court entered an order granting the RFS

20  Motion ("RFS Order").

21   In late November 2018, the jury returned verdicts awarding approximately thirty spaces

22  $5.5 million in actual damages, and $3,440,212 in punitive damages. The jury also awarded

23  $3,440,212 in punitive damages against FVLP, $8,600,530 in punitive damages against Sierra

24  Corporate Management, Inc., and $18,921,166 in punitive damages against Kort & Scott Financial

25  Group, LLC. Phase 1 of the trial included the claims of several dozens of the tenants. Subsequent

26  phases of the trial will cover the claims of the remaining tenants.

27  / / /

28  / / /

### ii.    Insurance Carrier Litigation

Prior to the Petition Date, on May 24, 2018, the Debtor, FVLP, Sierra Corporate

Management, and Kort & Scott Financial Group, LLC filed their first amended complaint for

declaratory relief in a separate state court action in the Superior Court of the State of California,

County of Los Angeles, entitled *Friendly Village Mobile Associates LP, d/b/a Friendly Village of*

*Long Beach, a California limited partnership; Sierra Corporate Management, Inc., a California*

*corporation; Friendly Village MHP Associates, L.P., d/b/a Friendly Village of Long Beach, a*

*California limited partnership; Friendly Village GP, LLC, a California limited liability company;*

*Kort & Scott Financial Group, LLC, a California limited liability company, v. American Reliable*

*Insurance Company, an Arizona corporation; Wesco Insurance Company, a Delaware corporation;*

*Gotham Insurance Company, a New York corporation; National Union Fire Insurance Company of*

*Pittsburgh, PA., a Pennsylvania corporation, and Does 1-100, inclusive,* assigned as Case

No. BC 702267 ("Insurance Coverage Complaint").

On August 13, 2018, Gotham filed a cross-complaint against the Debtors ("Gotham Cross-

Complaint"). On the same day, National Union filed a cross-complaint against the Debtors

("National Union Cross-Complaint"). On August 20, 2018, Interstate filed a cross-complaint

against the Debtors ("Interstate Cross-Complaint," collectively with the Gotham Cross-Complaint

and National Union Cross-Complaint referred to as the "Carrier Cross-Complaints;" the Carrier

Cross-Complaints, collectively with Insurance Coverage Complaint referred to as the "Insurance

Carrier Litigation").

On March 5, 2019, as Dk. No. 68, the Trustee filed a stipulation for relief from the

automatic stay in order to allow the Insurance Carrier Litigation to proceed. On March 6, 2019, as

Dk. No. 69, the Court entered an order approving the stipulation and allowing the Insurance Carrier

Litigation to proceed.

### iii.    Prior extension of assumption or rejection deadline

On December 19, 2018, as Dk. No. 36, the Trustee filed his first motion for an order

extending the time to assume or reject as executory contracts and unexpired leases or, in the

alternative, authorizing the Trustee to assume the Escrow and Buyback Agreements ("Extend

1   Motion"). On January 25, 2019, as Dk. No. 52, the Court entered an order granting the Extend

2   Motion, extending the deadline to assume or reject executory contracts to June 18, 2019 ("Extend

3   Order").

4          On May 30, 2019, as Dk. No. 80, the Trustee filed his second motion for an order extending

5   the time to assume or reject as executory contracts and unexpired leases or, in the alternative,

6   authorizing the Trustee to assume the Escrow and Buyback Agreements ("Second Extend Motion").

7   On June 25, 2019, as Dk. No. 87, the Court entered an order granting the Extend Motion, extending

8   the deadline to assume or reject executory contracts to August 31, 2019 ("Second Extend Order").

9          On August 1, 2019, as Dk. No. 96, the Trustee filed his third motion for an order extending

10  the time to assume or reject as executory contracts and unexpired leases or, in the alternative,

11  authorizing the Trustee to assume the Escrow and Buyback Agreements ("Third Extend Motion").

12  On September 9, 2019, as Dk. No. 108, the Court entered an order granting the Extend Motion,

13  extending the deadline to assume or reject executory contracts to December 6, 2019 ("Third Extend

14  Order"). A true and correct copy of the Third Extend Order is attached to the Marshack Declaration

15  as Exhibit "1."

16  **B.    The Escrow and Buyback Agreement**

17         Previously, Daniel C. Fischer, and Michael Mowrey, on behalf of Friendly Village Mobile

18  Associates LP[1] ("FV1"), ostensibly entered into an agreement ("Escrow Agreement") with City

19  National Bank ("CNB"), and Debtor, whereby certain payments made by or on behalf of JDi Data

20  Corporation and AIG Specialty Insurance Company would be placed into an escrow account, and

21  subject to the control of an escrow agent. A true and correct copy of the Escrow Agreement is

22  attached to the Marshack Declaration as Exhibit "2." Sometime later, FV1 entered into a policy

23  buyback and release agreement with Debtor and AIG Specialty Insurance Company ("AIG")

24  ("Buyback Agreement"). A true and correct copy of the Buyback Agreement is attached to the

25  Marshack Declaration as Exhibit "3."

26

27

28

---

[1] FV1 is NOT the same entity as Friendly Village MHP Associates, L.P. – FV1 sold the mobile home park to Friendly
Village MHP Associates, L.P. (the related debtor).

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

1    The named parties to the Buyback Agreement are Daniel C. Fischer, in his capacity as a

2   former partner of Friendly Village Mobile Associates LP (previously defined as "FV1" and which is

3   not FVLP but the entity that sold the park to Debtor), a dissolved limited partnership; Michael

4   Mowrey, in his capacity as a former partner of FV1; Walter E. Novick, in his capacity as a former

5   partner of FV1, and **this Debtor FVGP**. For some reason Lee M. Kort (a partner of Debtor, but not

6   of FV1 that sold the property to FVLP) executed the Buyback Agreement on behalf of FV1.

7       **C.    Trustee's Marketing Efforts**

8       All of the Trustee's efforts in this case have been to preserve the value of the Property, in

9   order to maximize the value of the Estate for the benefit of creditors. The Trustee continues his

10   efforts marketing, entertaining offers, and negotiating for the sale of the Property. Because the

11   assumption or rejection of executory contracts and unexpired leases may have a significant impact

12   on the value of bids for the Property, it is in the best interest of the Estate, and will maximize the

13   Estate's value, if the Trustee retains the option to assume or reject all remaining executory contracts.

14       The Trustee is in the process of finalizing a sale of the Property. He anticipates filing a

15   motion for the sale of the Property within the next few weeks for hearing in December. While the

16   Trustee anticipates that the sale will be closed sometime this year or early next year, the Trustee

17   nonetheless requests that the Court further extend the deadline to assume or reject executory

18   contracts so that the Estate may preserve its value in the unlikely event that the sale cannot be

19   consummated.

20   **3.    Legal Argument**

21       **A.    The Escrow Agreement and Buyback Agreement are executory**

22           **contracts**

23       An executory contract is one on which performance is due to some extent on both sides. In

24   executory contracts the obligations of both parties are so far unperformed that the failure of either

25   party to complete performance would constitute a material breach and thus excuse the performance

26   of the other. *In re Texscan Corp.*, 976 F.2d 1269, 1272 (9th Cir. 1992) (internal quotation marks,

27   brackets, and ellipses omitted). The first step of the test is to "evaluate the obligations of both parties

28   and determine whether they are material obligations." *Id.* Next, there must be a determination made

1  as of the petition date of whether "either party's failure to perform its remaining obligations would

2  give rise to a material breach and excuse performance." *Id.* "If either party has 'substantially

3  performed' its side of the bargain, such that the party's failure to perform further would not excuse

4  performance by the other party, then the contract is executory." *Id.*

5      The Escrow Agreement and Buyback Agreement are executory contracts, because certain

6  material obligations have not been performed on both sides.

**B.     While the default statutory time to assume or reject executory contracts is 60 days, the Court may grant the trustee additional time, for cause**

10      In a Chapter 7 case, "if the trustee does not assume or reject an executory contract or

11  unexpired lease of residential real property or of personal property of the debtor within 60 days after

12  the order for relief…" then "such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1); *see*

13  *Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions (In re Spanish Peaks Holdings II, LLC)*,

14  862 F.3d 1148, 1156 (9th Cir. 2017). The court may allow the trustee "additional time" to assume or

15  reject an executory contract, "for cause." 11 U.S.C. § 365(d)(1). A number of important factors are

16  involved when the court makes a determination of whether there is cause to allow additional time to

17  assume or reject an executory contract. *In re Victoria Station*, 88 B.R. 231, 236 n.7 (B.A.P. 9th Cir.

18  1988) (citing *In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987)). In the context of a

19  Chapter 11 debtor-lessee, factors that have been considered in the Ninth Circuit when determining

20  whether there is cause to allow additional time to assume or reject executory contracts include:

21      1.     Whether the [executory contract] is the primary asset of the debtor;

22      2.     Whether the lessor has a reversionary interest in the building built by debtor on the

23          landlord's land;

24      3.     Whether the debtor has had time to intelligently appraise its financial situation and

25          potential value of its assets in terms of the formulation of a plan;

26      4.     Whether the lessor continues to receive rental payments and whether the debtor fails

27          to pay the rent reserved in the [executory contract];

28  / / /

5.    Whether the lessor will be damaged beyond compensation available under the Bankruptcy Code due to the debtor's continued occupation;

6.    Whether the case is exceptionally complex and involves a large number of [executory contracts];

7.    Whether need exists for judicial determination of whether the [executory contract] is a disguised security agreement;

8.    Whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and

9.    Any other factors bearing on whether the debtor has had a reasonable amount of time to decide to assume or reject the [executory contract].

*In re Muir Training Technologies, Inc.*, 120 B.R. 154, 158-59 (Bankr. S.D. Cal. 1990) (citing *Wedtech*, *supra* at 471-72). The term "for cause" is not defined for the purposes of Section 365(d)(1). *See Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840 (B.A.P. 9th Cir. 2008) ("The term 'for cause' is defined in the Bankruptcy Code only by way of a list of three examples – unreasonable delay prejudicial to creditors, nonpayment of filing fees, and not filing schedules – that is plainly incomplete").

Some courts have interpreted the meaning of extending the trustee's time to assume or reject executory contracts "for cause" in Section 365(d)(4). *See, e.g., Victoria Station*, 88 B.R. at 236 n.7. Any such motion to extend the period for assumption or rejection must be made prior to the deadline to assume or reject executory contracts. *In re Tompkins*, 95 B.R. 722, 724 (B.A.P. 9th Cir. 1989) (*citing In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir. 1987)).[2] The time limit set forth in 11 U.S.C. § 365(d)(1) is to allow the "trustee. . . sufficient time to identify the relevant contracts and determine how best to protect the interests of the estate while ensuring that other parties receive prompt resolution of their rights and remedies." *In re Drahn,* 405 B.R. 470, 474 (Bankr. N.D. Iowa

---

[2] The Ninth Circuit in *In re Southwest Aircraft Services, Inc.,* 831 F2d 848 (9th Cir. 1987) analyzed the provisions of 11 U.S.C. § 365(d)(4) and held "[i]f, however, the 60-day term modifies 'for cause,' then while the cause must arise within 60 days (and implicitly the debtor must file its motion to show cause within that period), there is no express limit on when the bankruptcy court must hear and decide the motion. This more liberal reading of the statue would allow the bankruptcy courts to operate with greater freedom and flexibility. It is the one we adopt."

2009). "Cause" can be found when "the trustee can not make an informed determination of the best interest of the estate within [the deadline to assume or reject]. . ." *In re Telemark Management Co., Inc.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

### i.     Because an extension of the deadline to assume or reject executory contracts will maximize the value of the Estate, there is cause for a further extension of time

Under the *Wedtech* factors to determine cause to extend the deadline to assume or reject executory contracts, there is ample cause to grant a second extension. Firstly, to distinguish prior cases, this Debtor, through FVLP, is the *lessor* of property, as opposed to the *lessee* of property. Therefore, the factors stated in *Muir Training Technologies, supra*, may not be directly applicable to this case. In cases where the bankrupt debtor is the lessee of real property, it would typically continue to occupy the leasehold with stringent restrictions on the landlord's ability to collect rent, and the debtor-lessee's obligation (and, indeed, authorization) to pay rent to the creditor-landlord. However, where the bankrupt debtor is the lessor of property, even if the trustee rejects an unexpired lease, the tenants may elect to retain their rights under such rejected lease. 11 U.S.C. § 365(h).

Importantly, the Estate's executory contracts and unexpired leases are perhaps the primary asset of the Estate – insurance policies of the Debtor provide tens of millions of dollars of potential liability coverage, which will be a significant source of recovery in the State Court Action, and the Leases are the Estate's primary source of revenue, and most valuable, marketable asset.

Secondly, a sale of the Property may be effectuated free and clear of unexpired leases if they have not been rejected or deemed rejected under 11 U.S.C. § 365(d). *See, e.g., Spanish Peaks*, 862 F.3d at 1155-57 ("Section 363(f)(1) authorized the sale of SHP's property free and clear of the Pinnacle and Opticom leases. Since the trustee did not reject the leases, section 365 was not implicated."). Either an assumption or rejection of unexpired releases will impair the Trustee's freedom to sell the Property, because it is unclear that such sale could be effectuated free and clear of assumed or rejected leases. As potential buyers of the Property may wish to purchase the Property free and clear of unexpired leases, and may not wish to purchase the Property subject to unexpired

/ / /

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

1    leases, it is in the best interest of the Estate to grant a further extension of time to assume or reject

2    unexpired leases.

3            Also, as explained in the original Extend Motion, this case is unusually complex, with a

4    large number of executory contracts. Additionally, there is complicated, multifaceted litigation

5    which will significantly affect the Debtor and the calculus regarding the decision of whether to

6    assume or reject a particular executory contract. Until the judgment in the State Court Action is

7    final, or the current negotiations for a global settlement are finalized, the Trustee simply does not

8    have the requisite information to determine whether assumption or rejection of the Policies, in turn,

9    is in the best interest of the Estate. For example, if the judgment in the State Court Action is

10   ultimately determined to be outside the coverage provided by one of the Policies, then such policy

11   has no benefit to the Estate. The Trustee has attended multiple days of mediation with some of the

12   insurance carriers in an attempt to reach a resolution. The Trustee has reached a settlement of the

13   Insurance Carrier Litigation, pending approval by the Court of a motion to approve that settlement

14   agreement.

15           **C.      Assumption of the Escrow and Buyback Agreement is in the best**

16                  **interest of the Estate**

17           If the Court is not inclined to grant an extension of the deadline to assume or reject as

18   requested above, the Trustee respectfully requests that the Court authorize him to assume the Escrow

19   Agreement and Buyback Agreement, for the reasons stated below. Section 365(a) of the Bankruptcy

20   Code provides, in pertinent part, that a trustee, "subject to the court's approval, may assume or reject

21   any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see Coleman Oil Co. v.*

22   *Circle K Corp. (In re Circle K Corp.)*, 190 B.R. 370, 374-75 (B.A.P. 9th Cir. 1995). In a Chapter 7

23   case, "if the trustee does not assume or reject an executory contract or unexpired lease of residential

24   real property or of personal property of the debtor within 60 days after the order for relief…" then

25   "such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1); *see Pinnacle Restaurant at Big*

26   *Sky, LLC v. CH SP Acquisitions (In re Spanish Peaks Holdings II, LLC)*, 862 F.3d 1148, 1156 (9th

27   Cir. 2017).

28   / / /

1    "Whether to assume or reject an executory contract is left to the business judgment of the

2    trustee or debtor in possession." *Official Creditors' Committee v. X10 Wireless Technology, Inc. (In*

3    *re X10 Wireless Technology, Inc.*, 2005 Bankr. LEXIS 3376 at *8 (B.A.P. 9th Cir. 2005) (citing

4    *Durkin v. Benedor Corp. (In re G.I. Industries)*, 204 F.3d 1276, 1282 (9th Cir. 2000)). "In exercising

5    that business judgment, the trustee or debtor in possession must demonstrate that assumption will

6    benefit the estate." *Id.* at *8-9. Section 365(d) authorizes a bankruptcy court to equitably provide

7    retroactive relief which relates back to the date of the filing of a motion to assume or reject an

8    executory contract. *Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392

9    F.2d 1064, 1072 (9th Cir. 2004).

10    If the Court is not inclined to grant a further extension of the time for the Trustee to assume

11    or reject executory contracts and unexpired leases, the assumption of the Escrow and Buyback

12    Agreements is likely in the best interest of the Estate. Under the Escrow and Buyback Agreements,

13    $1.5 million is being held pending the ultimate disposition of the State Court Action (which is still

14    ongoing) and subsequent litigation which will apportion the proportionate liability of the escrowed

15    funds to pay any judgments for which Debtor is ultimately judged liable. Under the Escrow

16    Agreement, Debtor may not have any detrimental obligations to perform, if the Escrow Agreement is

17    assumed. Moreover, if the Escrow Agreement is assumed, the over $1.5 million in escrowed funds

18    may continue to be made available as an available asset to Debtor. Risking the dissipation of this

19    asset by allowing the Escrow Agreement to be deemed rejected could potentially be extremely

20    harmful to the Estate. However, under the Buyback Agreement, Debtor (if it is a party) may have a

21    continuing obligation to indemnify and defend AIG. The Trustee believes that even if the Debtor

22    must defend and indemnify AIG against claims by other insurers, the overall recovery from the

23    escrowed funds of $1.5 million is a substantial asset which has net value for the Estate.

24    **4.    Conclusion**

25    The Trustee requests that this Court enter an order:

26    (1) Granting this motion in its entirety;

27    / / /

28    / / /

(2) Extending the deadline to assume or reject executory contracts and unexpired leases by approximately 100 days through and including March 16, 2020, or any other time period which the court considers reasonable and proper; and

(3) Granting to the trustee such other and further relief as the court may deem just and proper;

Or, in the alternative:

(1) To the extent that the court denies extension of the 11 U.S.C. § 365(d)(1) deadline, approving assumption of the escrow agreement effective as of the petition date;

(2) Authorizing trustee to take any and all steps necessary to fully perform debtor's outstanding obligations under the escrow agreement, including negotiating with the other parties to the escrow agreement to provide instructions to CNB for the orderly distribution of escrowed funds; and

(3) Granting to the Trustee such other and further relief as the Court may deem just and proper.

Dated: October 28, 2019                 MARSHACK HAYS LLP

                                         By: */s/ Kristine A. Thagard*
                                             D. EDWARD HAYS
                                             KRISTINE A. THAGARD
                                             Attorneys for Chapter 7 Trustee,
                                             RICHARD A. MARSHACK

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      I am the duly appointed Chapter 7 trustee in the Chapter 7 case of Friendly Village GP, LLC ("Debtor").

4.      I have personal knowledge of some of the terms set forth in this Declaration, and if called upon to do so, I could and would competently testify to these facts, as to other matters I have knowledge based on information and belief.

5.      I make this Declaration in support of my motion for order to further extend the deadline to assume or reject executory contracts or, in the alternative, to assume the escrow and buyback agreements defined below ("Motion").

6.      All terms not defined herein are used as they are defined in the Motion. On October 21, 2018, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

7.      On November 4, 2018, as Dk. No. 24, the Debtor filed its Schedules ("Schedules").

8.      The Debtor is the general partner of Friendly Village MHP Associates, L.P., the owner of a mobile home park located at 5450 North Paramount Blvd., Long Beach, California 90805 ("Property").

9.      Debtor is owned by the family trusts of the two principals of Debtor, Mr. Michael Scott and Mr. Lee Kort.

10.     The bankruptcy case was precipitated by ongoing state court litigation commenced on August 13, 2015, by tenants of FVLP in the Superior Court of the State of California, County of Los Angeles, entitled *Celestino Acosta, an individual, et al., v. City of Long Beach, a municipality; Friendly Village Mobile Associates L.P., D.B.A. Friendly Village of Long Beach, a California Limited Liability Company; Friendly Village MHP Associates L.P.,*

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

1  *D.B.A. Friendly Village of Long Beach, a California Limited Liability Company; Friendly*

2  *Village, GP, LLC, a California Limited Liability Company; Sierra Corporate Management, Inc.;*

3  *Kort and Scott Financial Group LLC; and Does 1-100*, assigned as Case No. BC591412 ("State

4  Court Action").

5       11.     On the Petition Date, the State Court Action was in the midst of a multi-week jury

6  trial.

7       12.     On October 22, 2018, I filed a motion for relief from the automatic stay as Dk.

8  No. 10 ("RFS Motion"), to allow the underlying State Court Action to continue trial to liquidate

9  all of the Plaintiffs' claims at trial in the State Court Action versus a contested claim objection

10  process in the bankruptcy. On October 25, 2018, as Dk. No. 20, the Court entered an order

11  granting the RFS Motion ("RFS Order").

12       13.     A judgment was entered in Phase 1 of the State Court Action. Specifically, the

13  jury awarded approximately $5.5 million in actual damages against the Debtor, and

14  $3,440,212.00 in punitive damages against the Debtor.

15       14.     The jury also awarded $3,440,212.00 in punitive damages against FVLP,

16  $8,600,530.00 in punitive damages against Sierra Corporate Management, Inc., and

17  $18,921,166.00 in punitive damages against Kort & Scott Financial Group, LLC. Currently,

18  appeals to the judgment have been filed by all defendants in the State Court Action.

19       15.     Prior to the Petition Date, on May 24, 2018, the Debtor, FVLP, Sierra Corporate

20  Management, and Kort & Scott Financial Group, LLC filed their first amended complaint for

21  declaratory relief in a separate state court action in the Superior Court of the State of California,

22  County of Los Angeles, entitled *Friendly Village Mobile Associates LP, d/b/a Friendly Village*

23  *of Long Beach, a California limited partnership; Sierra Corporate Management, Inc., a*

24  *California corporation; Friendly Village MHP Associates, L.P., d/b/a Friendly Village of Long*

25  *Beach, a California limited partnership; Friendly Village GP, LLC, a California limited liability*

26  *company; Kort & Scott Financial Group, LLC, a California limited liability company, v.*

27  *American Reliable Insurance Company, an Arizona corporation; Wesco Insurance Company, a*

28  *Delaware corporation; Gotham Insurance Company, a New York corporation; National Union*

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

1  *Fire Insurance Company of Pittsburgh, PA., a Pennsylvania corporation, and Does 1-100,*

2  *inclusive*, assigned as Case No. BC 702267 ("Insurance Coverage Complaint").

3        16.     On August 13, 2018, Gotham filed a cross-complaint against the Debtor

4  ("Gotham Cross-Complaint"). On the same day, National Union filed a cross-complaint against

5  the Debtor ("National Union Cross-Complaint").

6        17.     On August 20, 2018, Interstate filed a cross-complaint against the Debtor

7  ("Interstate Cross-Complaint," collectively with the Gotham Cross-Complaint and National

8  Union Cross-Complaint referred to as the "Carrier Cross-Complaints;" the Carrier Cross-

9  Complaints, collectively with Insurance Coverage Complaint referred to as the "Insurance

10  Carrier Litigation").

11        *18.*     On March 5, 2019, as Dk. No. 68, I filed a stipulation for relief from the

12  automatic stay in order to allow the Insurance Carrier Litigation to proceed.

13        *19.*     On March 6, 2019, as Dk. No. 69, the Court entered an order approving the

14  stipulation and allowing the Insurance Carrier Litigation to proceed.

15        20.     On December 19, 2018, as Dk. No. 36, I filed a motion for an order extending the

16  time to assume or reject as executory contracts and unexpired leases or, in the alternative,

17  authorizing me to assume the Escrow and Buyback Agreements ("Extend Motion"). On January

18  25, 2019, as Dk. No. 52, the Court entered an order granting the Extend Motion, extending the

19  deadline to assume or reject executory contracts to June 18, 2019 ("Extend Order").

20        21.     On May 30, 2019, as Dk. No. 80, I filed a second motion for an order extending the

21  time to assume or reject as executory contracts and unexpired leases or, in the alternative,

22  authorizing the Trustee to assume the Escrow and Buyback Agreements ("Second Extend

23  Motion"). On June 25, 2019, as Dk. No. 86, the Court entered an order granting the Extend Motion,

24  extending the deadline to assume or reject executory contracts to August 31, 2019 ("Second Extend

25  Order"). A true and correct copy of the Second Extend Order is attached as Exhibit "3."

26        22.     On August 1, 2019, as Dk. No. 96, I filed a third motion for an order extending

27  the time to assume or reject as executory contracts and unexpired leases or, in the alternative,

28  authorizing the Trustee to assume the Escrow and Buyback Agreements ("Third Extend

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

1  Motion"). On September 9, 2019, as Dk. No. 108, the Court entered an order granting the Extend

2  Motion, extending the deadline to assume or reject executory contracts to December 6, 2019

3  ("Third Extend Order"). A true and correct copy of the Third Extend Order is attached as

4  Exhibit "1."

5      23.     I am informed that Daniel C. Fischer, and Michael Mowrey, on behalf of Friendly

6  Village Mobile Associates LP[3] ("FV1"), ostensibly entered into an agreement ("Escrow

7  Agreement") with City National Bank ("CNB"), and Debtor, whereby certain payments made by

8  or on behalf of JDi Data Corporation and AIG Specialty Insurance Company would be placed

9  into an escrow account, and subject to the control of an escrow agent. A true and correct copy of

10  the Escrow Agreement is attached as Exhibit "2."

11      24.     Sometime later, I am informed that FV1 entered into a policy buyback and release

12  agreement with Debtor and AIG Specialty Insurance Company ("AIG") ("Buyback

13  Agreement"). A true and correct copy of the Buyback Agreement is attached as Exhibit "3."

14      25.     I am informed that while the named parties to the Buyback Agreement are Daniel

15  C. Fischer, in his capacity as a former partner of Friendly Village Mobile Associates LP

16  (previously defined as "FV1"), a dissolved limited partnership; Michael Mowrey, in his capacity

17  as a former partner of FV1; Walter E. Novick, in his capacity as a former partner of FV1, and ***the***

18  ***Debtor***, for some reason Lee M. Kort (a partner of Debtor, but not of FV1) executed the Buyback

19  Agreement on behalf of FV1.

20      26.     To the extent that the Buyback Agreement is effective notwithstanding the

21  signature defects, I believe that assumption of the Buyback Agreement might be in the best

22  interest of the Estate.

23      27.     All of my efforts in this case have been to preserve the value of the Property, in

24  order to maximize the value of the Estate for the benefit of creditors.

25  / / /

26  / / /

27

28

---

[3] NOT the same entity as Friendly Village MHP Associates, L.P. – FV1 sold the mobile home park to Friendly Village
MHP Associates, L.P.

28.     I am marketing and have received multiple offers and counteroffers which may require me to document the sale of the Property. I anticipate filing a motion to sell the Property within the next few weeks for hearing in December.

29.     Because the assumption or rejection of executory contracts and unexpired leases may have a significant impact on the value of bids for the Property, it is in the best interest of the Estate, and will maximize the Estate's value, if the Estate retains the option to assume or reject all remaining executory contracts.

30.     The Estate's executory contracts and unexpired leases are perhaps the primary asset of the Estate – the Policies provide tens of millions of dollars of potential liability coverage, which will be a significant source of recovery in the State Court Action, and the unexpired leases on the Property are the Estate's primary source of revenue, and most valuable, marketable asset. The Buyback Agreement also has the potential to provide funds to the Estate.

31.     Additionally, there is complicated, multifaceted litigation which will significantly affect the Debtor and the calculus regarding the decision of whether to assume or reject a particular executory contract. I have reached a settlement regarding the Insurance Carrier Litigation and anticipate filing a motion to approve that compromise within the next few weeks.

32.     If the Court is not inclined to grant a further extension of the time for me to assume or reject executory contracts and unexpired leases (which is the best option for the Estate), the assumption of the Escrow and Buyback Agreements is likely in the best interest of the Estate (if the Estate is a party).

33.     Under the Escrow and Buyback Agreements, $1.5 million is being held pending the ultimate disposition of the State Court Action, (which is still ongoing) and subsequent litigation which will apportion the proportionate liability of the escrowed funds to pay any judgments for which Debtor is ultimately judged liable.

34.     Under the Escrow Agreement, Debtor may not have any detrimental obligations to perform, if the Escrow Agreement is assumed.

35.     Moreover, if the Escrow Agreement is assumed, the over $1.5 million in escrowed funds may continue to be made available as an available asset to Debtor.

36.     Risking the dissipation of this asset by allowing the Escrow Agreement to be deemed rejected could potentially be extremely harmful to the Estate.

37.     However, under the Buyback Agreement, Debtor may have a continuing obligation to indemnify and defend AIG.

38.     I believe that even if the Debtor must defend and indemnify AIG against claims by other insurers, the overall recovery from the escrowed funds of $1.5 million is a substantial asset which has net value for the Estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2019.

_____
RICHARD A. MARSHACK

MOTION TO EXTEND ASSUMPTION/REJECTION DEADLINE THE ESCROW AND BUYBACK AGREEMENTS
4837-3096-9510, v. 2

Exhibit "1"

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  KRISTINE A. THAGARD, #094401
   kthagard@marshackhays.com
3  TINHO MANG, #322146
   tmang@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, California 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK

8

9              UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11  In re                              Case No. 8:18-bk-13864-ES

12  FRIENDLY VILLAGE GP, LLC,          Chapter 7

13              Debtor.                ORDER GRANTING CHAPTER 7
                                       TRUSTEE'S MOTION FOR
14                                     ORDER: FURTHER EXTENDING THE
                                       TIME TO ASSUME OR REJECT
15                                     EXECUTORY CONTRACTS OR,
                                       ALTERNATIVELY, FOR ORDER
16                                     AUTHORIZING THE TRUSTEE TO
                                       ASSUME ESCROW AND BUYBACK
17                                     AGREEMENT PURSUANT TO 11 U.S.C.
                                       § 365(A)
18
                                       [MOTION - DOCKET NO. 96]
19
                                       Date:    September 5, 2019
20                                     Time:    10:30 a.m.
                                       Ctrm:  5A
21

22

23          The motion for order further extending the deadline to assume certain unexpired leases and

24  executory contracts together with any and all related agreements or, in the alternative, if the Court

25  will not extend the time to assume or reject executory contracts and unexpired leases, authorizing the

26  Trustee to assume escrow and buyback agreement ("Motion"),[1] filed by Richard A. Marshack,

27  Chapter 7 Trustee ("Trustee") as Docket No. 96, came on for hearing on September 5, 2019, at 10:30

28

---
[1] All terms not defined in this order shall have the meaning ascribed to them in the Motion

1

4841-9649-7060, v. 1

FILED & ENTERED

SEP 09 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte    DEPUTY CLERK

1  a.m., before the Honorable Erithe A. Smith, United States Bankruptcy Judge, presiding.

2  Appearances were noted on the record.

3      The Court has read and considered the Motion, has found that proper notice has been given,

4  and has found that no opposition to the Motion was filed. For the reasons set forth in the Motion, the

5  Court has found good cause to grant the Motion.

6      IT IS ORDERED:

7      1.    The Motion is granted in its entirety.

8      2.    The deadline to assume or reject executory contracts and unexpired leases is extended

9  from August 31, 2019, through and including December 6, 2019.

10     3.    The Escrow and Buyback Agreements have not been rejected or deemed rejected.

11                                    ###

23  Date: September 9, 2019

24                        Erithe Smith
25                        United States Bankruptcy Judge

28

2

4841-9649-7060, v. 1

Exhibit "1"
Page 19

Exhibit "2"

# GENERAL ESCROW AGREEMENT



This Escrow Agreement (the "Escrow Agreement") is entered into as of ___, by and between City National Bank, a national banking association (the "Escrow Agent"); Daniel C. Fischer, in his capacity as a former partner of Friendly Village Mobile Associates LP ("FV1"), a dissolved limited partnership; Michael Mowrey, in his capacity as a former partner of FV1; Walter E. Novick, in his capacity as a former partner of FV1; and Friendly Village GP, LLC ("FV2"), a limited liability company. Fischer, Mowrey, Novick and FV2 are individually referred to herein as a "Party" and collectively as Parties (the "Parties").

## ARTICLE I
### ESCROW FUNDS

1.1    <u>Establishment of Escrow</u>.  The Parties hereby desire to establish an escrow account (the "Escrow Account") for their benefit to serve as a repository for certain payments made collectively to the Parties in connection with the buyback of a certain insurance policy.  Those payments are anticipated to be as follows: (1) $12,500.10 paid by or on behalf of JDi Data Corporation; and (2) $1,513,675.37 paid by or on behalf of AIG Specialty Insurance Company.  The sum of such payments as paid into the Escrow Account shall be the "Escrow Funds."

1.2    <u>Separate Sub-Accounts of the Escrow Account</u>. The Parties may direct the Escrow Agent to establish one or more separate sub-accounts within the Escrow Account to hold such portions of the assets and Permitted Investments (as hereinafter defined) of the Escrow Funds as the Parties shall direct, along with the earnings and profits thereon.

## ARTICLE II
### THE ESCROW AGENT

2.1    <u>Scope of Powers, Duties and Obligations of the Escrow Agent</u>. Subject to the Parties' directions, the Escrow Agent has whatever powers are conferred by law and which are required to discharge its obligations and exercise its rights under this Escrow Agreement, including but not limited to the powers specified in the following Paragraphs of this Article, and the powers and authority granted to the Escrow Agent under other provisions of this Escrow Agreement. The Escrow Agent shall have no duties or obligations except those specifically set forth in this Escrow Agreement and those prescribed by law.

2.2    <u>Powers Exercisable by the Escrow Agent, Subject to this Agreement</u>. The Escrow Agent is authorized and empowered to exercise the following powers, subject to the limitations contained in this Agreement:

   2.2.1    To employ agents, including public accountants and legal counsel (which may be counsel for Parties), as it shall determine appropriate, and to pay their reasonable expenses and compensation from Escrow Funds;

   2.2.2    To rely on Parties to defend and litigate, or settle, at their expense, any third party suit brought against the Escrow Funds or any order sought to be satisfied out of the Escrow Funds, without duty on the Escrow Agent beyond forwarding related papers to Parties and complying with any final order to the extent of the Escrow Funds;

   2.2.3    To withhold from taking any action until it receives proper written notice of an occurrence of an event affecting the escrow arrangement under this Escrow Agreement;

   2.2.4    To treat as genuine, sufficient and correct, in form, execution and validity, and as the document it purports to be, and from the Party it purports to be from, any notice, instruction, letter, paper, telex or other document purported to be furnished to Escrow Agent by Parties and believed by Escrow Agent to be both genuine and to have been transmitted by the proper party or parties, and Escrow Agent shall have no liability with respect to any action taken or foregone by Escrow Agent in good faith in reliance on such document;

   2.2.5    To be fully released and discharged from any obligation to perform any further duties imposed upon it with respect to this Escrow Agreement and the Escrow Account following its resignation or removal and the appointment of a successor or the deposit of the Escrow Funds under Paragraph 8.2, below; and

   2.2.6    To be free from any liabilities or change in duties, other than as may be specifically described elsewhere herein, for the action or inaction of a Party to this Escrow Agreement, or any other party, or the occurrence or non-occurrence of an event outside of this Escrow Agreement.

**Exhibit "2"**
**Page 20**

## ARTICLE III
## HOLDING THE ESCROW FUNDS

3.1   Deposit Accounts. All Escrow Funds shall be deposited in a short-term interest-bearing account or accounts at FDIC-insured financial institutions (including the Escrow Agent).

3.2   Uninvested Cash. The Escrow Agent may only hold any or all of the Escrow Funds in cash, uninvested and nonproductive of income, and Escrow Agent shall not be required to pay interest on any cash so held uninvested (other than interest earned on deposit accounts in accounts at FDIC-insured financial institutions).

3.3   Escrow Agent Not Responsible. Any interest shall be added to and become part of the Escrow Funds.  The Escrow Agent shall not be liable for any loss incurred by any loss arising by error, failure, or delay in making of an investment or reinvestment of Escrow Funds (including as set forth in Section 3.1), and Escrow Agent assumes no responsibility for advising the Parties with respect to the investment or reinvestment of the Escrow Funds. The Escrow Agent shall as promptly as possible comply with any direction given by the Parties; provided, however, that the Escrow Agent shall have no duty to take any action which, in the Escrow Agent's opinion, would expose the Escrow Agent to liability unless and until the Parties indemnify the Escrow Agent to its satisfaction. The Escrow Agent shall neither be liable in any manner nor for any reason for any losses or other unfavorable investment results arising from its compliance with such direction, nor be liable for failing to invest any assets of the Escrow Fund in the absence of written investment directions regarding such assets.

3.4   Delegation of Responsibility and Authority for Investment of Escrow Fund. The Parties may by written resolution delegate its authority over the investments of the Escrow Fund to its designated representative ("Representative"), and Escrow Agent shall accept Representative's instructions to invest and reinvest the assets of all or any portion of the Escrow Fund. The Parties may revoke the delegation of any such investment responsibility and authority by written notice to the Escrow Agent, and Representative may relinquish such responsibility and authority by written notice to the Parties and Escrow Agent.

3.5   Shareholder Communications. The Parties direct the Escrow Agent not to disclose to any company requesting shareholder information the name and the address of the Parties or the share position of the securities of the inquiring company in the Escrow Fund.

## ARTICLE IV
## ESCROW AGENT NOTICES AND INSTRUCTIONS

4.1   Instructions; Notices. Except as hereafter provided, any directions, instructions or notices which the Parties or any other duly authorized person is required or permitted to give to the Escrow Agent under this Escrow Agreement (the "Instructions") shall be in writing and shall be deemed effective upon receipt by the Escrow Agent.  The Escrow Agent shall be provided with specimen signatures of the authorized representatives of the Parties. The Escrow Agent shall be entitled to rely in good faith upon any Instructions signed by any authorized representative of the Parties, and shall incur no liability for following such directions. Any written notices, affidavits or other communications hereunder shall be deemed to have been duly given if delivered or mailed first class, certified mail, postage prepaid, addressed as follows:

City National Bank, a national association

Wealth Management Services – Custody #715-01

Attn: Michele Katz, Vice President

555 South Flower, 10th Floor

Los Angeles, CA 90071

Tel: (213) 673-8852

Fax: (213) 673-2807

| | |
|---|---|
| Signer's name: | Daniel C. Fischer |
| Signer's address: | 14751 Plaza Drive, Suite H, Tustin, CA 92780 |
| Signer's telephone number: | (949) 654-8810 |
| Signer's fax number: | |
| Signer's name: | Michael Mowrey |
| Signer's address: | 180 E. Main Street #105, Tustin, CA 92780 |
| Signer's telephone number: | (714) 754-1836 |

| | |
|---|---|
| Signer's fax number: | (714) 754-1856 |
| Signer's name: | Walter E. Novick |
| Signer's address: | 7942 Avenida Kirjah, La Jolla, CA 92037 |
| Signer's telephone number: | (858) 866-6799 |
| Signer's fax number: | |
| Signer's name: | Lee Kort |
| Signer's address: | 320 N. Park Vista Street, Anaheim, CA 92806 |
| Signer's telephone number: | (714) 575-5130 |
| Signer's fax number: | (714) 575-5139 |
| Signer's name: | Michael Scott |
| Signer's address: | 320 N. Park Vista Street, Anaheim, CA 92806 |
| Signer's telephone number: | (714) 575-5130 |
| Signer's fax number: | (714) 575-5139 |

4.2    Email/Photostatic Teletransmission. The transmission of the Instructions by electronic transmission (email) as attributed to an authorized person or photostatic teletransmission with duplicate or facsimile signatures shall be an authorized method of communication and shall be considered in writing until the Parties notify the Escrow Agent to the contrary.

4.3    Electronic Affirmation. Notwithstanding any other provision of this Article IV, the Escrow Agent may settle securities trades effected by the Parties through a securities depository that utilizes an institutional delivery system, in which event the Escrow Agent may deliver or receive securities in accordance with appropriate trade reports or statements given to the Escrow Agent by such depository without having received direct communications or instructions from the Parties.

4.4    Additional Instructions. In any matter under this Escrow Agreement in which the Escrow Agent is permitted or required to act upon Instructions, the Escrow Agent, where it deems necessary, may request further Instructions from the person or entity giving the original instructions, or from the Parties, as the case may be, and may defer any and all action pending receipt thereof.

## ARTICLE V
## COMPENSATION AND EXPENSES OF THE ESCROW AGENT

5.1    Compensation and Expenses. Escrow Agent's fees will be as set forth on the fee schedule attached hereto, plus actual expenses incurred in performing its duties hereunder, and Escrow Agent is hereby granted a lien on the Escrow Funds for such amounts. Any setup fee will be payable from the Escrow Funds. In addition, Escrow Agent will receive its usual sweep fee for any Escrow Funds, which are invested in a sweep vehicle selected by the Parties. Unless other payment arrangements are set forth herein or are agreed to by Escrow Agent in writing, Escrow Agent may disburse from the Escrow Funds sufficient funds to pay its compensation and expenses. If at any time cash is not available in the Escrow Funds to pay the Escrow Agent's compensation and expenses, the Escrow Agent may bill Parties for such amounts and the Parties agree, jointly and severally, to pay such bill upon demand.

## ARTICLE VI
## RECORDS AND ACCOUNTS

6.1    Accurate Records and Accounts. The Escrow Agent shall keep accurate records and accounts with respect to all cash and other assets held by it in the Escrow Funds, and all receipts and disbursements and other transactions involving such cash, securities and other assets. The Parties shall have access to all such accounts, books and records at all reasonable times. All such accounts, books and records shall be open for inspection and audit at all reasonable times by the Parties or by any person or persons duly authorized by the Parties.

6.2    Periodic Reports. The Escrow Agent shall furnish the Parties and any third party with such periodic reports, as the Parties and the Escrow Agent shall mutually agree, setting forth all receipts, disbursements and transactions

effected by the Escrow Agent.

6.3     Principal and Income. Except as otherwise specifically provided in this Escrow Agreement, the determination of all matters with respect to what is principal or income of the Escrow Funds and the apportionment and allocation of receipts and disbursements between these accounts (if any), shall be governed by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. Any such matter not provided for herein or in the California Revised Uniform Principal and Income Act shall be determined by the Escrow Agent in the Escrow Agent's discretion.

6.4     Income Tax Reporting. Parties assume all duties to file any and all tax reports and returns, except as noted below, as well as full responsibility for the payment of all taxes assessed on or with respect to any funds or Permitted Investments held in the Escrow Account and all taxes due on the income collected for Parties on any and all transactions with respect to any funds or Permitted Investments held in the Escrow Account. For purposes of IRS form 1099, which Escrow Agent may be required to prepare and file, all reportable income shall be reported to the IRS as being attributable to Parties.

## ARTICLE VII
## DISTRIBUTION OF ESCROW FUNDS

7.1     Conditions for Distribution.  The Escrow Funds may not be distributed from the Escrow Account unless and until all the following have occurred:

a.      All fees, compensation and expenses as described in paragraph 5.1 above have been disbursed to the Escrow Agent from the Escrow Funds, with the funds remaining in the Escrow Account after said disbursement herein referred to the "Remaining Escrow Funds";

b.      The Parties reach unanimous agreement among themselves as to the distribution of the Remaining Escrow Funds from the Escrow Account;

c.      The Parties reach unanimous agreement among themselves  as to the character of the Escrow Funds for tax purposes; and

d.      The Parties jointly give to the Escrow Agent notice of their agreement with respect to the matters in subparagraphs b. and c. above and instructions that the Escrow Agent distribute the Remaining Escrow Funds according to said agreement.

7.2     Authorization to Distribute.  Upon receipt of the notice and instructions as described in paragraph 7.1, subparagraph a., the Escrow Agent will be authorized to and shall distribute the Remaining Escrow Funds in the manner as instructed by the Parties.

7.3     Cancellation. In any event, this Escrow Agreement shall terminate five (5) years from the date of this Agreement and all assets then remaining, less any fees and out-of-pocket expenses due the Escrow Agent, shall be distributed pursuant to the joint written instructions of the Parties, or if none so received by such cancellation date, the Escrow Agent shall be authorized to interplead the Escrow Funds, less any fees and out-of-pocket expenses due the Escrow Agent, into a court of competent jurisdiction in the county in which the Escrow Funds have been deposited, and upon the filing of such interpleader action, the Escrow Agent shall be relieved of all liability as to the Escrow Funds and shall be entitled to recover attorneys' fees, expenses and other costs incurred (or allocable to its in-house counsel) in commencing and maintaining any such interpleader action, the amount thereof to be fixed and a judgment thereof to be rendered by the court in such suit.  The Escrow Agent shall be entitled to act on any such agreement, court order, or arbitration decision without further question, inquiry, or consent.

## ARTICLE VIII
## RESIGNATION AND REMOVAL OF THE ESCROW AGENT

8.1     Resignation and Removal. The Escrow Agent may resign at any time upon thirty- (30)-days' written notice to the Parties, unless a shorter period is acceptable to the Parties. The Parties may at any time remove the Escrow Agent upon thirty- (30)-days' written notice to the Escrow Agent, unless a shorter period is acceptable to the Escrow Agent.

8.2     Appointment of Successor. In the event of the removal or resignation of the Escrow Agent, the Parties shall appoint a successor which, upon its acceptance in writing of such appointment delivered to the Parties and the former Escrow Agent, shall be vested with all the rights, powers and duties of the Escrow Agent under this Escrow Agreement, and upon compliance with the terms of this Article VIII, the retiring Escrow Agent shall be released and discharged from liability that may be incurred for actions or inactions taken from the date of

Exhibit "2"
Page 23

appointment of the successor forward with respect to the Escrow Agreement and Escrow Account. The retiring Escrow Agent shall transfer, assign and deliver to its successor all of the funds and Permitted Investments then held by it in the Escrow Account under this Escrow Agreement, except such reasonable compensation and expenses in connection with the settlement of accounts and the delivery of the assets to the successor Escrow Agent, which the retiring Escrow Agent will be entitled to charge to the Escrow Account. After settlement of the retiring Escrow Agent's final accounting, the retiring Escrow Agent shall also transfer to the successor Escrow Agent true copies of its records as they relate to the Escrow Funds, as may be requested by the successor Escrow Agent. The successor Escrow Agent shall not be liable or responsible for anything done or omitted in the administration of the Escrow Funds pursuant to this Escrow Agreement prior to the date it shall have become Escrow Agent, nor to audit or otherwise inquire into or take any action concerning the acts of any retiring Escrow Agent. If the parties fail to appoint a successor Escrow Agent within thirty (30) days after removal or resignation of the Escrow Agent, the Escrow Agent is authorized to interplead the Escrow Funds, less any fees and out-of-pocket expenses due the Escrow Agent, into a court of competent jurisdiction in the county in which the Escrow Funds have been deposited, and upon the filing of such interpleader action, the Escrow Agent shall be relieved of all liability as to the Escrow Funds and shall be entitled to recover attorneys' fees, expenses and other costs incurred (or allocable to its in-house counsel) in commencing and maintaining any such interpleader action, the amount thereof to be fixed and a judgment thereof to be rendered by the court in such sui. The Escrow Agent shall be entitled to act on any such agreement, court order, or arbitration decision without further question, inquiry, or consent.

8.3    Final Periodic Report. Within thirty (30) days after the transfer of the assets of the Escrow Funds to the successor Escrow Agent, unless a different period is mutually agreed to, the Escrow Agent shall file with the Parties a final periodic report, covering the period since the close of the last periodic report.

8.4    Deemed Acceptance. In the absence of any exception thereto filed in writing with the Escrow Agent within ninety (90) days after the date of filing with the Parties, any periodic report filed with the Parties shall constitute a final periodic report by and, except for items of fraud, gross negligence or willful misconduct, discharge of the Escrow Agent from all claims and liabilities with respect to the acts and transactions as shown in such report, and shall be binding and conclusive upon all persons.

## ARTICLE IX
## AMENDMENT AND TERMINATION

9.1    Amendment. This Escrow Agreement may be modified at any time by writing signed by the Escrow Agent and the Parties.

9.2    Termination. This Escrow Agreement may be terminated at any time upon two (2) Business Days' written notice delivered by the Parties to the Escrow Agent; provided, however, that this Escrow Agreement shall continue thereafter for such period as may be necessary for the complete divestiture of all cash, securities, and other instruments held hereunder by the Escrow Agent, but solely to the extent necessary to effect such complete divestiture, and not inconsistent with paragraph 7.1 above or any further written instructions of the Parties. Upon such termination, all assets remaining in the Escrow Account after payment of all expenses properly chargeable thereto shall be paid or distributed in accordance with paragraph 7.1 above or any further written instructions of the Parties.

9.3    Final Periodic Report. Within sixty (60) days after the termination of this Escrow Agreement, unless a different period is mutually agreed to, the Escrow Agent shall file with the Parties a final periodic report, covering the period starting with the close of the last periodic report and ending on the date of termination.

9.4    Deemed Acceptance. In the absence of any exception thereto filed in writing with the Escrow Agent within ninety (90) days after the date of filing with the Parties, any periodic report filed with the Parties shall constitute a final periodic report by and, except for items of fraud, gross negligence or willful misconduct, discharge of the Escrow Agent from all claims and liabilities with respect to the acts and transactions as shown in such report, and shall be binding and conclusive upon all persons.

## ARTICLE X
## LIMITATION ON LIABILITY

10.1    Liability of Escrow Agent. In performing any duties under this Escrow Agreement, Escrow Agent shall not be liable for any damages, losses, or expenses, except for gross negligence, fraud, or willful misconduct on the part of the Escrow Agent. Escrow Agent shall not incur any liability for: (a) any act or failure to act made or omitted in good faith, or (b) any action taken or omitted in reliance upon any instrument, including any written statement or

affidavit provided for in this Escrow Agreement that the Escrow Agent shall in good faith believe to be genuine, nor will the Escrow Agent be liable or responsible for forgeries, fraud, impersonations, or determining and verifying the scope of any representative authority of or on behalf of a Party, or any person acting or purporting to act on behalf of any Party to this Escrow Agreement.

10.2   Indemnification by Parties. Parties further agree to pay on demand, and to indemnify and hold Escrow Agent harmless from and against, all costs, damages, judgments, attorneys' fees, expenses, obligations, and liabilities of any kind or nature which, in good faith, Escrow Agent may incur or sustain in connection with or arising out of or in any way related to the Escrow Agreement or the Escrow Account, but not those which arise out of any fraud, gross negligence or willful misconduct of the Escrow Agent, and Escrow Agent is hereby given a lien upon all the rights, titles and interests of the Parties in the Escrow Funds, to protect Escrow Agent's rights and to indemnify and reimburse Escrow Agent under this Escrow Agreement.

10.3   Force Majeure. The Escrow Agent shall not be liable for any delay or failure to act as may be required hereunder when such delay or failure is due to fire, earthquake, any act of God, interruption or suspension of any communication or wire facilities or services, war, emergency conditions or other circumstances beyond its control, provided it exercises such diligence as the circumstances may reasonably require.

10.4   Scope. The Escrow Agent shall have no duties or obligations hereunder except those specifically set forth herein and such duties and obligations shall be determined solely by the express provisions of this Escrow Agreement.

10.5   Controversies.

10.5.1   Upon receipt of conflicting demands or notices relating to this Escrow Agreement or the Escrow Account, Escrow Agent may, at its election, without liability to Parties, do either or both of the following:

10.5.1.1   Withhold and stop all further proceedings in, and performance of, this Escrow Agreement, until such conflict is resolved to Escrow Agent's satisfaction;

10.5.1.2   File a suit in interpleader and obtain an order from the court requiring the Parties to litigate their several claims and rights among themselves, in which case, Escrow Agent shall be fully released and discharged from any obligation to perform any further duties imposed upon it with respect to this Escrow Agreement, and the Parties shall pay Escrow Agent all costs, expenses and reasonable attorney fees expended or incurred by it, the amount thereof to be fixed and a judgment thereof to be rendered by the court in such suit.

10.5.2   Any dispute arising out of or relating to this Escrow Agreement, including a breach of this Escrow Agreement, will be decided by reference under California Code of Civil Procedure 638 and related sections. A referee, either an active attorney or retired judge, will be selected according to the procedures of the American Arbitration Association and then appointed by the court in which the action regarding the dispute or controversy originated. The dispute will be submitted to the referee for determination in place of a trial before a judge and jury.

10.6   Legal Counsel. The Escrow Agent may consult with, and obtain advice from, legal counsel of its own selection as to the construction of any of the provisions of this Escrow Agreement or the Escrow Agent's obligations and duties, and shall incur no liability in acting in good faith in accordance with the reasonable advice and opinion of such counsel.

## ARTICLE XI
## MISCELLANEOUS

11.1   Governing Law. This Escrow Agreement shall be governed, construed, regulated and administered under the laws of the State of California.

11.2   Invalid Provisions. It is not the intention of any party to this Escrow Agreement to violate any statute, regulation, ruling, judicial decision, or other legal provision applicable to this Escrow Agreement or the performance thereof. If any term of this Escrow Agreement, or any act or omission in the performance thereof, is or becomes violative of any such provision, such term, act or omission shall be of no force or effect and any such term shall be severed from this Escrow Agreement. Any such invalid term, act or omission shall not affect the validity of any other term of this Escrow Agreement that is otherwise valid, nor the validity of any otherwise valid act or omission in the performance thereof, unless such invalidity prevents accomplishment of the objectives and purposes of this Escrow Agreement. In the event any such term, act or omission is determined to be illegal or otherwise invalid, the necessary steps to remedy such illegality or invalidity shall be taken immediately by the parties.

11.3   Counterparts. This Escrow Agreement may be executed in several counterparts, each of which shall be deemed an original, and said counterparts shall constitute but one and the same instrument, which may be sufficiently evidenced by any one counterpart.

11.4 <u>Successors and Assigns</u>. This Escrow Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their successors and assigns, except as is expressly provided to the contrary herein.

11.5 <u>Important Information About Procedures for Opening a New Account</u>. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for the Parties: Upon opening an account, Escrow Agent, as applicable, will ask the Parties' names, addresses, dates of birth, and other information that will allow Escrow Agent to identify the Parties or any Representative. Escrow Agent may also ask to see the Parties' or Representatives' driver's licenses, if applicable, or other identifying documents.

11.6 <u>Notice of Transfer of Unclaimed Property</u>. Please take notice that funds or Permitted Investments that the Parties maintain in the Escrow Account may be transferred to the State of California or other appropriate state if no activity originated by a Party occurs in the Escrow Account or no Party makes a claim to the funds or Permitted Investments within the time period specified by the applicable state unclaimed property law.

IN WITNESS WHEREOF, the Parties hereto have executed this Escrow Agreement, or caused the same to be executed by their respective duly authorized officers, on the dates set forth below.

Date: _8-11-18_

INDIVIDUAL: Daniel C. Fischer, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____

Its: _____

Date: _____

INDIVIDUAL: Michael Mowrey, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____

Its: _____

Date: _____

INDIVIDUAL: Walter E. Novick, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____

Its: _____

Date: _____

COMPANY: Lee M. Kort, as Authorized Agent for Friendly Village GP, LLC

By: _____

Its: _____

Date: _____

COMPANY: Michael H. Scott, as Authorized Agent for Friendly Village GP, LLC

By: _____

Its: _____

Date: _____

ESCROW AGENT: City National Bank, a national banking association

By: _____

Its: _____ Vice President

ESCROW ACCOUNT #: _ESC 18884_

**Exhibit "2"**
**Page 26**

11.4    Successors and Assigns. This Escrow Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their successors and assigns, except as is expressly provided to the contrary herein.

11.5    Important Information About Procedures for Opening a New Account. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for the Parties: Upon opening an account, Escrow Agent, as applicable, will ask the Parties' names, addresses, dates of birth, and other information that will allow Escrow Agent to identify the Parties or any Representative. Escrow Agent may also ask to see the Parties' or Representatives' driver's licenses, if applicable, or other identifying documents.

11.6    Notice of Transfer of Unclaimed Property. Please take notice that funds or Permitted Investments that the Parties maintain in the Escrow Account may be transferred to the State of California or other appropriate state if no activity originated by a Party occurs in the Escrow Account or no Party makes a claim to the funds or Permitted Investments within the time period specified by the applicable state unclaimed property law.

IN WITNESS WHEREOF, the Parties hereto have executed this Escrow Agreement, or caused the same to be executed by their respective duly authorized officers, on the dates set forth below.

Date: _____    INDIVIDUAL:    Daniel C. Fischer, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: 8/14/18    INDIVIDUAL:    Michael Mowrey, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: _____    INDIVIDUAL:    Walter E. Novick, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: _____    COMPANY:    Lee M. Kort, as Authorized Agent for Friendly Village GP, LLC

By: _____
Its: _____

Date: _____    COMPANY:    Michael H. Scott, as Authorized Agent for Friendly Village GP, LLC

By: _____
Its: _____

Date: _____    ESCROW AGENT: City National Bank, a national banking association

By: _____
Its: _____    Vice President

ESCROW ACCOUNT #: ESC18884

ID TR-1053 (Rev 10/2016)    Page 7 of 8    (715)
212356.1

11.4    <u>Successors and Assigns</u>. This Escrow Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their successors and assigns, except as is expressly provided to the contrary herein.

11.5    <u>Important Information About Procedures for Opening a New Account</u>. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for the Parties: Upon opening an account, Escrow Agent, as applicable, will ask the Parties' names, addresses, dates of birth, and other information that will allow Escrow Agent to identify the Parties or any Representative. Escrow Agent may also ask to see the Parties' or Representatives' driver's licenses, if applicable, or other identifying documents.

11.6    <u>Notice of Transfer of Unclaimed Property</u>. Please take notice that funds or Permitted Investments that the Parties maintain in the Escrow Account may be transferred to the State of California or other appropriate state if no activity originated by a Party occurs in the Escrow Account or no Party makes a claim to the funds or Permitted Investments within the time period specified by the applicable state unclaimed property law.

IN WITNESS WHEREOF, the Parties hereto have executed this Escrow Agreement, or caused the same to be executed by their respective duly authorized officers, on the dates set forth below.

Date: _____    INDIVIDUAL:    Daniel C. Fischer, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

    By: _____
    Its: _____

Date: _____    INDIVIDUAL:    Michael Mowrey, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

    By: _____
    Its: _____

Date: 8-14-18    INDIVIDUAL:    Walter E. Novick, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

    By: _Walter E. Novick / Walter E. Novick_
    Its: _____

Date: _____    COMPANY:    Lee M. Kort, as Authorized Agent for Friendly Village GP, LLC

    By: _____
    Its: _____

Date: _____    COMPANY:    Michael H. Scott, as Authorized Agent for Friendly Village GP, LLC

    By: _____
    Its: _____

Date: _____    ESCROW AGENT: City National Bank, a national banking association

    By: _____
    Its: _Vice President_

ESCROW ACCOUNT #: _ESC18884_

ID TR-1053 (Rev 10/2016)    Page 7 of 8    (715)
212356.1

11.4  Successors and Assigns. This Escrow Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their successors and assigns, except as is expressly provided to the contrary herein.

11.5  Important Information About Procedures for Opening a New Account. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for the Parties: Upon opening an account, Escrow Agent, as applicable, will ask the Parties' names, addresses, dates of birth, and other information that will allow Escrow Agent to identify the Parties or any Representative. Escrow Agent may also ask to see the Parties' or Representatives' driver's licenses, if applicable, or other identifying documents.

11.6  Notice of Transfer of Unclaimed Property. Please take notice that funds or Permitted Investments that the Parties maintain in the Escrow Account may be transferred to the State of California or other appropriate state if no activity originated by a Party occurs in the Escrow Account or no Party makes a claim to the funds or Permitted Investments within the time period specified by the applicable state unclaimed property law.

IN WITNESS WHEREOF, the Parties hereto have executed this Escrow Agreement, or caused the same to be executed by their respective duly authorized officers, on the dates set forth below.

Date: _____   INDIVIDUAL:   Daniel C. Fischer, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: _____   INDIVIDUAL:   Michael Mowrey, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: _____   INDIVIDUAL:   Walter E. Novick, in his capacity as former partner of Friendly Village Mobile Associates LP, a dissolved limited partnership

By: _____
Its: _____

Date: 8/14/2018   COMPANY:   Lee M. Kort, as Authorized Agent for Friendly Village GP, LLC

By: _____
Its: Manager

Date: 8/14/2018   COMPANY:   Michael H. Scott, as Authorized Agent for Friendly Village GP, LLC

By: _____
Its: Manager

Date: _____   ESCROW AGENT: City National Bank, a national banking association

By: _____
Its: Vice President

ESCROW ACCOUNT #: ESC 18884

ID TR-1053 (Rev 10/2016)
212356.1

Page 7 of 8

(715)

Exhibit "2"
Page 29

Exhibit "3"

<u>**POLICY BUYBACK AND RELEASE AGREEMENT**</u>

     This Policy Buyback and Release Agreement (the "Agreement") between and among Friendly Village Mobile Associates LP ("FV1") and Friendly Village GP, LLC ("FV2"), on the one hand, and AIG Specialty Insurance Company ("AIG Specialty"), f.k.a. Chartis Specialty Insurance Company, on the other hand, is effective as of the date it becomes fully executed (the "Effective Date").  FV1, FV2 and AIG Specialty may be collectively referred to as the "Parties" or individually as a "Party."

<u>**RECITALS**</u>

     **WHEREAS**, FV1 previously owned, operated and/or managed the mobile home park known as Friendly Village of Long Beach, located at 5450 North Paramount Boulevard, Long Beach, California 90805 (the "Park");

     **WHEREAS**, FV2 currently owns, operates and/or manages the Park;

     **WHEREAS**, AIG Specialty, f.k.a. Chartis Specialty Insurance Company, issued to sole named insured FV1, under the name "Friendly Village Mobile Home Associates, LP," the Pollution Legal Liability Select Policy No. PLS 24264909 for the policy period from July 6, 2010 to July 6, 2020 (the "Policy");

     **WHEREAS**, per Endorsement No. 13 of the Policy, FV2 became the sole named insured under the policy for the period beginning on February 6, 2014;

     **WHEREAS**, current and former residents and/or owners of mobile homes at the Park (collectively "Plaintiffs") have filed a lawsuit against FV1, FV2 and other defendants in an action styled *Celestino Acosta, et al. v. City of Long Beach, et al.*, Case No. BC591412 in the Superior Court of the State of California, County of Los Angeles (the "Action"), alleging certain causes of action arising from the condition and operation of the Park;

     **WHEREAS**, California's Department of Housing and Community Development ("HCD") have ordered certain repairs to the park ("HCD Orders") (the Action and HCD Orders are collectively referred to herein as the "Claim");

     **WHEREAS**, AIG Specialty has paid on behalf of FV1 and FV2 a certain portion of fees, costs and other expenses incurred in the defense of the Action pursuant to a cost-sharing agreement ("Cost-Sharing Agreement") with other insurers, and other amounts in connection with the Claim and/or other claims under the Policy, thereby reducing the applicable $2 million aggregate limits of the Policy;

     **WHEREAS**, FV1, FV2 and AIG Specialty agree that payments in connection with the Claim will eventually fully exhaust the applicable limits of the Policy; and

**WHEREAS**, without admitting any facts, including liability for any claims, the Parties desire to compromise and settle this Claim and all claims made or that may be made by FV1 and/or FV2 against the Policy at any time and to declare the Policy void *ab initio*;

**NOW THEREFORE**, in consideration of the promises and undertakings herein, the Parties agree as follows:

## TERMS

**I.    Determination of Payments.**

a.    AIG Specialty shall pay all Clean-up Costs, Loss, Emergency Response Costs (as defined in the Policy), legal fees, indemnity, expenses or other amounts in connection with any claim under the Policy that are identified on invoices received by AIG Specialty on or before May 16, 2018, provided that payments made by AIG Specialty pursuant to this paragraph that are subject to the Cost-Sharing Agreement shall not exceed AIG Specialty's share under the Cost-Sharing Agreement.  The amounts AIG Specialty shall pay pursuant to this paragraph shall be referred to as the "Remaining AIG Specialty Cost Obligations."  The parties agree that the "Remaining AIG Specialty Cost Obligations" are and shall be in the amounts of $58,791.41 and $18,340.60 for a total of $77,132.01.

b.    The amount of the limits of the Policy remaining, if any, following subtraction of all past claim payments and the Remaining AIG Specialty Cost Obligations from the limits of the Policy shall be the "Final Remaining Limits."  AIG Specialty shall provide to FV1 and FV2 documentation sufficient to support its calculation of the Final Remaining Limits no later than May 18, 2018.  The date on which FV1 and FV2 approve the Final Remaining Limits shall be the "Final Remaining Limits Approval Date."  There shall be no modification of the amount of the Final Remaining Limits or the Remaining AIG Specialty Cost Obligations after the Final Remaining Limits Approval Date.  The parties agree that the "Final Remaining Limits" is and shall be in the amount of $1,513,675.37, and that the data which serves as the basis for the computation thereof are attached hereto as Appendices A and B and incorporated herein.

c.    Payment of the Remaining AIG Specialty Cost Obligations shall be and remain the sole responsibility of AIG Specialty, and not the responsibility of FV1 or FV2, individually or collectively.  AIG Specialty shall defend, indemnify and hold harmless FV1 and FV2 against any claims by third parties or other insurers arising out of the actual or alleged failure of AIG Specialty to pay any or all of the Remaining AIG Specialty Cost Obligations.

**II.    Payments.**

a.    Within forty (40) days of the Final Remaining Limits Approval Date, AIG Specialty shall pay, by check, a sum equal to the Final Remaining Limits (the "Settlement Payment") into an escrow account established for the benefit of FV1 and FV2 ("Escrow Account") for which this Agreement and payment instructions to be provided to AIG Specialty by or on behalf of FV1 and FV2 will serve as escrow instructions.  City National Bank shall serve as escrow officer ("Escrow Officer") of the Escrow Account, and AIG shall not be responsible for fees and costs associated with the Escrow Account or Escrow Officer.  The

parties agree to provide the Escrow Officer such additional escrow instructions as may be required to execute the purpose of this Agreement.

   b.     The Settlement Payment will be disbursed from the Escrow Account when and only when FV1 and FV2:

      i.     Reach agreement among themselves as to the disposition of the Settlement Payment; and

      ii.     Jointly instruct the Escrow Officer to release the Settlement Payment from the Escrow Account.

   c.     FV1 and FV2 understand, acknowledge and agree that Settlement Payment will constitute the only monetary consideration for this Agreement.

## III.    <u>Mutual Releases.</u>

   a.     As of the Effective Date of this Agreement, FV1 and FV2, and their respective affiliates, subsidiaries, principals, parents, owners, insurers and their sureties, guarantors, and excess insurers and the officers, directors, owners, agents, attorneys, partners, members, shareholders, trustees, adjusters, consultants, contractors, subcontractors, suppliers and employees of any of them, and all other persons and entities in privity with any of them (the "FV Releasors" and "FV Releasees"), on the one hand, and AIG Specialty, and its respective affiliates, subsidiaries, principals, parents, owners, insurers, including but not limited to those entities on Exhibit 1, and their sureties, guarantors, and excess insurers and the officers, directors, owners, agents, attorneys, partners, members, shareholders, trustees, adjusters, consultants, contractors, subcontractors, suppliers and employees of any of them, and all other persons and entities in privity with any of them (the "AIG Releasors" and "AIG Releasees"), on the other hand, fully, finally, and mutually release, acquit, and forever discharge each other of and from any and all disputes, claims, demands, subrogation, indemnity, contract or subcontract, balances, retainage, lost rents, business interruption, diminution in value, consequential damages arising out of or in any way relating to the Policy or any claims of any type or nature made under or against the Policy at any time, whether past, present or future, including but not limited to claims for attorneys' fees, defense, indemnity, fraud, misrepresentation, failure to procure insurance, bad faith, improper claims handling and all other claims or causes of action of any kind whatsoever, whether heretofore or hereafter accruing or arising, whether held by assignment or otherwise, and whether sounding in tort, contract, or trespass, or arising by operation of law, equity or statute, that any of the FV Releasors has, had, or may ever have against any of the AIG Releasees, or that any of the AIG Releasors has, had, or may ever have against any of the FV Releasees (collectively, the "Released Claims").

   b.     The Parties expressly acknowledge that the Released Claims do not include the rights, duties and obligations of the respective Parties under this Agreement, or with respect to any insurance policy other than the Policy.  The Parties also expressly acknowledge that the Released Claims do not include any claims that FV1 and/or FV2 have made or may make under or with respect to any other insurance policy, including, without limitation, any claims with respect to the Action and/or the facts and circumstances from which the Action arises.

Page <b>3</b> of <b>8</b>

Case 8:18-bk-13864-ES    Doc 96    Filed 08/01/19    Entered 08/01/19 20:07:47    Desc
Main Document      Page 140 of 180

c.      Notwithstanding any other provisions in this Agreement, as of the Effective Date the Policy shall be void *ab initio* in its entirety such that neither Party shall have any past, present or future rights, benefits or obligations under the Policy and each Party individually and on behalf of any person or entity for which it has authority to act and for any person or entity acting through it or on its behalf, agrees not to pursue any actual, alleged or threatened claims nor submit any additional claims of any kind under any of the Policy. The Parties expressly agree that this is a complete bar to the pursuit of any claim or suit against the Policy regardless whether such claim or suit previously existed, presently exists or arises in the future.  Nothing in this paragraph shall prevent the Parties from using the limits of the Policy for purposes of determining the Final Remaining Limits or the Remaining AIG Specialty Cost Obligations under this Agreement.

d.      FV1 and FV2, jointly and severally, shall defend, indemnify and hold harmless AIG Specialty against any claims by third parties or other insurers claiming any rights or reimbursement under or with respect to the Policy after the Effective Date, with the exception of claims by third parties or other insurers against FV1 or FV2 arising out of the actual or alleged failure of AIG Specialty to pay any or all of the Remaining AIG Specialty Cost Obligations.

e.      The Parties further assume the risk that acts, omissions, matters, causes or things may have occurred which are not known or are not suspected to exist and waive the terms and provision of any statue, rule or doctrine or common law which either narrowly construes releases purporting by their terms to release claims in whole or in part based upon, arising from, or related to such acts, omissions, matters, causes or things, or which restricts or prohibits the releasing of such claims.

f.      With respect to any and all Released Claims, the Parties stipulate and agree that they expressly waive any and all claims, rights, or benefits they may have under California Civil Code section 1542 and any similar federal or state law, right, rule, or legal principle that may be applicable.  The Parties agree and acknowledge that this waiver is an essential term of this Agreement.  California Civil Code section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## IV.    <u>No Admission of Liability.</u>

a.      The Parties expressly recognize that the terms and conditions of this Agreement constitute a compromise and settlement of all suits and claims that FV1 and/or FV2 had, has or may have against the Policy. This Agreement shall not be construed in any manner as an admission of any liability of any kind by any Party, nor shall it be considered or interpreted as an assumption of any liability under applicable law. This Agreement is executed for the sole purpose of settling all claims against the Policy. It is expressly understood and agreed, as a condition hereof, that this Agreement is not to be construed as, nor does it constitute, an

admission, evidence, or indication, in any degree of liability by any Party for any past, present or future claim, asserted or unasserted.

## V.    No Transfer of Assignment of Claims.

      a.    The Parties warrant and represent that they have not assigned or transferred any action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, notes, promises, liabilities, rights, claims, demands, costs, expenses (including but not by way of limitation, attorneys' fees), damages or losses arising out of or connected with the Released Claims, nor will they do so.

## VI.    No Waiver.

      a.    No waiver or modification of any provision of this Agreement shall be effective unless it is in writing and signed by both Parties. Failure to enforce any provision of this Agreement or to require at any time performance of any provision hereof shall not be construed to be a waiver of such provision, or to affect the validity of this Agreement or the right of either Party to enforce each and every provision in accordance with the terms hereof.

## VII.    Responsibility for Fees and Costs.

      a.    FV1 and FV2, on the one hand, and AIG Specialty, on the other hand, shall be responsible for the payment of their own respective costs, attorneys' fees, and all other expenses in connection with the matters referred to in this Agreement.

## VIII.    No Modifications Unless in Writing.

      a.    No modification of this Agreement shall be effective unless made in a writing signed by all Parties.

## IX.    Advice of Attorneys.

      a.    This Agreement is entered into by each Party freely and voluntarily. Each of the Parties had the benefit of advice of counsel of their choice in the negotiating, drafting and execution of this Agreement, and all parts of this Agreement are the product of the Parties joint efforts. No provision, nor the entire Agreement, shall be deemed to have been proposed or drafted by any Party or construed against any Party.

## X.    Authority of Representation.

      a.    Each Party respectively represents and warrants to each other that the undersigned representative for such Party has full and complete authority to execute this Agreement.

## XI.    Other Assurances.

      a.    Each Party shall provide such further and other assurances, written or otherwise, necessary to effectuate the terms and intent of this Agreement. In the event that any Party seeks a

**Exhibit "3"**
**Page 34**

Court Order determining that the settlement was effective and/or in good faith, the Parties, to the fullest extent possible, shall cooperate and assist each other in obtaining a good faith settlement determination.

## XII.    Governing Law and Construction of Agreement.

a.      This Agreement shall be governed, interpreted, construed and enforced in accordance with the laws of the State of California applicable to agreements executed and wholly performed within said state, without regard to principles of conflicts of law. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but rather, this Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

## XIII.    Counterparts and Facsimile Signatures.

a.      This Agreement may be executed in counterparts with each counterpart being interpreted as an original and all of which, taken together, shall constitute one in the same instrument. Any Party may transmit its execution of this Agreement by facsimile or electronic mail, in which case such Party shall mail the original execution page(s) within five (5) business days. A Party's execution page transmitted by facsimile or electronic mail will constitute an original signature notwithstanding the fact that the Party did not provide an original signature.

## XIV.    Entire Agreement.

a.      This Agreement constitutes the entire Agreement of the Parties with respect to the matters set forth herein, and all prior or contemporaneous agreements, understandings, representations and statements concerning such matters are merged herein.  The Parties understand and acknowledge that this Agreement does not modify, terminate, release, cancel, novate or otherwise pertain to any insurance policy other than the Policy.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page **6** of **8**

5/17/2018                     Friendly Village AIG environmental and subrogation agreement (revised)

⬇ Download    Show email                                                                    ✕

Word Online                                    🖺 Accessibility Mode    🖶 Print    🔍 Find    ❓ Help    •••

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly
authorized representatives.

Friendly Village Mobile Associates LP

By: _Walter E. Novick_____

Printed Name: _Walter E. Novick_____

Title: _Partner_____

Date: _5-17-18_____

Friendly Village GP, LLC

By: _Walter E. Novick_____

Printed Name: _Walter E. Novick_____

Title: _Member_____

Date: _5-17-18_____

AIG Specialty Insurance Company by its
authorized claims handling representative, AIG
Claims, Inc.

By: _Shelly Ann Panton_____

Printed Name: _SHELLY ANN PANTON_____

Title: _Complex Director, SR_____

Date: _5/22/2018_____

Page **7** of **8**

HELP IMPROVE OFFICE   94%

1/1

**Exhibit "3"**
**Page 36**

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives.

**Friendly Village Mobile Associates LP**

By: _____

Printed Name: Daniel C. Fischer

Title: Manager/ member

Date: 5 - 18 -18

**Friendly Village GP, LLC**

By: _____

Printed Name: _____

Title: _____

Date: _____

**AIG Specialty Insurance Company by its
authorized claims handling representative, AIG
Claims, Inc.**

By: _____

Printed Name: _____

Title: _____

Date: _____

Page **7** of **8**

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives.

**Friendly Village Mobile Associates LP**

By: _____

Printed Name: ___Lee M. Kort_____

Title: ___Member_____

Date: ___7/12/2018_____


**Friendly Village GP, LLC**

By: _____

Printed Name: ___Michael H. Scott_____

Title: ___Manager_____

Date: ___7/12/2018_____


**AIG Specialty Insurance Company by its authorized claims handling  representative, AIG Claims, Inc.**

By: _____

Printed Name: _____

Title: _____

Date: _____


Page **7** of **8**

Case 8:18-bk-13864-ES    Doc 96    Filed 08/01/19    Entered 08/01/19 20:07:47    Desc
                Main Document        Page 146 of 180

## Exhibit 1

AIG Aerospace Adjustment Services, Inc., (f/k/a Chartis Aerospace Adjustment Services, Inc.
    f/k/a AIG Aviation Adjustment Services, Inc.)

AIG Assurance Company (f/k/a Chartis Casualty Company f/k/a American International South
    Insurance Company and also American Global Insurance Company)

AIG Claims, Inc. (f/k/a Chartis Claims, Inc. f/k/a AIG Domestic Claims, Inc. and also AIG
    Claim Services, Inc. and also American International Adjustment Company, Inc.;
    successor in interest to AIG Technical Services, Inc.)

AIG Claim Services of Nevada, Inc.

AIG Europe, Limited

AIG Insurance Company of Canada (f/k/a Chartis Insurance Company of Canada f/k/a AIG
    Commercial Insurance  Company of Canada and also Commerce and Industry Insurance
    Company of Canada)

AIG Property Casualty Company (f/k/a Chartis Property Casualty Company f/k/a AIG Casualty
    Company and also Birmingham Fire Insurance Company of Pennsylvania)

AIG Property Casualty Inc. (f/k/a Chartis, Inc.)

AIG Property Casualty U.S., Inc. (f/k/a Chartis U.S., Inc.; and successor in interest to the "old"
    Chartis Inc. f/k/a AIU Holdings, Inc. and also AIG Property Casualty Group, Inc.))

AIG Property Casualty International, LLC  (f/k/a Chartis International, LLC)

AIG PC Global Services, Inc.  (f/k/a Chartis Global Services, Inc.)

AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company f/k/a American
    International Specialty Lines Insurance Company and also American International
    Surplus Lines Insurance Company and also Alaska Insurance Company)

AIU Insurance Company (f/k/a American International Insurance Company and
    also Pacific Insurance Company of New York)

American Home Assurance Company

Chartis Excess Limited (f/k/a AIG Excess Liability Insurance International
    Limited and also Starr Excess Liability Insurance International Limited)

Chartis Global Investigations, Inc. (f/k/a AIG World Investigative Resources, Inc.)

Chartis Marine Adjusters, Inc. (f/k/a AI Marine Adjusters, Inc.)

Commerce and Industry Insurance Company

Granite State Insurance Company

Illinois National Insurance Co.

Lexington Insurance Company (and successor in interest to Chartis Select Insurance Company
    (f/k/a AIG Excess Liability Insurance Company Ltd. and also Starr Excess Liability
    Insurance Company Ltd.)

National Union Fire Insurance Company of Pittsburgh, Pa. (and successor in
    interest to Audubon Indemnity Company, Audubon Insurance Company, National Union
    Fire Insurance Company of Louisiana and Landmark Insurance Company)

National Union Fire Insurance Company of Vermont

New Hampshire Insurance Company

Specialty Claims Consultants, Inc. (f/k/a Global Loss Prevention, Inc.)

The Insurance Company of the State of Pennsylvania

# APPENDIX A

**Celestino Acosta, et al v. City of Log Beach, et al. Friendly Village Mobile Home Park / AIG Insurance Company**

| VendorName | Invoice# | InvoiceDate | RequestedAmount | AdjustedAmount | ShareAmount | Date PAID | Check# | Amount PAID |
|---|---|---|---|---|---|---|---|---|
| AMCC, Inc. | Acos-14-F | 12/17/17 | $ 7,207.00 | $ 7,207.00 | $ 1,029.57 | 04/10/18 | 10233432 | |
| AMCC, Inc. | R-Acos-17-F | 01/04/18 | $ 5,100.00 | $ 5,100.00 | $ 728.57 | 04/10/18 | 10233432 | |
| AMCC, Inc. | Acos-17-F | 01/17/18 | $ 9,870.68 | $ 9,870.68 | $ 1,410.10 | | | |
| AMCC, Inc. | ALF-21-F | 03/21/18 | $ 2,337.50 | $ 2,337.50 | $ 333.93 | | | |
| AMCC, Inc. | Acos-23-F | 03/23/18 | $ 1,960.00 | $ 1,960.00 | $ 280.00 | | | |
| Anat Jit Singh, MD | Deposition 12-15-2017 | 12/15/17 | $ - | $ - | $ - | | | |
| Case Anywhere LLC | 63909 | 03/16/16 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 70624 | 05/20/16 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 77299 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 84308 | 01/10/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 91428 | 01/15/17 | $ 605.00 | $ 605.00 | $ 100.83 | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 98620 | 05/16/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 105673 | 08/29/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 113056 | 11/13/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Case Anywhere LLC | 120438 | 01/04/18 | $ 960.00 | $ 960.00 | $ 143.35 | 04/10/18 | 10233432 | |
| Case Anywhere LLC | 127799 | 04/11/18 | $ 445.00 | $ 445.00 | $ 63.57 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 139647 | 01/10/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 145309 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 146779 | 08/07/17 | $ 645.85 | $ 645.85 | $ 107.64 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 146841 | 08/22/17 | $ 522.75 | $ 522.75 | $ 87.13 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 147703 | 09/27/17 | $ 632.50 | $ 632.50 | $ 105.42 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 148216 | 10/04/17 | $ 590.50 | $ 590.50 | $ 98.42 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 148773 | 10/19/17 | $ 452.00 | $ 452.00 | $ 75.33 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 149127 | 11/13/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 149608 | 11/13/17 | $ 648.25 | $ 648.25 | $ 92.61 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 150220 | 12/21/17 | $ 632.60 | $ 632.60 | $ 90.37 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 150661 | 12/28/17 | $ 530.40 | $ 530.40 | $ 75.77 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 150629 | 01/08/18 | $ 460.00 | $ 460.00 | $ 65.71 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 150606 | 01/11/18 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 151480 | 02/02/18 | $ 711.40 | $ 711.40 | $ 101.63 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 151599 | 02/05/18 | $ 519.50 | $ 519.50 | $ 74.21 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 152102 | 02/23/18 | $ 622.15 | $ 622.15 | $ 88.88 | 04/10/18 | 10233432 | |
| Coalition Court Reporters of Los Angeles | 360822 | 02/08/16 | $ 16,279.88 | $ 16,279.88 | $ 3,255.98 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 362095 | 03/16/16 | $ 20,777.80 | $ 20,777.80 | $ 4,155.56 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 362702 | 04/13/16 | $ 5,891.29 | $ 5,891.29 | $ 1,178.26 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 363381 | 05/20/16 | $ 19,459.13 | $ 19,459.13 | $ 3,891.83 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 364048 | 06/15/16 | $ 29,066.41 | $ 29,066.41 | $ 5,813.28 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 364648 | 07/28/16 | $ 16,359.91 | $ 16,359.91 | $ 3,271.98 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 367636 | 07/31/16 | $ 23,921.85 | $ 23,921.85 | $ 4,784.37 | 09/20/16 | 10208705 | $ 21,413.88 |
| Coalition Court Reporters of Los Angeles | 367468 | 09/22/16 | $ (765.00) | $ (765.00) | $ (153.00) | | | |
| Coalition Court Reporters of Los Angeles | 367637 | 09/27/16 | $ 24,327.77 | $ 24,327.77 | $ 4,865.55 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 368731 | 10/25/16 | $ 21,066.50 | $ 21,066.50 | $ 4,213.30 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 368984 | 11/07/16 | $ 18,497.25 | $ 18,497.25 | $ 3,699.45 | 10/31/16 | 10210966 | $ 13,863.23 |
| Coalition Court Reporters of Los Angeles | 370147 | 12/07/16 | $ 26,525.91 | $ 26,525.91 | $ 5,305.18 | 12/05/17 | 10228595 | |
| Coalition Court Reporters of Los Angeles | 371272 | 01/10/17 | $ 37,519.74 | $ 37,519.74 | $ 6,807.43 | 12/05/17 | 10228595 | |

| Payee | Invoice # | Date | Amount | Amount | Amount | Check Date | Check # | Paid |
|---|---|---|---|---|---|---|---|---|
| Cooksey, Toolen, Gage, Duffy & Woog | 373213 | 02/17/17 | $ 34,896.19 | $ 34,896.19 | $ 5,823.46 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 373976 | 03/07/17 | $ 34,166.60 | $ 34,166.60 | $ 5,694.43 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 376592 | 04/13/17 | $ 29,122.55 | $ 29,122.55 | $ 4,853.76 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 378108 | 05/16/17 | $ 49,101.50 | $ 49,101.50 | $ 8,183.58 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 378473 | 06/09/17 | $ 66,814.52 | $ 66,814.52 | $ 11,139.42 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 379489 | 07/19/17 | $ 67,006.05 | $ 67,006.05 | $ 11,167.68 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 380635 | 08/29/17 | $ 74,815.56 | $ 74,815.56 | $ 12,469.26 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 381324 | 09/20/17 | $ 59,950.27 | $ 59,950.27 | $ 9,991.71 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 381612 | 10/11/17 | $ 76,117.99 | $ 76,117.99 | $ 12,686.33 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 382394 | 11/13/17 | $ 115,865.36 | $ 115,865.36 | $ 18,992.39 | 12/05/17 | 10228595 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 383802 | 11/30/17 | $ 123,019.53 | $ 123,019.53 | $ 18,396.20 | 04/10/18 | 10233432 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 384613 | 01/11/18 | $ 154,656.45 | $ 154,656.45 | $ 22,153.38 | 04/10/18 | 10233432 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 385995 | 02/22/18 | $ 154,118.44 | $ 154,118.44 | $ 22,038.26 | 04/10/18 | 10233432 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 386923 | 03/27/18 | $ 150,286.99 | $ 150,286.99 | $ 21,469.57 | 04/10/18 | 10233432 | |
| Cooksey, Toolen, Gage, Duffy & Woog | 387674 | 04/23/18 | $ 131,784.05 | $ 131,784.05 | $ 18,826.29 | 04/10/18 | 10233432 | |
| Delahooke Appraisal Co. | 9-6-2017-Retainer | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Delahooke Appraisal Co. | DAC-2549 | 11/21/17 | $ 12,712.50 | $ 12,712.50 | $ 2,039.79 | 12/05/17 | 10228595 | |
| Delahooke Appraisal Co. | DAC-2554 | 12/15/17 | $ 16,985.00 | $ 16,985.00 | $ 2,426.43 | 04/10/18 | 10233432 | |
| Delahooke Appraisal Co. | DAC-2562 | 01/23/18 | $ 18,466.25 | $ 18,466.25 | $ 2,638.04 | 04/10/18 | 10233432 | |
| Delahooke Appraisal Co. | DAC-2576 | 02/14/18 | $ 29,625.00 | $ 29,625.00 | $ 4,232.14 | 04/10/18 | 10233432 | |
| Delahooke Appraisal Co. | DAC-2578 | 03/11/18 | $ 9,578.75 | $ 9,578.75 | $ 1,368.39 | 04/10/18 | 10233432 | |
| Dr Jill Eileen Ryer Powder | RETAINER 10-25-2017 | 06/05/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Dr. Daniel Wohlgelernter | 5.4.2017 Retainer | 11/13/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| Dr. Daniel Wohlgelernter | 02.08.2018 | 02/08/18 | $ 7,610.00 | $ 7,610.00 | $ 1,094.39 | 04/10/18 | 10233432 | |
| Dr. William Klein | 02-08-2018 | 03/27/18 | $ - | $ - | $ - | 04/10/18 | 10233432 | |
| Enviro-Tox | ZP-12369 | 12/29/17 | $ 3,800.00 | $ 3,800.00 | $ 542.86 | 12/05/17 | 10228595 | |
| Enviro-Tox | RT-12395 | 04/10/18 | $ 3,040.00 | $ 3,040.00 | $ 434.29 | 04/10/18 | 10233432 | |
| Eurofins Calscience, Inc. | 1393225 | 11/02/17 | $ 7,050.00 | $ 7,050.00 | $ 1,007.14 | 12/05/17 | 10228595 | |
| ExamWorks LLC | 170-1449748 | 09/27/18 | $ 31,601.69 | $ 31,601.69 | $ 4,729.50 | 04/10/18 | 10233432 | |
| Geosyntec Consultants | 1417813 | 12/20/17 | $ 7,109.58 | $ 7,109.58 | $ 1,015.65 | 12/05/17 | 10228595 | |
| Geosyntec Consultants | 1418074 | 01/31/18 | $ 108,829.49 | $ 108,829.49 | $ 15,547.07 | 04/10/18 | 10233432 | |
| Geosyntec Consultants | 1418187 | 03/15/18 | $ 44,167.67 | $ 44,167.67 | $ 6,309.67 | 04/10/18 | 10233432 | |
| Geosyntec Consultants | 1418278 | 04/12/18 | $ 1,250.00 | $ 1,250.00 | $ - | 12/05/17 | 10228595 | |
| H&P Mobile Geochemistry, Inc. | 17-0579 | 07/06/17 | $ - | $ - | $ - | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0003923390-220 | 02/17/17 | $ 2,725.00 | $ 2,725.00 | $ 454.17 | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0003977378-220 | 03/02/17 | $ 2,725.00 | $ 2,725.00 | $ 454.17 | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0004054681-220-Credit M | 06/01/17 | $ (2,725.00) | $ (2,725.00) | $ (454.17) | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0004005906-220 | 06/02/17 | $ 2,725.00 | $ 2,725.00 | $ 454.17 | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0004084486-220 | 07/11/17 | $ 2,725.00 | $ 2,725.00 | $ 454.17 | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0004084485-220-Credit M | 07/11/17 | $ (2,725.00) | $ (2,725.00) | $ (454.17) | 12/05/17 | 10228595 | |
| JAMS, Inc. | 0004084642-200 | 07/12/17 | $ 2,800.00 | $ 2,800.00 | $ 466.67 | 05/22/17 | 10220359 | $ 9,004.63 |
| JAMS, Inc. | 0004084642-200 | 07/19/17 | $ - | $ - | $ - | 05/22/17 | 10220360 | 10,669.79 |
| JAMS, Inc. | 0004005906-220-A | 09/20/17 | $ - | $ - | $ - | 05/22/17 | 10220357 | 6,807.43 |
| JAMS, Inc. | 0004084642-200 | 10/03/17 | $ 2,800.00 | $ 2,800.00 | $ 466.67 | 05/22/17 | 10220357 | 5,694.43 |
| JAMS, Inc. | 0004155337-Credit Memo | | $ (2,800.00) | $ (2,800.00) | $ (466.67) | 12/05/17 | 10228595 | |

Exhibit "3"
Page 42

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| JAMS, Inc. | 0004155338-220 | 10/03/17 | $ 2,800.00 | $ 2,800.00 | $ 466.67 | 12/05/17 | 10228595 |
| JDI Data Corporation | 33560 | 08/31/17 | $ 10,690.46 | $ 10,690.46 | $ 1,781.74 | 12/05/17 | 10228595 |
| JDI Data Corporation | 33877 | 10/04/17 | $ 17,078.13 | $ 17,078.13 | $ 2,846.36 | 12/05/17 | 10228595 |
| JDI Data Corporation | 34241 | 11/03/17 | $ 3,390.66 | $ 3,390.66 | $ 540.89 | 12/05/17 | 10228595 |
| JDI Data Corporation | 34504 | 12/07/17 | $ 1,769.25 | $ 1,769.25 | $ 252.75 | 12/05/17 | 10233432 |
| JDI Data Corporation | 34970 | 01/08/18 | $ 6,324.47 | $ 6,324.47 | $ 903.50 | 04/10/18 | 10233432 |
| JDI Data Corporation | 35315 | 02/07/18 | $ 9,548.41 | $ 9,548.41 | $ 1,364.06 | 04/10/18 | 10233432 |
| JDI Data Corporation | 35633 | 03/09/18 | $ 6,282.96 | $ 6,282.96 | $ 897.57 | 04/10/18 | 10233432 |
| JDI Data Corporation | 35913 | 04/09/18 | $ 4,989.21 | $ 4,989.21 | $ 712.74 | 04/10/18 | 10233432 |
| JDI Data Corporation | 36221 | 05/09/18 | $ 10,086.42 | $ 10,086.42 | $ 1,440.92 | 04/10/18 | 10233432 |
| Jesse J. Licuanan, MD | Deposition 12-21-2017 | 01/11/18 | $ - | $ - | $ - |  |  |
| Joel D. Epstein, MD | Deposition 12-20-2017 | 01/11/18 | $ - | $ - | $ - |  |  |
| Knudson Engineers & Constructors, Inc. | 16201-0516 | 07/28/16 | $ - | $ - | $ - |  |  |
| Knudson Engineers & Constructors, Inc. | 16201-0716 | 10/31/17 | $ 665.00 | $ 665.00 | $ 100.28 | 12/05/17 | 10228595 |
| Knudson Engineers & Constructors, Inc. | 16201-1017 | 06/09/17 | $ - | $ - | $ - |  |  |
| Knudson Engineers & Constructors, Inc. | 16201-1217 | 12/31/17 | $ 2,165.00 | $ 2,165.00 | $ 309.29 | 12/05/17 | 10228595 |
| Kusar Court Reporters & Legal Services, Inc. | 230813 | 06/23/17 | $ 476.00 | $ 476.00 | $ 79.33 | 12/05/17 | 10228595 |
| Kusar Court Reporters & Legal Services, Inc. | 239578 | 01/09/18 | $ 1,120.70 | $ 1,120.70 | $ 160.10 | 04/10/18 | 10233432 |
| Kusar Court Reporters & Legal Services, Inc. | 239700 | 01/12/18 | $ 1,199.75 | $ 1,199.75 | $ 171.39 | 04/10/18 | 10233432 |
| Kusar Court Reporters & Legal Services, Inc. | 239957 | 01/19/18 | $ 836.70 | $ 836.70 | $ 119.53 | 04/10/18 | 10233432 |
| Kusar Court Reporters & Legal Services, Inc. | 240388 | 01/30/18 | $ 702.65 | $ 702.65 | $ 100.38 | 04/10/18 | 10233432 |
| Kusar Court Reporters & Legal Services, Inc. | 240728 | 02/06/18 | $ 995.00 | $ 995.00 | $ 142.14 | 04/10/18 | 10233432 |
| Kusar Court Reporters & Legal Services, Inc. | 239410 | 02/22/18 | $ - | $ - | $ - |  |  |
| L. Everett & Associates | 050517-074 | 05/05/17 | $ 5,928.00 | $ 5,928.00 | $ 988.00 | 12/05/17 | 10228595 |
| L. Everett & Associates | 060217-074 | 06/02/17 | $ 33,193.33 | $ 33,193.33 | $ 5,532.22 | 12/05/17 | 10228595 |
| L. Everett & Associates | 063017-074 | 06/30/17 | $ 10,218.00 | $ 10,218.00 | $ 1,703.00 | 12/05/17 | 10228595 |
| L. Everett & Associates | 072817-074 | 07/28/17 | $ 5,200.00 | $ 5,200.00 | $ 866.67 | 12/05/17 | 10228595 |
| L. Everett & Associates | 090817-074 | 09/08/17 | $ 10,140.00 | $ 10,140.00 | $ 1,690.00 | 12/05/17 | 10228595 |
| L. Everett & Associates | 106017-074 | 10/06/17 | $ 7,280.00 | $ 7,280.00 | $ 1,213.33 | 12/05/17 | 10228595 |
| L. Everett & Associates | 110317-074 | 11/03/17 | $ 2,080.00 | $ 2,080.00 | $ 332.74 | 12/05/17 | 10228595 |
| L. Everett & Associates | 120117-074 | 12/01/17 | $ 21,528.00 | $ 21,528.00 | $ 3,075.43 | 04/10/18 | 10233432 |
| L. Everett & Associates | 122917-074 | 12/29/17 | $ 40,552.80 | $ 40,552.80 | $ 5,793.26 | 04/10/18 | 10233432 |
| L. Everett & Associates | 012618-074 | 01/26/18 | $ 32,032.00 | $ 32,032.00 | $ 4,576.00 | 04/10/18 | 10233432 |
| L. Everett & Associates | 023118-074 | 02/23/18 | $ 41,912.00 | $ 41,912.00 | $ 5,987.43 | 04/10/18 | 10233432 |
| Legislative Intent Service, Inc. | 35884-839 | 12/12/17 | $ 3,870.00 | $ 3,870.00 | $ 552.86 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1125516 | 01/23/17 | $ 1,129.80 | $ 1,129.80 | $ 188.30 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1122926 | 01/23/17 | $ 1,051.85 | $ 1,051.85 | $ 175.31 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1126780 | 01/27/17 | $ 1,349.05 | $ 1,349.05 | $ 224.84 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1125326 | 02/08/17 | $ 1,641.95 | $ 1,641.95 | $ 273.66 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1129616 | 02/08/17 | $ 1,370.95 | $ 1,370.95 | $ 228.49 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1128532 | 02/23/17 | $ 1,525.20 | $ 1,525.20 | $ 254.20 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1133636 | 02/28/17 | $ 2,250.45 | $ 2,250.45 | $ 375.08 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1134870 | 02/28/17 | $ 1,743.65 | $ 1,743.65 | $ 290.61 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1134929 | 02/28/17 | $ 550.00 | $ 550.00 | $ 91.67 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1135267 | 03/03/17 | $ 1,813.80 | $ 1,813.80 | $ 302.30 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1137193 | 03/09/17 | $ 302.75 | $ 302.75 | $ 50.46 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLI1130541 | 04/13/17 | $ - | $ - | $ - |  |  |

| Description | Date | Amount | Amount | Value | Date | Number |
|---|---|---|---|---|---|---|
| Litigation Services & Technologies of California, LLC 1188869 | 10/31/17 | $ 1,000.00 | $ 1,000.00 | $ 166.67 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1187748 | 10/31/17 | $ 1,355.00 | $ 1,355.00 | $ 225.83 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1188905 | 10/31/17 | $ 1,205.00 | $ 1,205.00 | $ 200.83 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1188850 | 10/31/17 | $ 1,560.00 | $ 1,560.00 | $ 260.00 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1189200 | 11/02/17 | $ 1,386.10 | $ 1,386.10 | $ 231.02 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1186258 | 11/02/17 | $ 1,217.25 | $ 1,217.25 | $ 202.88 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1188531 | 11/07/17 | $ 1,487.25 | $ 1,487.25 | $ 247.88 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1191042 | 11/09/17 | $ 1,355.00 | $ 1,355.00 | $ 193.57 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1188934 | 11/09/17 | $ 1,240.05 | $ 1,240.05 | $ 177.15 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1188191 | 11/13/17 | $ 1,495.55 | $ 1,495.55 | $ 249.26 | 12/05/17 | 10228595 |
| Litigation Services & Technologies of California, LLC 1192076 | 11/14/17 | $ 590.00 | $ 590.00 | $ 84.29 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1192411 | 11/22/17 | $ 757.00 | $ 757.00 | $ 108.14 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1194028 | 11/24/17 | $ 1,000.00 | $ 1,000.00 | $ 142.86 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1194904 | 11/29/17 | $ 1,657.40 | $ 1,657.40 | $ 236.77 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1192403 | 11/30/17 | $ - | $ - | $ - | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195294 | 11/30/17 | $ 740.00 | $ 740.00 | $ 105.71 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195321 | 11/30/17 | $ 1,790.00 | $ 1,790.00 | $ 255.71 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195271 | 11/30/17 | $ 840.00 | $ 840.00 | $ 120.00 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195263 | 11/30/17 | $ 1,505.00 | $ 1,505.00 | $ 215.00 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195272 | 11/30/17 | $ 930.00 | $ 930.00 | $ 132.86 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195266 | 11/30/17 | $ 1,710.00 | $ 1,710.00 | $ 244.29 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195264 | 11/30/17 | $ 1,450.00 | $ 1,450.00 | $ 207.14 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195651 | 12/04/17 | $ 356.05 | $ 356.05 | $ 50.86 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1196056 | 12/04/17 | $ 376.80 | $ 376.80 | $ 53.83 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1193835 | 12/05/17 | $ 1,587.95 | $ 1,587.95 | $ 226.85 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1193843 | 12/05/17 | $ 457.55 | $ 457.55 | $ 65.36 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1193736 | 12/05/17 | $ 698.70 | $ 698.70 | $ 99.81 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1193838 | 12/05/17 | $ 1,717.60 | $ 1,717.60 | $ 245.37 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1195909 | 12/05/17 | $ 437.45 | $ 437.45 | $ 62.49 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1193613 | 12/06/17 | $ 691.80 | $ 691.80 | $ 98.83 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1196594 | 12/07/17 | $ 556.35 | $ 556.35 | $ 79.48 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1197330 | 12/11/17 | $ 744.70 | $ 744.70 | $ 106.39 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1197006 | 12/11/17 | $ 686.50 | $ 686.50 | $ 98.07 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1196628 | 12/15/17 | $ 1,189.55 | $ 1,189.55 | $ 169.94 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1198591 | 12/15/17 | $ 468.15 | $ 468.15 | $ 66.88 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1196626 | 12/18/17 | $ 427.75 | $ 427.75 | $ 61.11 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1201732 | 01/08/18 | $ 1,772.85 | $ 1,772.85 | $ 253.26 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1203401 | 01/08/18 | $ 1,655.00 | $ 1,655.00 | $ 236.43 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1198896 | 01/09/18 | $ 958.00 | $ 958.00 | $ 136.86 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1202929 | 01/09/18 | $ 896.15 | $ 896.15 | $ 128.02 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1203990 | 01/11/18 | $ 350.00 | $ 350.00 | $ 50.00 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1200248 | 12/22/17 | $ 356.00 | $ 356.00 | $ 50.86 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1200053 | 12/26/17 | $ 519.40 | $ 519.40 | $ 74.20 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1205226 | 01/18/18 | $ 431.80 | $ 431.80 | $ 61.69 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1205231 | 01/19/18 | $ 444.05 | $ 444.05 | $ 63.44 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC 1203837 | 01/23/18 | $ 485.95 | $ 485.95 | $ 69.42 | 04/10/18 | 10233432 |

| Payee | Invoice | Date | Amount | Amount | Fee | Pay Date | Check # |
|---|---|---|---|---|---|---|---|
| Litigation Services & Technologies of California, LLC | 1220416 | 03/26/18 | $ 565.25 | $ 565.25 | $ 80.75 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1220440 | 03/26/18 | $ 1,107.75 | $ 1,107.75 | $ 158.25 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1220513 | 03/27/18 | $ 476.50 | $ 476.50 | $ 68.07 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1220803 | 03/27/18 | $ 740.00 | $ 740.00 | $ 105.71 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1220800 | 03/27/18 | $ 2,255.00 | $ 2,255.00 | $ 322.14 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1221683 | 03/27/18 | $ 1,695.00 | $ 1,695.00 | $ 242.14 | 04/10/18 | 10233432 |
| Litigation Services & Technologies of California, LLC | 1221703 | 03/29/18 | $ 1,790.00 | $ 1,790.00 | $ 255.71 | | |
| Litigation Services & Technologies of California, LLC | 1221675 | 03/29/18 | $ 1,845.00 | $ 1,845.00 | $ 263.57 | | |
| Litigation Services & Technologies of California, LLC | 1221664 | 03/29/18 | $ 2,050.00 | $ 2,050.00 | $ 292.86 | | |
| Litigation Services & Technologies of California, LLC | 1221682 | 03/29/18 | $ 945.00 | $ 945.00 | $ 135.00 | | |
| Litigation Services & Technologies of California, LLC | 1221667 | 03/29/18 | $ 1,695.00 | $ 1,695.00 | $ 242.14 | | |
| Litigation Services & Technologies of California, LLC | 1221691 | 03/29/18 | $ 795.00 | $ 795.00 | $ 113.57 | | |
| Litigation Services & Technologies of California, LLC | 1221704 | 03/29/18 | $ 1,150.00 | $ 1,150.00 | $ 164.29 | | |
| Litigation Services & Technologies of California, LLC | 1221733 | 03/30/18 | $ 1,845.00 | $ 1,845.00 | $ 263.57 | | |
| Litigation Services & Technologies of California, LLC | 1221927 | 03/30/18 | $ 885.40 | $ 885.40 | $ 126.49 | | |
| Litigation Services & Technologies of California, LLC | 1221927 | 03/30/18 | $ 1,014.90 | $ 1,014.90 | $ 144.99 | | |
| Litigation Services & Technologies of California, LLC | 1220581 | 04/10/18 | $ 752.30 | $ 752.30 | $ 107.47 | | |
| Litigation Services & Technologies of California, LLC | 1222337 | 04/10/18 | $ 2,111.90 | $ 2,111.90 | $ 301.70 | | |
| Litigation Services & Technologies of California, LLC | 1223164 | 04/02/18 | $ 822.05 | $ 822.05 | $ 117.44 | | |
| Litigation Services & Technologies of California, LLC | 1223818 | 04/02/18 | $ 1,245.00 | $ 1,245.00 | $ 177.86 | | |
| Litigation Services & Technologies of California, LLC | 1222724 | 04/09/18 | $ 1,435.60 | $ 1,435.60 | $ 205.09 | | |
| Litigation Services & Technologies of California, LLC | 1222624 | 04/13/18 | $ 878.35 | $ 878.35 | $ 125.48 | | |
| Litigation Services & Technologies of California, LLC | 1220575 | 04/16/18 | $ 942.50 | $ 942.50 | $ 134.63 | | |
| Litigation Services & Technologies of California, LLC | 1220581 | 04/16/18 | $ 628.80 | $ 628.80 | $ 89.83 | | |
| Litigation Services & Technologies of California, LLC | 1222027 | 04/16/18 | $ 795.00 | $ 795.00 | $ 113.57 | | |
| Litigation Services & Technologies of California, LLC | 1220700 | 04/11/18 | $ 822.05 | $ 822.05 | $ 117.44 | | |
| Litigation Services & Technologies of California, LLC | 1223860 | 04/18/18 | $ 2,111.90 | $ 2,111.90 | $ 301.70 | | |
| Litigation Services & Technologies of California, LLC | 1221505 | 04/02/18 | $ 877.60 | $ 877.60 | $ 125.37 | | |
| Litigation Services & Technologies of California, LLC | 1221363 | 04/02/18 | $ 550.00 | $ 550.00 | $ 78.57 | | |
| Litigation Services & Technologies of California, LLC | 1223402 | 04/16/18 | $ 1,245.00 | $ 1,245.00 | $ 177.86 | | |
| Litigation Services & Technologies of California, LLC | 1225322 | 04/17/18 | $ 2,118.45 | $ 2,118.45 | $ 302.64 | | |
| Litigation Services & Technologies of California, LLC | 1225818 | 04/18/18 | $ 1,585.00 | $ 1,585.00 | $ 130.95 | | |
| Litigation Services & Technologies of California, LLC | 1225289 | 04/18/18 | $ 1,585.00 | $ 1,585.00 | $ 226.43 | | |
| Litigation Services & Technologies of California, LLC | 1226287 | 04/20/18 | $ 1,845.00 | $ 1,845.00 | $ 263.57 | | |
| Litigation Services & Technologies of California, LLC | 1226973 | 04/20/18 | $ 1,845.00 | $ 1,845.00 | $ 263.57 | | |
| Litigation Services & Technologies of California, LLC | 1220972 | 04/23/18 | $ - | $ - | $ - | | |
| Litigation Services & Technologies of California, LLC | 1227061 | 04/24/18 | $ 1,585.00 | $ 1,585.00 | $ 226.43 | | |
| Litigation Services & Technologies of California, LLC | 1228122 | 04/27/18 | $ 1,695.00 | $ 1,695.00 | $ 242.14 | | |
| Milan G. Rawal | Deposition 12-21-2017 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 254628 | 05/20/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 255884 | 07/28/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 255466 | 07/28/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 256510 | 07/31/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 257060 | 07/28/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 21600-01 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 21601-02 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 21598-02 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |

| Vendor | Invoice | Date | | | | Date | Ref |
|---|---|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL21600-02 | 12/07/16 | $   484.75 | $   484.75 | $   80.79 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21601-01 | 12/21/16 | $   115.75 | $   115.75 | $   19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-05 | 12/21/16 | $   662.50 | $   662.50 | $   110.42 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-04 | 12/30/16 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21598-04 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21601-04 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21601-01 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22035-02 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22035-01 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22035-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22026-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22082-05 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-07 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-04 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22061-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22044-01 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21601-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22084-04 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21598-01 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21598-03 | 01/10/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22069-01 | 01/10/17 | $   397.85 | $   397.85 | $   66.31 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22047-04 | 01/10/17 | $   321.50 | $   321.50 | $   53.58 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22069-03 | 01/10/17 | $   119.60 | $   119.60 | $   19.93 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22047-01 | 01/10/17 | $   1,156.75 | $   1,156.75 | $   192.79 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22059-01 | 02/06/17 | $   429.35 | $   429.35 | $   71.56 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22026-02 | 02/06/17 | $   317.20 | $   317.20 | $   52.87 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-10 | 01/26/17 | $   2,764.25 | $   2,764.25 | $   460.71 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22041-01 | 01/17/17 | $   842.75 | $   842.75 | $   140.46 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22041-02 | 01/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22032-02 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22064-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22059-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22081-02 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22026-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22026-04 | 02/16/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22081-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22087-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22069-03 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22087-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22089-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22060-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22028-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22089-03 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22026-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL263358 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22059-02 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22059-03 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22058-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22080-01 | 02/17/17 | $   115.75 | $   115.75 | $   19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22080-05 | 02/17/17 | $   115.75 | $   115.75 | $   19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-09 | 02/17/17 | $   117.50 | $   117.50 | $   19.58 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22042-02 | 02/17/17 | $   400.25 | $   400.25 | $   66.71 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22047-01 | 02/17/17 | $   - | $   - | | 12/05/17 | 10228595 |

| Vendor | Invoice # | Date | | | | Date | Check # |
|---|---|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL22072-01 | 03/01/17 | $ 378.50 | $ 378.50 | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22041-03 | 03/01/17 | $ 165.00 | $ 165.00 | $ 63.08 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22084-03 | 03/01/17 | $ - | $ - | $ 27.50 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22049-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22061-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22061-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL21601-05 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22064-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22063-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22047-03 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22047-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22089-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22089-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22090-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22090-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22091-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-08 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22078-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22041-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22032-03 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22078-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22080-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22080-03 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22084-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22069-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-03 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-02 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22071-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22032-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22071-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22072-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22084-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22032-04 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-01 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22083-03 | 03/07/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22085-03 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22042-01 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22692-02 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22692-03 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22042-03 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL1264700 | 04/13/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23107-01 | 05/16/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23278-01 | 05/16/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-04 | 05/16/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23107-01 | 05/16/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23042-03 | 05/16/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23042-01 | 05/16/17 | $ 47.50 | $ 47.50 | $ 7.92 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23917-02 | 05/26/17 | $ 47.50 | $ 47.50 | $ 7.92 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23917-03 | 05/26/17 | $ - | $ - | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23432-02 | 05/30/17 | $ 115.75 | $ 115.75 | $ 19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23278-03 | 06/09/17 | $ - | $ - | | 12/05/17 | 10228595 |

| Name | Invoice | Date | Amount | Amount | Amount | Date | Desc |
|---|---|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL22072-06 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23278-02 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-06 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-06 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-05 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-03 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-01 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23917-04 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23917-05 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-08 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23042-02 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22342-02 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-02 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-01 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23320-01 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23432-01 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23565-01 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23565-09 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23565-09 | 06/09/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23922-01 | 07/11/17 | $ 126.25 | $ 126.25 | $ 21.04 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL26230-01 | 07/11/17 | $ 400.25 | $ 400.25 | $ 66.71 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23922-01 | 07/11/17 | $ 1,315.70 | $ 1,315.70 | $ 219.28 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23920-01 | 07/11/17 | $ 1,464.70 | $ 1,464.70 | $ 244.12 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-04 | 07/12/17 | $ 23.00 | $ 23.00 | $ 3.83 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-09 | 07/13/17 | $ 179.75 | $ 179.75 | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-09 | 07/13/17 | $ 115.75 | $ 115.75 | $ 19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-05 | 07/13/17 | $ 124.50 | $ 124.50 | $ 20.75 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-01 | 07/17/17 | $ 115.75 | $ 115.75 | $ 19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-01 | 07/17/17 | $ 119.60 | $ 119.60 | $ 19.93 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-04 | 07/17/17 | $ 207.75 | $ 207.75 | $ 34.63 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-02 | 07/17/17 | $ 741.25 | $ 741.25 | $ 123.54 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-02 | 07/18/17 | $ 2,194.66 | $ 2,194.66 | $ 365.78 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-01 | 07/18/17 | $ 1,483.75 | $ 1,483.75 | $ 247.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-01 | 07/18/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-01 | 07/18/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-04 | 07/18/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-04 | 07/18/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL268198 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-03 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-06 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23406-05 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23918-01 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23918-01 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24053-01 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-07 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-02 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23407-01 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23722-01 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23934-05 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-04 | 07/28/17 | $ 15.00 | $ 15.00 | $ 2.50 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24565-02 | 07/28/17 | $ 115.75 | $ 115.75 | $ 19.29 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23915-02 | 07/31/17 | $ 15.00 | $ 15.00 | $ 2.50 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23918-02 | 08/01/17 | $ 15.00 | $ 15.00 | $ 2.50 | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-08 | 08/29/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |

| Vendor | Invoice | Date | | Date | Ref |
|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL23922-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23930-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23920-04 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23911-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23911-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23912-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23934-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23943-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL2307-04 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23920-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23912-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23923-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23725-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23922-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23921-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23934-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23944-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23950-05 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23920-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23915-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23915-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23912-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23950-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24053-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23915-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24050-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24050-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-06 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-05 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24108-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24051-05 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23922-04 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23944-04 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23934-03 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23955-01 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24108-02 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24050-04 | 08/29/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23945-07 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23944-05 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24052-05 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24111-04 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24490-02 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24406-01 | 09/20/17 | $ | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24411-04 | 09/20/17 | $ | 12/05/17 | 10228595 |

| Payee | Invoice / Ref | Date | Amount | Amount | Amount | Date | Check # |
|---|---|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL24411-03 | 09/20/17 | $ - | | | | |
| Nationwide Legal LLC | NWL24411-02 | 09/20/17 | $ - | | | | |
| Nationwide Legal LLC | NWL23944-06 | 09/20/17 | $ - | | | | |
| Nationwide Legal LLC | NWL24843-01 | 10/16/17 | $ 90.75 | $ 90.75 | $ 15.13 | | |
| Nationwide Legal LLC | NWL24843-04 | 09/26/17 | $ 110.75 | $ 110.75 | $ 18.46 | | |
| Nationwide Legal LLC | NWL24843-03 | 09/20/17 | $ 204.50 | $ 204.50 | $ 34.08 | | |
| Nationwide Legal LLC | NWL24842-01 | 10/24/17 | $ 657.00 | $ 657.00 | $ 109.50 | | |
| Nationwide Legal LLC | NWL24839-01 | 11/09/17 | $ 2,494.50 | $ 2,494.50 | $ 415.75 | | |
| Nationwide Legal LLC | NWL24565-02 | 11/10/17 | $ 10,099.00 | $ 10,099.00 | $ 1,442.71 | | |
| Nationwide Legal LLC | NWL23945-02 | 11/10/17 | $ 3,007.15 | $ 3,007.15 | $ 429.59 | | |
| Nationwide Legal LLC | NWL23945-01 | 11/10/17 | $ 348.00 | $ 348.00 | $ 49.71 | | |
| Nationwide Legal LLC | NWL24841-03 | 11/13/17 | $ - | | | | |
| Nationwide Legal LLC | NWL24490-04 | 11/13/17 | $ - | | | | |
| Nationwide Legal LLC | NWL24411-01 | 11/13/17 | $ - | | | | |
| Nationwide Legal LLC | 272784 | 11/13/17 | $ - | | | | |
| Nationwide Legal LLC | NWL24715-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24838-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL25868-02 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24840-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24840-02 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24842-04 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL25705-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL25705-02 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22085-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL22085-02 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL23910-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 273308 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL25868-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL25868-02 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24840-01 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24843-03 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | NWL24565-03 | 11/13/17 | | | | 12/05/17 | 10228595 |
| Nationwide Legal LLC | 273866 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26050-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26049-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26049-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26049-03 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26049-04 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26049-05 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL24839-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL24841-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL24842-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL24843-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL24995-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL25324-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL25324-03 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL25324-02 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26444-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26442-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26465-01 | 11/30/17 | | | | | |
| Nationwide Legal LLC | NWL26465-02 | 11/30/17 | | | | | |

| Creditor | Reference | Date | | | | Desc | |
|---|---|---|---|---|---|---|---|
| Nationwide Legal LLC | NWL26465-03 | 11/30/17 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL24411-05 | 11/30/17 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL25324-01 | 11/30/17 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL25460-01 | 11/30/17 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL24565-04 | 12/28/17 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 274602 | 01/11/18 | $ 1,215.85 | $ 1,215.85 | $ 173.69 | 04/10/18 | 10233432 |
| Nationwide Legal LLC | 275103 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 275537 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL24839-03 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL25460-02 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL24842-03 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26463-02 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26483-01 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26536-01 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26536-02 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-01 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-02 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-03 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-04 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-05 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-06 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-07 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-08 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-09 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26599-01 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26463-03 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26463-01 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-11 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-10 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-12 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL26537-13 | 01/11/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL23944-01 | 01/25/18 | $ 490.35 | $ 490.35 | $ 70.05 | 04/10/18 | 10233432 |
| Nationwide Legal LLC | NWL23944-03 | 02/22/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | NWL24490-01 | 02/26/18 | $ 565.45 | $ 565.45 | $ 80.78 | 04/10/18 | 10233432 |
| Nationwide Legal LLC | NWL24490-03 | 03/27/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 277595 | 03/27/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 278219 | 03/27/18 | $ - | $ - | $ - | | |
| Nationwide Legal LLC | 278219B | 04/23/18 | $ - | $ - | $ - | | |
| Northstar Environmental Remediation | 5440 | 11/07/17 | $ 16,755.00 | $ 16,755.00 | $ 2,556.77 | 12/05/17 | 10228595 |
| One Legal LLC | 10568764 | 06/15/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 10675492 | 09/27/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 10749089 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 10958987 | 07/19/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 11043740 | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 11049781 | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 11053313 | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| One Legal LLC | 11102539 | 11/13/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |

Exhibit "3"
Page 51

| Vendor | Invoice | Date | Amount | Amount | Amount | Date | Number |
|---|---|---|---|---|---|---|---|
| Proficio Tech, Inc. | 20406 | 02/01/18 | $ 3,101.94 | $ 3,101.94 | $ 443.13 | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV02739 | 02/08/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV03575 | 06/15/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV03576 | 06/15/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV03666 | 07/28/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV04350 | 01/10/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05121 | 06/27/17 | $ 979.65 | $ 979.65 | $ 163.28 | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05153 | 06/29/17 | $ 13,279.05 | $ 13,279.05 | $ 2,213.18 | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05315 | 08/17/17 | $ 351.31 | $ 351.31 | $ 58.55 | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05407 | 09/07/17 | $ 3,136.17 | $ 3,136.17 | $ 522.70 | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05448 | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05493 | 10/11/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05530 | 11/13/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05667 | 11/30/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| RE-QWEST Legal Technologies | IRV05998 | 02/12/18 | $ 1,036.04 | $ 1,036.04 | $ 148.01 | 04/10/18 | 10233432 |
| RE-QWEST Legal Technologies | IRV06108 | 03/13/18 | $ - | $ - | $ - | | |
| RE-QWEST Legal Technologies | IRV06125 | 04/23/18 | $ - | $ - | $ - | | |
| Stoney-Miller Consultants Inc. | 70081-00 | 05/20/16 | $ 9,282.05 | $ 9,282.05 | $ 1,856.41 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70136-00 | 06/03/16 | $ 1,912.50 | $ 1,912.50 | $ 382.50 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70191-00 | 06/17/16 | $ 1,147.25 | $ 1,147.25 | $ 229.45 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70321-00 | 07/31/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70373-00 | 07/31/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70524-00 | 10/25/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70864-00 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70819-00 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 70580-00 | 12/07/16 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 71006-00 | 01/10/17 | $ - | $ - | $ - | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72106-00 | 04/21/17 | $ 9,949.20 | $ 9,949.20 | $ 1,658.20 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72112-00 | 05/19/17 | $ 6,029.20 | $ 6,029.20 | $ 1,004.87 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72132-00 | 06/30/17 | $ 14,456.70 | $ 14,456.70 | $ 2,409.45 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72261-00 | 07/14/17 | $ 3,127.50 | $ 3,127.50 | $ 521.25 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72338-00 | 07/28/17 | $ 5,662.10 | $ 5,662.10 | $ 943.68 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72383-00 | 08/11/17 | $ 7,831.45 | $ 7,831.45 | $ 1,305.24 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72522-00 | 08/25/17 | $ 3,028.50 | $ 3,028.50 | $ 504.75 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72558-00 | 09/08/17 | $ 3,793.20 | $ 3,793.20 | $ 632.20 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72641-00 | 09/22/17 | $ 4,867.60 | $ 4,867.60 | $ 811.27 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72734-00 | 10/06/17 | $ 10,971.52 | $ 10,971.52 | $ 1,828.59 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72816-00 | 10/20/17 | $ 6,564.65 | $ 6,564.65 | $ 1,094.11 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72880-00 | 11/03/17 | $ 6,398.75 | $ 6,398.75 | $ 1,041.07 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 72962-00 | 11/17/17 | $ 2,618.50 | $ 2,618.50 | $ 374.07 | 12/05/17 | 10228595 |
| Stoney-Miller Consultants Inc. | 73209 | 12/29/17 | $ 9,836.25 | $ 9,836.25 | $ 1,405.18 | 04/10/18 | 10233432 |
| Stoney-Miller Consultants Inc. | 73323 | 01/12/18 | $ 6,823.25 | $ 6,823.25 | $ 974.75 | 04/10/18 | 10233432 |
| Stoney-Miller Consultants Inc. | 73327 | 01/26/18 | $ 11,018.75 | $ 11,018.75 | $ 1,574.11 | 04/10/18 | 10233432 |

| Creditor | Invoice # | Date | Amount | Adjusted | Shares | Pay Date | Check # | Check Amount |
|---|---|---|---|---|---|---|---|---|
| Stoney-Miller Consultants Inc. | 73408 | 02/09/18 | $ 8,144.05 | $ 8,144.05 | 1,163.44 | 04/10/18 | 10233432 | |
| Stoney-Miller Consultants Inc. | 73477 | 02/23/18 | $ 8,108.25 | $ 8,108.25 | 1,158.32 | 04/10/18 | 10233432 | |
| Stoney-Miller Consultants Inc. | 73624 | 03/09/18 | $ 9,502.03 | $ 9,502.03 | 1,357.43 | 04/10/18 | 10233432 | |
| Stoney-Miller Consultants Inc. | 73632 | 03/23/18 | $ 1,899.80 | $ 1,899.80 | 271.40 | | | |
| Thomas P. Kerr, Inc. | 18-0114 | 01/14/18 | $ 2,444.47 | $ 2,444.47 | 349.21 | 04/10/18 | 10233432 | |
| Tower Interpreting Services | 510253 | 01/27/17 | $ 575.00 | $ 575.00 | 95.83 | 12/05/17 | 10228595 | |
| Tower Interpreting Services | 516500 | 11/01/17 | $ 575.00 | $ 575.00 | 95.83 | 12/28/17 | 10233432 | $ 138,306.59 |
| Tower Interpreting Services | 518094 | 01/03/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 520596 | 04/10/18 | $ 345.00 | $ 345.00 | 49.29 | | | |
| Tower Interpreting Services | 520594 | 04/10/18 | $ 700.00 | $ 700.00 | 100.00 | | | |
| Tower Interpreting Services | 520595 | 04/10/18 | $ 825.00 | $ 825.00 | 117.86 | | | |
| Tower Interpreting Services | 520591 | 04/10/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 520590 | 04/10/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 520810 | 04/17/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 520809 | 04/17/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 520808 | 04/17/18 | $ 825.00 | $ 825.00 | 117.86 | | | |
| Tower Interpreting Services | 520807 | 04/17/18 | $ 345.00 | $ 345.00 | 49.29 | | | |
| Tower Interpreting Services | 521223 | 05/02/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 521222 | 05/02/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 521221 | 05/02/18 | $ 825.00 | $ 825.00 | 117.86 | | | |
| Tower Interpreting Services | 521220 | 05/02/18 | $ 825.00 | $ 825.00 | 117.86 | | | |
| Tower Interpreting Services | 521219 | 05/02/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 521218 | 05/02/18 | $ 575.00 | $ 575.00 | 82.14 | | | |
| Tower Interpreting Services | 521217 | 05/02/18 | $ 345.00 | $ 345.00 | 49.29 | | | |
| Veritext Corporate Services, Inc., | CA3189869 | 12/20/17 | $ 952.70 | $ 952.70 | 136.10 | 04/10/18 | 10233432 | |
| Veritext Corporate Services, Inc., | CA3215544 | 01/18/18 | $ 1,336.40 | $ 1,336.40 | 190.91 | 04/10/18 | 10233432 | |
| Veritext Corporate Services, Inc., | CA3215590 | 01/18/18 | $ 533.05 | $ 533.05 | 76.15 | 04/10/18 | 10233432 | $ 139,290.12 |
| Walter W. Lane | 111417 | 01/16/18 | $ 2,792.00 | $ 2,792.00 | 398.86 | | | |

| | Total Adjusted: | $ 2,571,490.79 | Current Balance Due | $ 2,570,060.94 | $ 403,841.41 | | PAID | $ 345,050.10 |
|---|---|---|---|---|---|---|---|---|
| | Total Shares: | $ 403,841.41 | | | | | | |

| Insured / Insurer | Shares | PAID | Current Balance Due |
|---|---|---|---|
| AIG Insurance / AIG Specialty Claims | $ 403,841.41 | $ 345,050.10 | 58,791.31 |

Celestino Acosta, et al v. City of Lng Beach, et al, Friendly Village Mobile Home Park / AIG Insurance Company / 2 Way Split - Admiral & AIG (50/50 Split)
Stoney Miller Invoices submission for payment - 1st party claim - Friendly Village - AIG Env. 9297693195US and 9297693195US-003

| Vendor/Name | Invoice# | InvoiceDate | RequestedAmount | AdjustedAmount | ShareAmount | AIG % | Date PAID | Check# | Amount PAID |
|---|---|---|---|---|---|---|---|---|---|
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70525-01 | 08/26/16 | $ 4,958.50 | $ 4,958.50 | $ 2,479.25 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70581-01 | 09/09/16 | $ 2,569.75 | $ 2,569.75 | $ 1,284.88 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70652-01 | 09/23/16 | $ 587.50 | $ 587.50 | $ 293.75 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70653-02 | 09/23/16 | $ 10,249.10 | $ 10,144.10 | $ 5,072.05 | 50.00% | 08/24/17 unknown | | $ 1,207.50 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70730-01 | 10/07/16 | $ 2,100.00 | $ 2,100.00 | $ 1,050.00 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70731-02 | 10/07/16 | $ 14,238.10 | $ 13,883.20 | $ 6,941.60 | 50.00% | 08/24/17 unknown | | $ 4,081.35 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 70865-01 | 11/04/16 | $ 1,965.55 | $ 1,965.55 | $ 982.78 | 50.00% | 08/24/17 unknown | | $ 315.45 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71007-01 | 12/02/16 | $ 1,207.50 | $ 1,207.50 | $ 603.75 | 50.00% | 08/24/17 unknown | | $ 603.75 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71121-00 | 12/30/16 | $ 577.50 | $ 577.50 | $ 288.75 | 50.00% | 05/19/17 unknown | | $ 288.75 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71121-00 | 01/13/17 | $ 377.50 | $ 377.50 | $ 188.75 | 50.00% | 05/19/17 unknown | | $ 188.75 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71211-01 | 01/13/17 | $ 9,890.00 | $ 9,890.00 | $ 4,945.00 | 50.00% | 08/24/17 unknown | | $ 4,900.00 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71759-01 | 04/21/17 | $ 3,190.00 | $ 3,190.00 | $ 1,595.00 | 50.00% | 08/24/17 unknown | | $ 1,595.00 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 71760-03 | 04/21/17 | $ 18,923.93 | $ 18,923.93 | $ 9,461.97 | 50.00% | 08/24/17 unknown | | $ 9,461.97 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72109-01 | 05/19/17 | $ 7,598.20 | $ 7,598.20 | $ 3,799.10 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72133-01 | 06/30/17 | $ 5,547.01 | $ 5,547.01 | $ 2,773.51 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72262-01 | 07/14/17 | $ 2,566.25 | $ 2,566.25 | $ 1,283.13 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72384-01 | 08/11/17 | $ 420.00 | $ 420.00 | $ 210.00 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72559-01 | 09/08/17 | $ 3,570.00 | $ 3,570.00 | $ 1,785.00 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72642-01 | 09/22/17 | $ 5,762.50 | $ 5,762.50 | $ 2,881.25 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72735-01 | 10/06/17 | $ 525.00 | $ 525.00 | $ 262.50 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72881-01 | 11/03/17 | $ 4,620.00 | $ 4,620.00 | $ 2,310.00 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 72963-01 | 11/17/17 | $ 4,267.50 | $ 4,267.50 | $ 2,133.75 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73041-01 | 12/29/17 | $ 630.00 | $ 630.00 | $ 315.00 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73324-01 | 01/12/18 | $ 57,352.25 | $ 57,352.25 | $ 28,676.13 | 50.00% | 01/12/18 Retainer Applied | | $ 19,500.00 |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73328-01 | 01/26/18 | $ 525.00 | $ 525.00 | $ 262.50 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73409-01 | 02/09/18 | $ 105.00 | $ 105.00 | $ 52.50 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73478-01 | 02/23/18 | $ 577.50 | $ 577.50 | $ 288.75 | 50.00% | | | |
| Stoney-Miller Consultants Inc. 1st Party Claim (50/50 Split) | 73625-01 | 03/09/18 | $ 525.00 | $ 525.00 | $ 262.50 | 50.00% | | | |
| | | | $ 165,426.14 | $ 164,966.24 | $ 82,483.12 | | | | $ 42,142.52 |

Insured / Insurer: AIG Insurance / AIG Specialty Claims

| | Shares | PAID | Current Balance Due |
|---|---|---|---|
| | $ 82,483.12 | $ 42,142.52 | 40,340.60 |

Total Adjusted: $ 164,966.24
Total Shares: $ 82,483.12
Invoice Count: 28

Retainer Remainder $22,000

Case 8:18-bk-13864-ES    Doc 96    Filed 08/01/19    Entered 08/01/19 20:07:47    Desc
Main Document        Page 162 of 180

# APPENDIX B

| | | | | | |
|---|---|---|---|---|---|
| Indemnity | 5/10/2018 | 58791.41 JDI DATA CORPOR... | Accepted | Issued | 5/10/2018 |
| Indemnity | 5/10/2018 | 18,340.60 JDI DATA CORPOR... | Accepted | Issued | 5/10/2018 |
| Indemnity | 4/9/2018 | 139,290.12 JDI DATA CORPOR... | Accepted | Paid | 4/23/2018 |
| Indemnity | 12/4/2017 | 138,306.59 JDI DATA CORPOR... | Accepted | Paid | 12/12/2017 |
| Indemnity | 5/16/2017 | 6,807.43 COOKSEY TOOLEN ... | Accepted | Paid | 5/22/2017 |
| Indemnity | 5/16/2017 | 10,669.79 COOKSEY TOOLEN ... | Accepted | Paid | 5/22/2017 |
| Indemnity | 5/16/2017 | 41,500.00 STONEY MILLER C... | Accepted | Paid | 6/6/2017 |
| Indemnity | 5/16/2017 | 14,699.06 COOKSEY TOOLEN ... | Accepted | Paid | 5/22/2017 |
| Indemnity | 5/12/2017 | 5,604.30 STONEY MILLER C... | Accepted | Paid | 5/21/2017 |
| Indemnity | 5/12/2017 | 5503.75 STONEY MILLER C... | Accepted | Paid | 5/21/2017 |
| Indemnity | 5/12/2017 | 11,534.47 STONEY MILLER C... | Accepted | Paid | 5/21/2017 |
| Indemnity | 10/25/2016 | 13,863.23 COOKSEY TOOLEN ... | Accepted | Paid | 10/31/2016 |
| Indemnity | 9/2/2016 | 21,413.88 COOKSEY TOOLEN ... | Accepted | Paid | 9/20/2016 |
| | | **486324.63** | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S FOURTH MOTION FOR ORDER EXTENDING THE TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS OR, ALTERNATIVELY, FOR ORDER AUTHORIZING THE TRUSTEE TO ASSUME ESCROW AND BUYBACK AGREEMENT PURSUANT TO 11 U.S.C. § 365(A); MEMORANDUM OF POINTS OF AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 28, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 28, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 28, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Personal Delivery** | **Via Email** |
|---|---|
| PRESIDING JUDGE'S COPY | **Attorneys for Plaintiffs** |
| Bankruptcy Judge Erithe A. Smith. | Aram Ordubegian – aram.ordubegian@arentfox.com |
| United States Bankruptcy Court, Central District of California | Gary D. Fields – gary@fieldslawcorp.com |
| Ronald Reagan Federal Building and Courthouse | Brian Kabateck – bsk@kbklawyers.com |
| 411 West Fourth Street, Suite 5040 / Courtroom 5A | |
| Santa Ana, CA 92701-4593 | |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2019 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4848-9195-7675, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Continued.
   - **DEBTOR FRIENDLY VILLAGE MHP ASSOCIATES LP:** Howard Camhi    hcamhi@ecjlaw.com,
     tcastelli@ecjlaw.com; amatsuoka@ecjlaw.com
   - **CREDITOR ESTATE OF DAVE DAHLSTROM:** Gary Fields    meagan@fieldslawcorp.com,
     anna@fieldslawcorp.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays    ehays@marshackhays.com,
     8649808420@filings.docketbird.com
   - **RICHARD A MARSHACK (TR):** Richard A Marshack (TR)    pkraus@marshackhays.com,
     rmarshack@iq7technology.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Kristine A Thagard    kthagard@marshackhays.com,
     8649808420@filings.docketbird.com
   - **INTERESTED PARTY COURTESY NEF:** Jeffrey G Thomas    jgthomas128@gmail.com,
     usoldit@hotmail.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
   - **TRUSTEE RICHARD A MARSHACK (TR):** David Wood    dwood@marshackhays.com,
     8649808420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

| DEBTOR / MAIL REDIRECTED TO TRUSTEE | US TRUSTEE | ATTORNEY FOR TRUSTEE |
|---|---|---|
| FRIENDLY VILLAGE MHP ASSOCIATES LP<br>320 NORTH PARK VISTA STREET<br>ATTENTION : OFFICE<br>ANAHEIM, CA 92806-3722 | UNITED STATES TRUSTEE (SA)<br>411 W FOURTH ST., SUITE 7160<br>SANTA ANA, CA 92701-4500 | ARTHUR GREBOW<br>GREBOW & RUBIN LLP<br>16133 VENTURA BLVD STE 260<br>ENCINO, CA 91436 |
| **CONSULTANT FOR TRUSTEE**<br>FORCE TEN PARTNERS LLC<br>20341 SW BIRCH ST STE 220<br>NEWPORT BEACH, CA 92660 | **MANAGEMENT COMPANY FOR TRUSTEE**<br>INVESTORS' PROPERTY SERVICES<br>26020 ACERO STE 200<br>MISSION VIEJO, CA 92691 | **ACCOUNTANT FOR TRUSTEE**<br>KARL T. ANDERSON<br>340 S. FARRELL DR.<br>SUITE A210<br>PALM SPRINGS, CA 92262 |
| **INTERESTED PARTY**<br>LISA R. CAMPBELL, ATTORNEY III<br>LEGAL AFFAIRS DIVISION,<br>HOUSING & COMMUNITY<br>DEVELOPMENT<br>2020 W EL CAMINO AVENUE,<br>SUITE 525<br>SACRAMENTO, CA 95833 | **INTERESTED PARTY**<br>SHIKARI NAKAGAWA-OTA, REHS,<br>CHIEF ENVIRONMENTAL HEALTH<br>SPECIALIST<br>SOLID WASTE MANAGEMENT<br>INSPECTION & ENFORCEMENT<br>PROGRAM, LOCAL ENFORCEMENT<br>AGENCY (LEA)<br>5050 COMMERCE DRIVE<br>BALDWIN PARK, CA 91706 | **INTERESTED PARTY**<br>TAYLOR M. ANDERSON, DEPUTY<br>CITY ATTORNEY<br>LONG BEACH CITY ATTORNEY'S<br>OFFICE<br>411 W OCEAN BLVD, 9TH FLOOR<br>LONG BEACH, CA 90802 |
| **INTERESTED PARTY**<br>JAMES IAN STANG<br>PACHULSKI STANG ZIEHL &<br>JONES LLP<br>10100 SANTA MONICA BLVD,<br>13TH FL<br>LOS ANGELES, CA 90067-4100 | **INTERESTED PARTY**<br>JEFFREY I. GOLDEN<br>WEILAND GOLDEN GOODRICH<br>650 TOWN CENTER DRIVE #600<br>COSTA MESA, CA 92626 | **AGENT FOR SERVICE**<br>ADMIRAL INSURANCE<br>C/O MR. STACY D. BROWN<br>FREBERG ENVIRONMENTAL<br>INSURANCE, INC.<br>2000 SOUTH COLORADO BLVD,<br>TOWER II, SUITE 800<br>DENVER, CO 80222 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

4848-9195-7675, v. 1

**AGENT FOR SERVICE**
AIG PROPERTY CASUALTY CO. /
CHARTIS
AGENT FOR SERVICE OF
PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN
CA AS CSC LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**AGENT FOR SERVICE**
AMERICAN RELIABLE INSURANCE CO.
AGENT FOR SERVICE OF PROCESS
NATIONAL REGISTERED AGENTS,
INC.
881 WEST SEVENTH STREET, SUITE
930
LOS ANGELES, CA 90017

**AGENT FOR SERVICE**
ASPEN SPECIALTY INSURANCE
COMPANY
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN CA
AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
AXIS INSURANCE COMPANY
AGENT FOR SERVICE OF
PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN
CA AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
FIRST AMERICAN PROPERTY &
CASUALTY
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE COMPANY
DOING BUSINESS IN CA AS CSC
LAWYERS INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
GOTHAM INSURANCE & FINANCIAL
SERVICES CORP.
AGENT FOR SERVICE OF PROCESS
BUSINESS FILINGS
INCORPORATED
187 WOLF ROAD, SUITE 101
ALBANY, NY 12205

**AGENT FOR SERVICE**
INTERSTATE (SUBSIDIARY OF
FIREMAN'S FUND INS. CO.)
AGENT FOR SERVICE OF
PROCESS
CT CORPORATION SYSTEM
881 WEST SEVENTH STREET,
SUITE 930
LOS ANGELES, CA 90017

**AGENT FOR SERVICE**
NATIONAL UNION FIRE INS. CO. OF
PITTSBURGH, PA
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE COMPANY
DOING BUSINESS IN CA AS CSC
LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**AGENT FOR SERVICE**
THE TRAVELERS CASUALTY
COMPANY
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN CA
AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
TOKIO MARINE SPECIALTY
INSURANCE COMPANY
AGENT FOR SERVICE OF
PROCESS
CT CORPORATION SYSTEM
111 EIGHTH AVE, 13TH FL
NEW YORK, NY 10011

**AGENT FOR SERVICE**
WESCO INSURANCE CO.
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE COMPANY
DOING BUSINESS IN CA AS CSC
LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**ATTORNEY FOR ADMIRAL
INSURANCE**
LYNN TRANG, ESQ.
WALSH MCKEAN FURCOLO LLP
550 WEST C STREET, SUITE 950
SAN DIEGO, CA 92101

**ATTORNEY FOR AIG SPECIALTY
INSURANCE COMPANY**
W. DAVE CAMPAGNE, ESQ.,
STEPHEN R. WONG, ESQ.
SINNOTT, PUEBLA, CAMPAGNE &
CURET APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CA 94608-1816

**ATTORNEY FOR AMERICAN
RELIABLE INSURANCE COMPANY**
LIMOR LEHAVI, ESQ.
MOKRI VANIS & JONES, LLP
4100 NEWPORT PLACE DR., SUITE 840
NEWPORT BEACH, CA 92660

**ATTORNEY FOR GOTHAM
INSURANCE COMPANY**
LAWRENCE A. TABB, ESQ.,
STEPHEN M. GREEN, ESQ.
MUSICK PEELER & GARRETT, LLP
ONE WILSHIRE BOULEVARD, SUITE
2000
LOS ANGELES, CA 90017

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4848-9195-7675, v. 1

**ATTORNEY FOR INTERSTATE FIRE AND CASUALTY COMPANY**
MARY E. MCPHERSON, ESQ.,
YVONNE M. SCHULTE, ESQ.
TRESSLER LLP
2 PARK PLAZA, SUITE 1050
IRVINE, CA 92614

**ATTORNEY FOR NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**
ANDREW D. HEROLD, ESQ. , DAVID G. HACKETT, ESQ., SAMUEL J. MORRIS, ESQ.
HEROLD & SAGER
50 SECOND STREET, SUITE 200
ENCINITAS, CA 92024

**NEW ADDR 2/4/19**
**ATTORNEY FOR STATE COURT LITIGATION**
DAVID E WOOD
BARNES & THORNBURG LLP
2029 CENTURY PARK EAST STE 300
LOS ANGELES, CA 90067

**ATTORNEY FOR STATE COURT LITIGATION**
JOSHUA ROSENBERG
BARNES & THORNBURG LLP
2029 CENTURY PARK EAST STE 300
LOS ANGELES, CA 90067

**ATTORNEY FOR WESCO INSURANCE COMPANY**
TUNG KHUU, ESQ.
NIELSEN, HALEY & ABBOTT LLP
100 SMITH RANCH ROAD, SUITE 350
SAN RAFAEL, CA 94903

**ATTORNEY FOR KORT & SCOTT FINANCIAL GROUP**
AND SIERRA CORPORATE MANAGEMENT, INC.
AIRENE WILLIAMSON, ESQ.
320 N. PARK VISTA STREET
ANAHEIM, CA 92806

**ATTORNEY FOR KORT & SCOTT FINANCIAL GROUP**
AND SIERRA CORPORATE MANAGEMENT, INC.
RICHARD E. HASKIN, ESQ.
GIBBS, GIDEN, LOCHER TURNER SENET & WITTBRODT LLP
1880 CENTURY PARK EAST, 12TH FLOOR
LOS ANGELES, CA 90067

**ATTORNEY FOR FRIENDLY VILLAGE MOBILE ASSOCIATES, LP**
A. RAYMOND HAMRICK, III, ESQ.
HAMRICK & EVANS LLP
2600 W OLIVE AVENUE, SUITE 1020
BURBANK, CA 92660

**CARRIER**
ADMIRAL INSURANCE
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
1000 HOWARD BLVD., SUITE 300
PO BOX 5430
MOUNT LAUREL, NJ 08054

**CARRIER**
ASPEN SPECIALTY INSURANCE COMPANY
C/O ASPEN SPECIALTY INSURANCE MANAGEMENT, INC.
135 MAIN STREET, SUITE 1950
SAN FRANCISCO, CA 94105

**CARRIER**
AXIS INSURANCE COMPANY
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
11680 GREAT OAKS WAY, SUITE 500
ALPHARETTA, GA 30022

**CARRIER**
AXIS INSURANCE COMPANY
C/O BROWN & BROWN INSURANCE OF AZ
2800 N. CENTRAL AVE., #1100
PO BOX 2800
PHOENIX, AZ 85004

**CARRIER**
FIRST AMERICAN PROPERTY & CASUALTY
ATTN: LARRY DAVIDSON, CEO
4 FIRST AMERICAN WAY
SANTA ANA, CA 92707

**CARRIER**
PHILADELPHIA INSURANCE COMPANIES
ATTN: ROBERT D. OLEARY, JR., PRESIDENT
ONE BALA PLAZA, SUITE 100
BALA CYNWYD, PA 19004

**CARRIER**
THE TRAVELERS CASUALTY COMPANY
ATTN: NICHOLAS SEMINARA, CEO
ONE TOWER SQUAR
HARTFORD, CT 06183

**CARRIER**
TOKIO MARINE SPECIALTY INSURANCE COMPANY
ATTN: ROBERT D. OLEARY, JR., PRESIDENT
ONE BALA PLAZA, SUITE 100
BALA CYNWYD, PA 19004

**CREDITOR / POC ADDRESS**
AIG PROPERTY CASUALTY COMPANY
CHARTIS SPECIALTY INSURANCE COMPANY
STEPHEN WONG
2000 POWELL STREET, SUITE 830
EMERYVILLE, CA 94608

**CREDITOR / POC ADDRESS**
AIG PROPERTY CASUALTY, INC.
KEVIN J. LAMER, AUTHORIZED REPRESENTATIVE
80 PINE STREET, 13TH FLOOR
NEW YORK, NY 10005

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ATTORNEY FOR KORT & SCOTT FINANCIAL GROUP**
BOIS SCHILLER FLEXNER LLP
JEANNE FUGATE; MICHAEL LESLIE; KELLY PERIGOE; GAYCE ZELPHIN
725 SOUTH FIGUEROA STREET, 31ST FLOOR
LOS ANGELES, CA 90017

**ATTORNEY FOR FRIENDLY VILLAGE GP, LLC**
BREMER WHYTE BROWN & O'MEARA LLP
CHRISTOPHER CUMMISKY, MICHAEL D'ANDREA, ROCHELLE RAJZAI, JENNIFER RAZZANO, CAITLIN SALATA
21215 BURBANK BOULEVARD, SUITE 500
WOODLAND HILLS, CA 91367

**ATTORNEY FOR FRIENDLY VILLAGE MOBILE ASSOCIATES, LP**
BUCHALTER, A PROFESSIONAL CORPORATION
MARIAM BICKNELL, ANNE MARIE ELLIS, MICHAEL PRECIADO, SAMUEL SCHLEIER, ELENI SWANK, GARY WOLENSKY
18400 VON KARMAN AVE, SUITE 800
IRVINE, CA 92612

**ATTORNEY FOR FRIENDLY VILLAGE GP, LLC; FRIENDLY VILLAGE MHP ASSOCIATES, LP, AND SIERRA CORPORATE MANAGEMENT, INC.**
COOKSEY TOOLEN GAGE DUFFY & WOOG
BEN GAGE, THERESA LAZORISAK, ROBERT MATRANGA, MATTHEW PAHL, PHILLIP WOOG
535 ANTON BOULEVARD, 10TH FLOOR
COSTA MESA, CA 92626

**ATTORNEY FOR ALON US ENERGY AND PARAMOUNT PETROLEUM CORPORATION**
PERKINS COIE LLP
MEREDITH WEINBERG
1201 THIRD AVENUE, SUITE 4900
SEATTLE, WA 98101

**ATTORNEY FOR FRIENDLY VILLAGE ENTITITES, KORT & SCOTT FINANCIAL GROUP, AND SIERRA CORPORATE MANAGEMENT**
WOOD SMITH HENNING & BERMAN LLP
VICTORIA ERSOFF, EMIL MACASINAG, MATTHEW ROCHLIN, THOMAS VANDENBURG
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CA 90024

**ATTORNEY FOR CITY OF LONG BEACH**
RICHARDS WATSON & GERSHON
LISA BOND, PATRICK SKAHAN
355 SOUTH GRAND AVENUE, 40TH FLOOR
LOS ANGELES, CA 90071-3101

**ATTORNEY FOR KORT & SCOTT FINANCIAL GROUP, SIERRA CORPORATE MANAGEMENT, INC. AND FRIENDLY VILLAGE MHP ASSOCIATES, LP**
BERKES CRANE ROBINSON & SEAL LLP
STEVEN CRANE, PETER MARCUS
515 SOUTH FIGUEROA STREET, SUITE 1500
LOS ANGELES, CA 90071

**ATTORNEY FOR CHEVRONS USA INC.**
STEPTOE & JOHNSON LLP
JASON LEVIN, JENNIFER BONNEVILLE, JOO CHA WEBB
633 WEST FIFTH STREET, SUITE 700
LOS ANGELES, CA 90071

**ATTORNEY FOR KORT FAMILY TRUST U/D/T DECEMBER 1, 2004 AND AMENDED NOVEMBER 2, 2006**
AND MICHAEL H. SCOTT REVOCABLE TRUST U/D/T AUGUST 15, 2007
RAYMOND P. BOUCHER
BOUCHER LLP
21600 OXNARD STREET, SUITE 600
WOODLAND HILLS, CA 91367

**INTERESTED PARTY**
CITY NATIONAL BANK
DEDE VEGA, ASSISTANT VICE PRESIDENT AND TRUST OFFICER
555 SOUTH FLOWER STREET, 11TH FLOOR
LOS ANGELES, CA 90071

**INTERESTED PARTY**
DANIEL C. FISCHER
14751 PLAZA DRIVE, SUITE H
TUSTIN, CALIFORNIA 92780

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

4848-9195-7675, v. 1

**INTERESTED PARTY**
MICHAEL MOWREY
2600 AUGUSTA
TUSTIN, CALIFORNIA 92782

**INTERESTED PARTY**
WALTER E. NOVICK
7942 AVENIDA KIRJAH
LA JOLLA, CALIFORNIA 92037

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4848-9195-7675, v. 1