| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>KRISTINE A. THAGARD, #94401<br>kthagard@marshackhays.com<br>DAVID A. WOOD, #272406<br>dwood@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Trustee, RICHARD A. MARSHACK | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>FRIENDLY VILLAGE GP, LLC, | CASE NO.: 8:18-bk-13864-ES |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION FOR:**<br><br>TRUSTEE'S MOTION TO APPROVE THREE RELATED COMPROMISES OF CONTROVERSIES: (1) CERTAIN STATE COURT ACTION; (2) CERTAIN INSURANCE COVERAGE LITIGATION; AND (3) ALON USA ENERGY INC. AND PARAMOUNT PETROLEUM CORPORATION<br><br>**(*Specify name of Motion*)** |
| Debtor(s). | DATE: 11/19/2019<br>TIME: 10:30 am<br>COURTROOM: 5A<br>PLACE: United States Bankruptcy Court<br>          411 West Fourth Street<br>          Santa Ana, CA 92701-4593 |

1. TO (*specify name*):  ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.) ***

***The exhibits to the Motion have been filed in a separate Compendium with the Court. Copies may be obtained from the Court or Kristine A. Thagard, whose address and name is in the upper left-hand corner of this Notice.**

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  _10/28/2019_____

MARSHACK HAYS LLP_____
Printed name of law firm

/s/ Kristine A. Thagard_____
Signature

Kristine A. Thagard_____
Printed name of attorney

***[This Notice is being filed concurrently in the In re: Friendly Village MHP Associates, L.P., case 8:18-bk-13638-ES. The Notices in both cases are identical.]**

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                                            Page 2                                **F 9013-1.1.HEARING.NOTICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>KRISTINE A. THAGARD, #94401<br>kthagard@marshackhays.com<br>DAVID A. WOOD, #272406<br>dwood@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Trustee, RICHARD A. MARSHACK | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>FRIENDLY VILLAGE MHP, ASSOCIATES, L.P., | CASE NO.: 8:18-bk-13638-ES<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br><br>TRUSTEE'S MOTION TO APPROVE THREE RELATED COMPROMISES OF CONTROVERSIES: (1) CERTAIN STATE COURT ACTION; (2) CERTAIN INSURANCE COVERAGE LITIGATION; AND (3) ALON USA ENERGY INC. AND PARAMOUNT PETROLEUM CORPORATION<br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 11/19/2019<br>TIME: 10:30 am<br>COURTROOM: 5A<br>PLACE: United States Bankruptcy Court<br>　　　411 West Fourth Street<br>　　　Santa Ana, CA 92701-4593 |

1. TO (*specify name*):
   <u>ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD</u>

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)***

**\*\*\*The exhibits to the Motion have been filed in a separate Compendium with the Court. Copies may be obtained from the Court or Kristine A. Thagard, whose address and name is in the upper left-hand corner of this Notice.**

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:   10/28/2019

MARSHACK HAYS LLP
Printed name of law firm

/s/ Kristine A. Thagard
Signature

Kristine A. Thagard
Printed name of attorney

**\*\*\*[This Notice is being filed concurrently in the In re: Friendly Village GP, LLC, case 8:18-bk-13864-ES. The Notices in both cases are identical.]**

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                          **F 9013-1.1.HEARING.NOTICE**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
KRISTINE A. THAGARD, #94401
kthagard@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FRIENDLY VILLAGE GP, LLC,<br><br>       Debtor. | Case No. 8:18-bk-13864-ES<br><br>Chapter 7<br><br>TRUSTEE'S MOTION TO APPROVE THREE RELATED COMPROMISES OF CONTROVERSIES: (1) CERTAIN STATE COURT ACTION; (2) CERTAIN INSURANCE COVERAGE LITIGATION; AND (3) ALON USA ENERGY INC. AND PARAMOUNT PETROLEUM CORPORATION; AND APPROVE SUPER-PRIORITY ADMINISTRATIVE LOAN OF $11 MILLION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF RICHARD A. MARSHACK AND BRIAN KABATECK IN SUPPORT<br><br>[COMPENDIUM OF EXHIBITS FILED CONCURRENTLY HEREWITH]<br><br>[This Motion is being filed concurrently in the *In re: Friendly Village MHP Associates, L.P.*, case 8:18-bk-13638-ES. The Motions in both cases are identical.]<br><br>Hearing<br>Date:      November 19, 2019<br>Time:     10:30 a.m.<br>Ctrm:     5A<br>Location:  United States Bankruptcy Court<br>          411 West Fourth Street<br>          Santa Ana, CA 92701-4593 |

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  KRISTINE A. THAGARD, #94401
   kthagard@marshackhays.com
3  DAVID A. WOOD, #272406
   dwood@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, California 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
8

9                   UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11 | In re                        | Case No. 8:18-bk-13638-ES

12 | FRIENDLY VILLAGE MHP, ASSOCIATES, | Chapter 7
   | L.P.,
13 |                              | TRUSTEE'S MOTION TO APPROVE THREE
   |          Debtor.             | RELATED COMPROMISES OF
14 |                              | CONTROVERSIES: (1) CERTAIN STATE
   |                              | COURT ACTION; (2) CERTAIN
15 |                              | INSURANCE COVERAGE LITIGATION;
   |                              | AND (3) ALON USA ENERGY INC. AND
16 |                              | PARAMOUNT PETROLEUM
   |                              | CORPORATION; AND APPROVE SUPER-
17 |                              | PRIORITY ADMINISTRATIVE LOAN OF
   |                              | $11 MILLION
18 |
   |                              | MEMORANDUM OF POINTS AND
19 |                              | AUTHORITIES; AND DECLARATIONS OF
   |                              | RICHARD A. MARSHACK AND BRIAN
20 |                              | KABATECK IN SUPPORT

21 |                              | [COMPENDIUM OF EXHIBITS FILED
   |                              | CONCURRENTLY HEREWITH]
22 |
   |                              | [This Motion is being filed concurrently in the
23 |                              | *In re: Friendly Village GP, LLC*, case 8:18-bk-
   |                              | 13864-ES. The Motions in both cases are
24 |                              | identical.]

25 |                              | Hearing
   |                              | Date:      November 19, 2019
26 |                              | Time:      10:30 a.m.
   |                              | Ctrm:      5A
27 |                              | Location:  United States Bankruptcy Court
   |                              |            411 West Fourth Street
28 |                              |            Santa Ana, CA 92701-4593

───────────────────────────────────────────────────
                     MOTION TO APPROVE COMPROMISES
3/1503-001

1

# TABLE OF CONTENT

1.  Summary of Argument ................................................................................................1

    A.    State Court Settlement Agreement.............................................................2

    B.    The Insurance Coverage Litigation.........................................................3

    C.    The Paramount Agreements ......................................................................3

2.  Procedural Background................................................................................................4

    A.    Statement of Facts......................................................................................4

            i.    The Bankruptcy Cases .................................................................4

            ii.    The State Court Action .................................................................5

            iii.    Insurance Carrier Litigation ........................................................8

    B.    Continued Operations and the Rent Reduction and Release Agreement......................9

    C.    The Escrow and Buyback Agreement.......................................................10

    D.    Other Assets of the Estates .......................................................................11

3.  The Agreements ..........................................................................................................11

4.  Details of the Proposed Compromises .......................................................................11

    A.    State Court Settlement Agreement.............................................................12

            i.    Agreement ....................................................................................12

            ii.    Effective Date ..............................................................................12

            iii.    Funding ........................................................................................12

            iv.    Sale of the Property......................................................................14

            v.    Distribution after Sale of the Property .........................................14

            vi.    Trustee Compensation ..................................................................15

            vii.    Appointment of Special Master and Allocation Procedure............16

            viii.    Protections for Plaintiffs and Claimants in Special Master Allocation procedure......................................................................17

            ix.    Releases........................................................................................19

            x.    Trustee and Buyer Protection.......................................................19

i

xi.    Attorneys' Fees ...................................................................21

B.    Insurance Coverage Litigation Settlement Agreement .............................21

i.    Agreement ...................................................................21

ii.    Effective Date ...............................................................22

iii.    Payments ...................................................................22

iv.    Stipulations of Exhaustion ..............................................22

v.    Mutual Releases ...........................................................22

vi.    Withdrawal of Claim .....................................................23

vii.    Dismissals ...................................................................23

viii.    Attorneys' Fees and Costs ..............................................23

ix.    Confidentiality ...........................................................24

C.    The Paramount Agreements- Dismissal Agreement, Stipulation and Tolling Agreement ...........................................................................24

i.    Dismissal Agreement ....................................................24

ii.    The Tolling Agreement ..................................................25

5.    Legal Argument ...................................................................25

A.    The Court may approve settlements of Estate claims..............................25

i.    The probability of success ..............................................26

1.    State Court Action.................................................26

2.    Insurance Coverage Litigation ................................28

3.    Paramount Agreements.........................................28

ii.    Difficulties in Collection................................................28

iii.    Complexity of Litigation................................................29

iv.    Expense, Inconvenience, and Delay ................................30

B.    The Agreements are fair and equitable and should be approved ................31

6.    Prayer ...................................................................................32

Declaration of Richard A. Marshack ...............................................................37

# TABLE OF AUTHORITIES

**Cases**

*ATKN Company v. Guy F. Atkinson Company of California (In re Guy F. Atkinson Company),*
242 B.R. 497, 502 (9th Cir. BAP 1999) .......................................................................... 26

*In re A & C Properties,*
784 F.2d 1377, 1380-81 (9th Cir. 1986) ......................................................................... 27

*In re Heissinger Resources Ltd.,*
67 Bankr. 378, 383 (C.D. Ill. 1986) ................................................................................ 27

*In re Hermitage Inn, Inc.,*
66 Bankr. 71, 72 (Bankr. D. Colo. 1986) ....................................................................... 27

*Martin v. Robinson,*
479 U.S. 854, 107 S.Ct. 189 (1989) ............................................................................... 27

*Schmitt v. Ulrich (In re Schmitt),*
215 B.R. 417, 424 (9th Cir. BAP 1997) ......................................................................... 26

**Statutes**

§ 1542 .................................................................................................................................. 19

§ 9019 .................................................................................................................................. 12

11 U.S.C. § 326 ................................................................................................................... 16

11 U.S.C. § 362 ..................................................................................................................... 6

11 U.S.C. § 364(c)(1) .......................................................................................................... 13

11 U.S.C. § 721 .............................................................................................................. 9, 10

11 U.S.C. § 726 ..................................................................................................... 14, 28, 35

11 U.S.C. section 363 (f) ..................................................................................................... 20

Bankruptcy Code § 326 ....................................................................................................... 16

California Civil Code § 2860 ................................................................................................. 6

California Code of Civil Procedure §187 ............................................................................ 28

Section 1542 of the California Civil Code ........................................................................... 23

iii

1  **Rules**

2  FRBP 2002 .................................................................................................................... 25

3  Rule 9019 of the Federal Rules of Bankruptcy Procedure ................................................... 1

4  Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ............................................ 25

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4827-1291-0499, v. 3

1   TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT

2   JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

3   PARTIES:

4            Richard A. Marshack, the duly appointed and acting chapter 7 trustee ("Trustee") for the

5   bankruptcy estates ("Estates") of Friendly Village MHP, Associates, L.P. and Friendly Village GP,

6   LLC (collectively "Debtors"), submits this motion ("Motion") for an order, pursuant to Rule 9019 of

7   the Federal Rules of Bankruptcy Procedure ("FRBP"), approving two (2) related settlement

8   agreements and a related agreement for dismissal, which taken together effectuate a global

9   compromise between multiple parties, including two bankruptcy estates, regarding ongoing highly

10  complex state court litigation commenced by Debtors' tenants and associated equally complex

11  coverage litigation with Debtors' insurance carriers.

12  ## 1.    Summary of Argument

13           A bankruptcy court can approve settlements that are fair and equitable. Here, all parties have

14  agreed to a global settlement that will provide over $42.5 million to resolve multiple state court

15  litigations and clears the path for the eventual sale of the Property (defined below). The settlement

16  agreements were reached after months of arduous negotiation and over 11 mediation sessions with

17  four separate mediators,[1] approximately five of which were attended by the Trustee and his counsel.

18  The settlements were a result of a Herculean effort by all parties. The settlement agreements and

19  agreement for dismissal completely resolve two state court actions, *Acosta et al. v. Friendly Village,*

20  *et al.,* Los Angeles County Superior Court Case No. BC 591412 ("State Court Action") and *Friendly*

21  *Village Mobile Associates, LP, et al. v. American Reliable Insurance Company, et al.*, Los Angeles

22  Superior Court Case No. BC702267 ("Insurance Coverage Litigation"). The State Court Action has

23  been pending for over 4 years, and the first phase of the trial representing only 22% of the Plaintiffs

24  resulted in a verdict against the Debtors of approximately $5.5 million in compensatory damages and

25  over $6 million in punitive damages.

26           The settlement in the Insurance Coverage Litigation provides funding for the settlement of

27  the State Court Action and is inextricably tied to that settlement. Finally, the agreement regarding

28

---

[1] Judge Tevrizian (Ret.), Ross Hart, Judge Freeman and Judge Lichtman (Ret.).

1  dismissal with Alon USA Energy Inc. and Paramount Petroleum Corporation (together,

2  "Paramount") provides for a waiver of costs and a tolling agreement for the dismissal of Paramount

3  from the State Court Action. The three interrelated agreements which are the subject of this Motion

4  are summarized below.

5  ## A.    State Court Settlement Agreement

6  The Settlement Agreement and Release in the *Acosta et al. v. Friendly Village, et al.,* Los

7  Angeles County Superior Court Case No. BC 591412 ("State Court Settlement Agreement") is

8  between the following parties:

- Richard A. Marshack (previously defined as "Trustee"), in his capacity as chapter 7 trustee of the bankruptcy estate ("FV MHP Estate") of Friendly Village MHP, Associates, LP ("FV Debtor" or "FV MHP") and as chapter 7 trustee of the bankruptcy estate ("FV GP Estate," together with FV MHP the "Estates") of Friendly Village, GP, LLC, a California Limited Liability Company ("FV GP");
- The 246 individual Plaintiffs ("Plaintiffs") in the State Court Action;
- The 103 claimants who ONLY filed proofs of claims ("POC") in the FV MHP Estate and the FV GP Estate, i.e. they are ***not*** Plaintiffs, (together with the Plaintiffs who also filed proofs of claims against the Estates "Claimants");
- Kabateck LLP and Fields Law, the attorneys for Plaintiffs and Claimants;
- Sierra Corporate Management, Inc. ("Sierra");
- Kort & Scott Financial Group, LLC ("KSFG"); and
- Lee Kort and Michael Scott, individually ("Individuals") (collectively, "State Court Settlement Agreement Parties").

17  Under the State Court Settlement Agreement FV MHP, FV GP, Sierra and KSFG

18  (collectively, "Settling Defendants"), Individuals, and Interstate Fire and Casualty Company

19  ("Interstate"), Gotham Insurance Company ("Gotham"), Admiral Insurance Company ("Admiral"), and

20  National Union Fire Insurance Company of Pittsburgh ("National Union", together with Interstate,

21  Gotham and Admiral "Participating Insurance Carriers"), without any admission of fault or wrongdoing

22  of any kind by any of them, desire to fully and finally compromise and settle any and all disagreements,

23  disputes, and claims which they may have, or may hereafter have with Plaintiffs and Claimants arising

24  from or in any way connected with the State Court Action, the Park (defined below), Plaintiffs' POC or

25  Claimants' POC.

26  Plaintiffs and Claimants have agreed to release all of their claims against Settling Defendants,

27  Individuals, the Kort Family Trust u/d/t December 1, 2004 and amended November 2, 2006 and the

28  Michael H. Scott Revocable Trust u/d/t/ August 15, 2007 (collectively, "Family Trusts"), Trustee and

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

1   Participating Insurance Carriers in consideration of the payments made towards the Qualified Settlement

2   Fund (as defined in the State Court Settlement Agreement), and other valuable consideration described

3   therein. A copy of the State Court Settlement Agreement is attached to the Declaration of Richard A.

4   Marshack ("Marshack Declaration") as Exhibit "1."

5       **B.    The Insurance Coverage Litigation**

6       The Insurance Settlement Agreement and Release for the case styled *Friendly Village Mobile*

7   *Associates, LP, et al. v. American Reliable Insurance Company, et al.*, Los Angeles Superior Court

8   Case No. BC702267 ("Insurance Coverage Settlement Agreement") is between

9       - Richard A. Marshack (previously defined as "Trustee"), in his capacity as Chapter 7
          trustee of FV MHP and FV GP;
10      - Sierra;
        - KSFG;
11      - Friendly Village Mobile Associates, L.P., a dissolved limited partnership ("FV1");
        - Interstate;
12      - Gotham;
        - National Union;
13      - Admiral;
        - AIG Specialty Insurance Company ("AIG Specialty");
14      - American Reliable Insurance Company ("American Reliable");
        -  Wesco Insurance Company ("Wesco");
15      -  Daniel C. Fischer; Michael Mowrey; Walter E. Novick (collectively "FV 1
          Principals"); and
16      - Individuals (collectively "Insurance Settlement Agreement Parties").

17      The Insurance Coverage Settlement Agreement is a funding agreement for part of the State

18  Court Settlement Agreement. It provides for releases by and between the insurance companies that

19  are parties to the Insurance Coverage Settlement Agreement and their insureds. It also provides for

20  the release of certain monies held at City National Bank ("Escrow Agent") in escrow ("Escrow

21  Funds") from the pre-bankruptcy buy back of a policy issued by AIG Specialty. As a result of the

22  Insurance Settlement Agreement, the Interstate and Gotham insurance policies are exhausted with

23  respect to the Park. A copy of the Insurance Coverage Settlement Agreement is attached to the

24  Marshack Declaration as Exhibit "2."

25      **C.    The Paramount Agreements**

26      The Paramount agreements consist of (i) an Agreement to Dismiss Cross-Complaint without

27  prejudice and for each party to bear its own costs and fees ("Dismissal Agreement"); (ii) Stipulation

28  and [Proposed] Order to Dismiss the Cross-Claims against Paramount ("Stipulation"); and

3
MOTION TO APPROVE COMPROMISES

(iii) Tolling Agreement (collectively, "Paramount Agreements"). The Paramount Agreements are between:

- Richard A. Marshack (previously defined as "Trustee"), in his capacity as Chapter 7 trustee of FV MHP and FV GP;
- Sierra;
- KSFG; and
- Paramount (collectively, "Paramount Parties").

The Paramount Agreements provide for the dismissal of Paramount from the State Court Action and a Tolling Agreement of the statute of limitations for any claims of FV MHP, FV GP, Sierra and KSFG against Paramount.

A copy of the Dismissal Agreement is attached to the Marshack Declaration as Exhibit "3." A copy of the Stipulation is attached to the Marshack Declaration as Exhibit "4." A copy of the Tolling Agreement is attached to the Marshack Declaration as Exhibit "5."

Put together, the State Court Settlement Agreement, the Insurance Coverage Settlement Agreement, and the Paramount Agreements will facilitate a $42.5 million settlement, and will end litigation that has gone on for years. The Trustee believes that the agreements are in the best interest of the Estates and their creditors and should be approved.

## 2. Procedural Background

### A. Statement of Facts

#### i. The Bankruptcy Cases

On October 2, 2018, FV MHP filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date"). A true and correct copy of this Court's webPACER for Case No. 8:18-bk-13638-ES as of September 26, 2019, is attached to the Marshack Declaration as Exhibit "6." The FV Debtor owns a mobile home park located at 5450 North Paramount Blvd., Long Beach, California 90805 ("Property"). *See* Marshack Decl., ¶16.

Initially, Karen S. Naylor was appointed as the Chapter 7 Trustee ("Ms. Naylor"). Marshack Decl., ¶9. On October 5, 2018, Ms. Naylor resigned, and Richard A. Marshack was appointed as the Chapter 7 Trustee ("Trustee"). *Id.*, ¶15.

Immediately upon his appointment, the Trustee mobilized his investigation into FV Debtor's financial affairs. The Trustee was informed that FV Debtor is the owner and operator of a 182 plus

1  unit, 18-acre, mobile home park in Long Beach ("Park"). The Debtor's general partner is FV GP,

2  which in turn is owned by the Family Trusts of the Individuals. *Id.*, ¶16.

3        On October 21, 2018, FV GP also filed a voluntary petition under Chapter 7 of Title 11.

4  Richard A. Marshack was also appointed as Chapter 7 Trustee in the FV GP case. A true and correct

5  copy of this Court's webPACER for the bankruptcy case of FV GP, Case No. 8:18-bk-13864-ES as

6  of September 26, 2019, is attached to the Marshack Declaration as Exhibit "7."

7        The Trustee is informed that FV GP's assets consist of its equity interest in FV Debtor and in

8  various insurance policies which name both Debtors as insureds. *Id.*, ¶18.

9        The creditor matrix filed in the FV GP case indicates that most, if not all, of its creditors are

10  also creditors in FV Debtor's case. The proofs of claims filed by current and former tenants of the

11  Park, 246 of whom are Plaintiffs and 103 of which are only Claimants, were filed in both the FV

12  MHP Estate and the FV GP Estate. *Id.,* ¶19.

13          **ii.**     **The State Court Action**

14        The bankruptcy case was precipitated by ongoing state court litigation commenced on

15  August 13, 2015, by some of Debtors' tenants in the Superior Court of the State of California,

16  County of Los Angeles, entitled *Celestino Acosta, an individual, et al., v. City of Long Beach, a*

17  *municipality; Friendly Village Mobile Associates L.P., D.B.A. Friendly Village of Long Beach, a*

18  *California Limited Liability Company; Friendly Village MHP Associates L.P., D.B.A. Friendly*

19  *Village of Long Beach, a California Limited Liability Company; Friendly Village, GP, LLC, a*

20  *California Limited Liability Company; Sierra Corporate Management, Inc.; Kort and Scott*

21  *Financial Group LLC; and Does 1-100*, assigned as Case No. BC591412 (previously defined as

22  "State Court Action"). Marshack Decl., ¶20.

23        Plaintiffs in the State Court Action filed the original complaint on August 13, 2015, and

24  thereafter filed five amended complaints. The operative complaint is the Fifth Amended Complaint

25  filed on May 11, 2018. The Fifth Amended Complaint named Settling Defendants, Does 1-100, and

26  FV1. A copy of the Fifth Amended Complaint is attached to the Marshack Declaration as

27  Exhibit "8."

28  / / /

MOTION TO APPROVE COMPROMISES

Before the filing of the Fifth Amended Complaint, Plaintiffs entered into a confidential settlement with the City of Long Beach ("City"). The City was thereafter dismissed from the State Court Action. FV1 has also previously entered into a confidential settlement with Plaintiffs. *Id.,* ¶22.

Plaintiffs are current and former residents of the Park who leased spaces in the Park from the FV MHP and the FV GP. The allegations in the State Court Action include claims by Plaintiffs that they have sustained property damage, bodily injury, and/or personal injury including, but not limited to, invasions of their private occupancy rights and interferences with their use and enjoyment of their leasehold interests, arising from a failure to maintain the Park. Plaintiffs also seek statutory attorneys' fees and costs against Settling Defendants associated with the claims brought in the State Court Action. *See* Marshack Decl., Ex. 8, pgs. 741-808.

Interstate, Gotham and Admiral are defending Settling Defendants in the Action through independent counsel of their own choosing in accordance with California Civil Code § 2860, subject to a full and complete reservation of rights. Marshack Decl., ¶23.

Prior to the commencement of the Bankruptcy cases, FV MHP was the owner and operator of the Park. Sierra managed the Park from February 2014, to October 2, 2018. KSFG never owned, operated or managed the Park, but entered into an agreement to purchase the Park on November 22, 2013. On February 5, 2014, KSFG entered into an Assignment and Assumption of the Purchase Agreement whereby KSFG assigned all of its rights under the agreement to purchase the Park to FV MHP. *Id.*, ¶24.

On the FV MHP and FV GP petitions dates, the State Court Action was in the midst of a multi-week jury trial. On October 2, 2018, the State Court issued a ruling that the automatic stay under 11 U.S.C. § 362 pertained only to FV Debtor and allowed the trial to move forward as to all other defendants. *Id.*, ¶25.

On October 9, 2018, the Trustee filed a motion for relief from the automatic stay as Dk. No. 16 ("FV MHP RFS Motion"), to allow the underlying State Court Action to continue trial to liquidate all of the Plaintiffs' claims against FV MHP at trial in the State Court Action versus a contested claim objection process in the Bankruptcy Court. *See* Marshack Decl., Ex. 6, pg. 673. On

/ / /

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

1   October 12, 2018, as Dk. No. 30, the Court entered an order granting the FV MHP RFS Motion. *Id.*,

2   pg. 675.

3         Similarly, upon the filing of the FV GP case, the Trustee filed a motion for relief from the

4   automatic stay on October 22, 2018, as Dk. No. 10 ("FV GP RFS Motion"), to allow the underlying

5   State Court Action to continue trial to liquidate all of the Plaintiffs' claims at trial against FV GP in

6   the State Court Action versus a contested claim objection process in the Bankruptcy Court. *Id.*,

7   Marshack Decl., Ex. 7, pgs. 714-715. On October 25, 2018, as Dk. No. 20 in the FV GP case, the

8   Court entered an order granting the FV GP RFS Motion. *Id.*, pg. 716.

9         In late November 2018, the jury returned verdicts in phase one[2] of the State Court Action

10   awarding approximately thirty spaces $5.5 million in actual damages against all defendants, and

11   $3,440,212 in punitive damages against FV MHP. Marshack Decl., ¶28. The jury also awarded

12   $3,440,212 in punitive damages against FV GP[3], $8,600,530 in punitive damages against Sierra., and

13   $18,921,166 in punitive damages against KSFG *Id.*, ¶29. Phase one of the trial included the claims

14   of several dozens of the tenants who occupied the thirty spaces. Subsequent phases of the trial will

15   cover the claims of the remaining Plaintiffs.

16         The claims bar dates in the both bankruptcy cases were set for May 13, 2019. Plaintiffs' POC

17   and Claimants' POC were timely filed[4]. Marshack Decl., ¶30.

18         Except for the phase one trial plaintiffs, the claims of all Plaintiffs remain pending and absent

19   the State Court Settlement Agreement, are subject to being tried in subsequent phases of trial in the

20   State Court Action. *Id.*, ¶ 31.

21         On June 12, 2019, each of the Settling Defendants filed appeals from the phase one verdict.

22   *Id.*, ¶ 32.

23

24

25   [2] Because of the number of Plaintiffs, the State Court Action was being tried in phases. Phase one consisted
     of approximately 22% of the total number of Plaintiffs.

26   [3] The punitive damages against FV GP were reversed and vacated by minute order dated May 17, 2019, in the
     State Court Action.

27   [4] Through excusable neglect, the claim of Plaintiff Rodrigo Acosta Mayorga ("Mayorga") was filed late.

28   However, the Trustee and Mayorga's attorneys entered into a stipulation dated October 22, 2019 Dk. No. 271
     to allow the claim to be considered timely filed.

### iii.    Insurance Carrier Litigation

Prior to the Petition Date, on May 24, 2018, FV MHP, FV GP, Sierra Corporate Management, and Kort & Scott Financial Group, LLC filed their first amended complaint for declaratory relief in a separate state court action in the Superior Court of the State of California, County of Los Angeles, entitled *Friendly Village Mobile Associates LP, d/b/a Friendly Village of Long Beach, a California limited partnership; Sierra Corporate Management, Inc., a California corporation; Friendly Village MHP Associates, L.P., d/b/a Friendly Village of Long Beach, a California limited partnership; Friendly Village GP, LLC, a California limited liability company; Kort & Scott Financial Group, LLC, a California limited liability company, v. American Reliable Insurance Company, an Arizona corporation; Wesco Insurance Company, a Delaware corporation; Gotham Insurance Company, a New York corporation; National Union Fire Insurance Company of Pittsburgh, PA., a Pennsylvania corporation, and Does 1-100, inclusive,* assigned as Case No. BC 702267 ("Insurance Coverage Complaint"). *Id.*, ¶33. A true and correct copy of Insurance Coverage Complaint is attached as Exhibit "9" to the Marshack Declaration.

On August 13, 2018, Gotham filed a cross-complaint against the Debtors ("Gotham Cross-Complaint"). *Id.*, ¶34. On the same day, National Union filed a cross-complaint against the Debtors ("National Union Cross-Complaint"). *Id.* On August 20, 2011, Interstate filed a cross-complaint against the Debtors ("Interstate Cross-Complaint," collectively with the Gotham Cross-Complaint and National Union Cross-Complaint referred to as the "Carrier Cross-Complaints;" the Carrier Cross-Complaints, collectively with Insurance Coverage Complaint and previously defined as "Insurance Carrier Litigation"). *Id., ¶35.*

On March 5, 2019, as Dk. No. 141 in the FV MHP case, the Trustee and various other parties to the Insurance Carrier Litigation filed a stipulation for relief from the automatic stay in order to allow the Insurance Carrier Litigation to proceed. *Id.*, Ex. 6, pg. 690. On March 6, 2019, as Dk. No. 142 in the FV MHP case, the Court entered an order approving the stipulation and allowed the Insurance Carrier Litigation to proceed. *Id.,* ¶36.

/ / /

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

On March 5, 2019, as Dk. No. 68, a stipulation for relief from the automatic stay in order to allow the Insurance Carrier Litigation to proceed in the FV GP case was filed. On March 6, 2019, as Dk. No. 69, the Court entered an order approving the stipulation and allowing the Insurance Carrier Litigation to proceed in the FV GP case. *Id*., ¶37.

## B.    Continued Operations and the Rent Reduction and Release Agreement

Immediately upon his appointment, the Trustee retained Robert Warren of Investor Property Services Inc. ("IPS"), as the Estate's property manager. *Id.*, ¶38. On November 26, 2018, as Dk. No. 69, the Court entered an order approving IPS as the property manager. *See* Marshack Decl., Ex. 6, pg. 680.

Rather than simply removing the tenants and restricting all access to the Property, the Trustee negotiated a rent reduction and release agreement ("Reduction Agreement"). *Id.*, ¶39. Pursuant to the terms of the Reduction Agreement, the Trustee agreed to reduce the monthly rent. In exchange, the tenants granted a general release to the Trustee, his professionals, and the Estate from any liability arising post-petition including from continued operations. *Id*. Nothing in the settlement agreements that are the subject of this motion effect the Reduction Agreement. *Id.*

On October 25, 2018, as Dk. No. 47 in the FV MHP case, the Trustee filed a motion for order (1) authorizing operation of the FV Debtor's business pursuant to 11 U.S.C. § 721; (2) authorizing collection of rents; (3) authorizing the payment of operating expenses; and (4) approval of the Reduction Agreement ("Operate Motion") which was set for hearing on November 15, 2018. *Id*., Ex. 6, pg. 677. On November 26, 2018, as Dk. No. 68, the Court entered an order granting the Operate Motion and approving the Reduction Agreement. *Id.*, Ex. 6, pg. 677; ¶41.

On January 10, 2019, as Dk. No. 112, the Trustee filed a second motion to extend the period for which he was authorized to operate FV Debtor's business under 11 U.S.C. § 721 ("Second Operate Motion"). *Id.*, Ex. 6, pg. 687. On February 1, 2019, as Dk. No. 130, the Court entered an order granting the Second Operate Motion, authorizing the Trustee to operate the FV Debtor's business through and including June 28, 2019. *Id.*, pg. 689.

/ / /

MOTION TO APPROVE COMPROMISES

On May 30, 2019, as Dk. No. 169, the Trustee filed a third motion to extend the period for which he was authorized to operate FV Debtor's business under 11 U.S.C. § 721 ("Third Operate Motion"). *Id.*, Ex. 6, pg. 695. On June 27, 2019, as Dk. No. 197, the Court entered an order granting the Third Operate Motion, authorizing the Trustee to operate FV Debtor's business through and including November 26, 2019. *Id.*, pg. 699.

## C.    The Escrow and Buyback Agreement

Previously the FV 1 Principals, on behalf of FV1, a dissolved limited partnership with a name very similar to the Debtors, ostensibly entered into an agreement ("Escrow Agreement") with City National Bank ("CNB"), and FV GP, whereby certain payments made by or on behalf of JDi Data Corporation and AIG Specialty Insurance Company would be placed into an escrow account, and subject to the control of an escrow agent. Marshack Decl., ¶44. A true and correct copy of the Escrow Agreement is attached to the Marshack Declaration as Exhibit "10." Sometime later, FV1 entered into a policy buyback and release agreement with FV GP and AIG Specialty ("Buyback Agreement"). Marshack Decl., ¶44. A true and correct copy of the Buyback Agreement is attached to the Marshack Declaration as Exhibit "11."

While the named parties to the FV Buyback Agreement are the FV 1 Principals in their capacity as formers partner of FV1, a dissolved limited partnership; and FV GP, for some reason Lee M. Kort (the principal of the FV Debtor through FV GP) executed the Buyback Agreement on behalf of FV1, an entity in which he had no interest but which has a name very similar to Debtors' name. *See* Marshack Decl. ¶45, Ex. 11, pg. 895. The Trustee has spoken to coverage counsel, and has been informed that the signatures were made in error. Marshack Decl., ¶45. So, while the Buyback Agreement appears to be an asset of the FV GP bankruptcy estate and the FV MHP estate, under the terms of the State Court Settlement Agreement the Escrow Funds are to be used to fund the State Court Settlement on behalf of both FV MHP and FV GP. The funds are to be transferred to the Trustee's Trust Account, which is part of the FV MHP Estate[5]. *Id.*, ¶45.

---

[5] As further explained in the summary of the State Court Settlement Agreement below, the funds being contributed to the State Court Settlement are to be deposited in the Trustee's Trust Account. The funds are then to be transferred to the Plaintiffs' counsel Qualified Settlement Fund for distribution pursuant to the allocations determined by Special Master Cathy Yanni of JAMS. All Plaintiffs and Claimants have agreed the Special Master will determine the allocation of funds to be paid to Plaintiffs and Claimants.

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

### D.     Other Assets of the Estates

Together with his professionals, the Trustee examined the assets of the Estates, including potential preference and fraudulent conveyance claims of the Estates against the Sierra, KSFG, Individuals and Family Trusts. Within four years prior to the Petition Dates the Individuals and Family Trusts received approximately $4,000,000 of distributions from the Estates. *Id.*, ¶62. Additionally, Sanford Michelman of the law firm Michelman and Robinson ("Michelman") was paid approximately $1,700,000 in the two years prior to the Petition Dates. *Id.*, ¶65.

Sierra, KSFG, Family Trusts and Individuals dispute all of the claims against them. *Id.*, ¶64. Further the Trustee understands that Michelman claims he is owed additional monies for fees not paid, although Michelman has not filed a proof of claim and the claims bar date has passed. *Id.*, ¶65.

### 3.     The Agreements

All parties to the settlement agreements engaged in extensive negotiations and without any admission of liability, all the parties mutually desire to resolve all disputes between and among them on the terms set forth in each of the respective settlement agreements.

All three agreements (State Court Settlement Agreement, Insurance Coverage Settlement Agreement, and Dismissal Agreement) are conditioned on Bankruptcy Court approval. *See* Marshack Decl., Ex. 1, pg. 10, Ex. 2, pg. 634, Ex. 3, pg. 652. In order for the insurance carriers to fund the State Court Settlement Agreement, the Insurance Coverage Settlement Agreement must be approved. While the Dismissal Agreement can stand alone, it is related to the overall dismissal of the State Court Action and global resolution of the disputes between all the parties. As such, the Trustee seeks approval of all three related and interconnected agreements as part of this Motion.

### 4.     Details of the Proposed Compromises

The following is a brief summary of the terms set forth in each agreement.[6] Subject to Bankruptcy Court approval.

/ / /

---

[6] All interested parties are advised to consult the complete agreements for all terms and conditions. True and correct copies of the State Court Settlement Agreement, Coverage Litigation Settlement Agreement and Dismissal Agreement are attached to the Marshack Declaration as Exhibits 1-3. The description of the settlement terms is a summary only.

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

### A.    State Court Settlement Agreement

Under the Terms of the State Court Settlement Agreement the State Court Settlement Agreement Parties have agreed as follows:

### i.    Agreement

Settling Defendants, Trustee, Individuals, and Participating Insurance Carriers, without any admission of fault or wrongdoing of any kind by any of them, desire to fully and finally compromise and settle any and all disagreements, disputes, and claims which they may have, or may hereafter have with Plaintiffs and Claimants arising from or in any way connected with the Action, the Park, Plaintiffs' POC or Claimants' POC. As more fully described in the State Court Settlement Agreement, Plaintiffs and Claimants have agreed to release all of their claims against Settling Defendants, Individuals, Family Trusts, Trustee and Participating Insurance Carriers in consideration of the payments made towards the Plaintiffs' Settlement Fund, and other valuable consideration described in the State Court Settlement Agreement.

### ii.    Effective Date

The effective Date of the State Court Settlement Agreement is the latest of the following conditions precedent: (a) Fourteen (14) calendar days after entry of a final order of the Bankruptcy Court (i) approving the State Court Settlement Agreement pursuant to the Bankruptcy Code and Rules of Bankruptcy Procedure provided that no appeal from such order is pending, and (ii) approving the Insurance Settlement Agreement; and (b) Fourteen (14) calendar days after receipt by Settling Defendants' Attorneys of signatures by every Plaintiff to the Required Settlement Documentation; and (c) Fourteen (14) calendar days after receipt by Settling Defendants' Attorneys of signatures by 95% of the 103 Claimants identified in Exhibit "A" to the Required Settlement Documentation (as defined in the State Court Settlement Agreement), provided that none of the non-signing Claimants oppose this § 9019 motions in the Bankruptcy Court.

### iii.    Funding

The Participating Insurance Carriers and the Individuals shall pay amounts to establish a Plaintiffs' Settlement Fund. The Plaintiffs' Settlement Fund shall be allocated according to the terms set forth in the State Court Settlement Agreement. *See* Marshack Decl., Ex. 1, pg. 11. Subject to the

MOTION TO APPROVE COMPROMISES

establishment and funding of the Reserve Account as set forth in Section 7.6 of the State Court Settlement Agreement, only Plaintiffs will be allocated a portion of the Plaintiffs' Settlement Fund. The amounts to be paid to establish the Plaintiffs' Settlement Fund are as follows:

(1) Interstate, Gotham, Admiral and National Union shall each pay Five Million Dollars ($5,000,000.00) on behalf of Settling Defendants for a total of Twenty Million Dollars ($20,000,000);

(2) Subject to the terms set forth in the Backend Rights Section 8 of the State Court Settlement Agreement, Individuals shall pay Eleven Million Five Hundred Thousand Dollars ($11,500,000.00) for the sole purpose of funding the Plaintiffs' Settlement Fund, and shall lend the Estates' Eleven Million Dollars ($11,000,000.00) as a super-priority administrative loan pursuant to 11 U.S.C. § 364(c)(1) to be used solely for the Estates' funding of the Plaintiffs' Settlement Fund. Such super-priority administrative claim, however, shall be subordinate to allowed administrative expenses and the payments in the priority set forth in Section 8.2 of the State Court Settlement Agreement;

(3) Interstate, Gotham, Admiral and Individuals shall pay their respective sums to the Trustee's Trust Account no later than seven (7) calendar days after the effective date. National Union shall pay its sum to the Trustee's Trust Account no later than sixty (60) calendar days after the effective date of the State Court Settlement Agreement;

(4) Subject to the written consent of the FV1 principals in the Insurance Settlement Agreement, and approval by the Bankruptcy Court of the Insurance Settlement Agreement, Trustee shall instruct and make necessary arrangements for the payment of the Escrow Funds, no later than seven (7) calendar days after the effective date, by City National Bank, as holder of the Escrow Funds, to the Trustee's Trust Account; and

(5) Within the later of five (5) business days after (i) receipt of all funds from the Insurance Carriers and Individuals, (ii) receipt by Settling Defendants' Attorneys of copies of signed Request(s) for Dismissal of the Action with prejudice, and (iii) entry of the final order of this Court approving this Motion, the Trustee shall disburse the Plaintiffs' Settlement Fund as follows:

MOTION TO APPROVE COMPROMISES

a. The sum of Forty-Two Million Five Hundred Thousand Dollars ($42,500,000.00) shall be paid from the Trustee's Trust Account to Plaintiffs' Attorneys on behalf of Plaintiffs through the Qualified Settlement Fund. After the payment to Plaintiffs' Attorneys on behalf of Plaintiffs through the Qualified Settlement Fund of the Forty-Two Million Five Hundred Thousand Dollars ($42,500,000.00) the balance shall be deposited to a reserve fund to be used for the maintenance, repair and remediation of the "Park". The "Reserve Fund" may be deposited into the account of FV Debtor held by the Trustee.

*See* Marshack Decl., Ex. 1, pgs. 6 and 12.

### iv.    Sale of the Property

Under the State Court Settlement Agreement, the Trustee shall use his sound business judgment and best efforts to sell the Park. *See* Marshack Decl., Ex. 1, pg. 12. Nothing in the State Court Settlement Agreement obligates Trustee to sell the Park for any particular price, at any particular time, or under any particular terms except as required by the Bankruptcy Code. *Id.*, pg. 12. Upon reasonable request, Trustee will provide updates regarding efforts to sell the Park and/or the status of consummating a sale of the Park.

### v.    Distribution after Sale of the Property

Upon sale of the Park by Trustee, Section 8 of the State Court Settlement Agreement provides:

(1) The proceeds from the sale of the Property shall be distributed pursuant to the provisions of 11 U.S.C. § 726 which means that all allowed administrative claims against the Estates shall be paid prior to any distributions of sales proceeds to Plaintiffs, Claimants, Individuals, or the Qualified Settlement Fund, or on account of the Backend Rights. After payment of all allowed administrative expenses, secured claims including property taxes, sale closing costs, costs of sale, and unpaid allowed priority (except Individuals) and general unsecured claims other than Plaintiffs, Plaintiffs' Attorneys, Claimants and Claimants' Attorneys, shall be paid as follows: (i) The next Four Million Dollars ($4,000,000.00) of sales proceeds shall be paid to the Qualified Settlement Fund for the

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

benefit of Claimants; (ii) The next Four Million Dollars ($4,000,000.00) of sales proceeds shall be paid irrevocably to Individuals in partial satisfaction of their super-priority administrative claim; (iii) The next One Million Dollars ($1,000,000.00) of sales proceeds shall be paid to the Qualified Settlement Fund for the benefit of Claimants; (iv) The next One Million Dollars ($1,000,000.00) of sales proceeds shall be paid irrevocably to Individuals in partial satisfaction of their super-priority administrative claim; (v) Any remaining net sales proceeds shall be allocated as 50% paid to the Qualified Settlement Fund for the benefit of Claimants and 50% to Individuals on account of their super-priority administrative claim; and (vi) Any money received from any other source whatsoever, including but not limited to remaining funds in the Estates' account, shall be allocated as 50% paid to the Qualified Settlement Fund for the benefit of Claimants and 50% paid to Individuals on account of their super-priority administrative claim;

(2) Any of the Estates' property, not otherwise distributed pursuant to Section 8.2.1 (i)-(vi) shall be distributed equally to the (i) Qualified Settlement Fund for the benefit of Claimants and to the (ii) Individuals, upon the Bankruptcy Court's approval of the Trustee's final report and payment of all allowed administrative expense claims;

(3) The Individuals' right to participate equally in any remaining funds described in Section 8 shall be limited to and shall in no circumstances exceed the Eleven Million Dollar ($11,000,000.00) super-priority administrative loan set forth in Section 7.1.5; and

(4) The foregoing payments to the Individuals and Claimants are irrevocable and not subject to any claw-back by the Trustee or his professionals notwithstanding that the Trustee and his professionals have accrued but unpaid fees and expenses at the time of the payment to the Individuals.

*See* Marshack Decl., Ex. 1, pg. 12.

## vi.    Trustee Compensation

The Trustee's compensation shall be calculated pursuant to Bankruptcy Code § 326 which provides a compensation formula based on all moneys disbursed or turned over to creditors. *See*

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

1  Marshack Decl., Ex. 1, pg. 14. The Trustee agrees he will not seek a commission on the Twenty-

2  Two Million Five Hundred Thousand Dollars ($22,500,000.00) paid/loaned by the Individuals. *Id.*,

3  pg. 14. In consideration of Trustee's agreement to limit his request for compensation pursuant to

4  this Section, all Parties waive any right to object and agree not to oppose the Trustee's request for

5  compensation, provided that they may object to compensation based on: (a) payment of allowed

6  administrative expenses to creditors who are not the Trustee's attorneys or accountants, and

7  (b) payment of allowed administrative expenses of the Trustee's attorneys and accountants to the

8  extent they exceed a total sum of $150,000. *Id.*, pg. 14.

9         Additionally, the Trustee will not seek a bonus or multiplier over and above the

10  compensation set forth in the percentages listed in 11 U.S.C. § 326. *Id.*, pg. 14. If Trustee does

11  seek a bonus or multiplier over and above the compensation set forth and the percentages

12  listed in 11 U.S.C. § 326, Claimants can object based upon his agreement. *Id.*, pg. 14.

13                    **vii.    Appointment of Special Master and Allocation Procedure**

14  Plaintiffs' Attorneys and Claimants' Attorneys have selected Cathy Yanni of JAMS to act as the

15  Special Master to determine the allocation of funds paid to Plaintiffs and Claimants pursuant to the

16  terms of this SAR.[7] Plaintiffs and Claimants agree that Settling Defendants, Individuals, Trustee,

17  and Participating Insurance Carriers are not responsible for determining allocation of any funds

18  among Plaintiffs and Claimants, or for paying any fees associated with the Special Master. *See*

19  Marshack Decl., Ex. 1, pg. 14.

20         Plaintiffs and Claimants recognize that the Special Master, with input from Plaintiffs'

21  Attorneys, may develop and implement processes, procedures and forms for the efficient

22  implementation of the settlement program. All decisions regarding the allocation of funds between

23  Plaintiffs and Claimants shall be determined by the Special Master, without involvement, role, or

24  responsibility by Settling Defendants, Individuals, Trustee, or Participating Insurance Carriers. *See*

25  Marshack Decl., Ex. 1, pg. 14.

26

27

28

---

[7] While not part of the State Court Settlement Agreement, there is a procedure that all Plaintiffs' and Claimants have agreed to and which gives them a right to appeal the allocation of Cathi Yanni. This process is set for the in the Declaration of Brian Kabateck, one of Plaintiffs' Attorneys.

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

Plaintiffs' Attorneys and Claimants' Attorneys shall provide a report to Trustee of the name of each Plaintiff and Claimant who is paid and the date of payment within fifteen (15) days of payment being made. *Id.*, pg. 14.

### viii. Protections for Plaintiffs and Claimants in Special Master Allocation procedure

As provided in the Declaration of Brian Kabateck ("Kabateck Declaration"), The Special Master's duties and authority include:

  a.  Determining the factors to be considered for allocation of settlement funds;

  b.  Calculating the actual allocation of settlement funds among the participating Plaintiffs and Claimants;

  c.  Serving as the final and binding arbitrator on any and all appeals asserted by Plaintiffs and Claimants to their respective settlement allocation;

  d.  Overseeing the distribution of settlement funds.

Kabateck Declaration ¶ 7

Further, the process of allocation and distribution of settlement funds will be as follows:

  a.  First, the Special Master will be provided with any objective information she may need regarding each and every Plaintiff and/or Claimant. In prior settlements in the *Acosta* matter, such information has included move-in date, move-out date, whether someone is a resident or a tenant, date of purchase of home, date of sale of home, and information about the involvement of a Plaintiff's or Claimant's in the litigation or trial.

  b.  Concurrently, each Plaintiff and/or Claimant will be given the opportunity to complete a form wherein they can describe any special circumstances they wish for the Special Master to consider.

  c.  The Special Master will then make an initial allocation of settlement funds to each Plaintiff and/or Claimant who is entitled to participate in the distribution. The Special Master will also designate a certain percentage of the gross settlement fund as a "hold-back" to address any potential appeals (discussed below). The Special Master will be the sole decision-maker regarding this allocation, and counsel will have absolutely no discretion as to the allocation.

MOTION TO APPROVE COMPROMISES

d.  Next, through the claims administrator, each Plaintiff and/or Claimant will be advised—in writing—of the amount initially allocated to their claim. They will be given the opportunity to either accept or appeal the amount allocated to their claim within 30 days. They will be advised of the fact that an appeal may result in a larger award, the same award, or even a reduction in an award (if they present facts warranting a reduction). They will be advised of how to submit their appeal, and will be advised that they may submit any further information or evidence they wish for the Special Master to consider. The correspondence described herein will be translated into Spanish, and attorneys and staff (including Spanish-speakers) will be available to address any questions regarding the process.

e.  Plaintiffs and/or Claimants who accepted their initial allocation will immediately be issued their initial allocation of settlement funds, less fees and costs.

f.  After the appeal period expires, the Special Master will consider all timely-submitted appeals. The Special Master will, as necessary, contact Plaintiffs and/or Claimants for any further information or discussion. If warranted, and solely within her discretion, the Special Master will then make any adjustments to the allocations for the Plaintiffs and/or Claimants who appealed. Her decision will be final and binding.

g.  When all appeals have been addressed, the remaining "hold back" funds will be allocated by the Special Master to all participating Plaintiffs and/or Claimants on a pro rata basis. Final checks will be issued through the claims administrator.

Kabateck Declaration ¶9.

An overview of the process described was presented to each Plaintiff and Claimant—in writing, and in the form of an in-person presentation by counsel and staff from Plaintiffs' and Claimants' Attorneys. The letter describing the above process was also translated into Spanish (and multiple Spanish interpreters were present at counsel's presentation). Each and every Plaintiff has been given an opportunity to ask questions regarding the process. After being advised of this process, Plaintiffs and Claimants were asked to acknowledge in writing that they have been advised of the process, and that they voluntarily agree to participate in the settlement and allocation process described above. This letter and signed acknowledgment (referred to as an "Informed

MOTION TO APPROVE COMPROMISES

Consent Letter") is separate and apart from the Settlement Agreement executed by Plaintiffs and Claimants. Kabateck Declaration ¶10.

Presently, 100% of the Plaintiffs and over 99% of Claimants (all but one) have executed the Informed Consent Letter acknowledging and agreeing to the allocation process described above. The only outstanding signature is for a Claimant who recently passed away; Plaintiffs' and Claimants' Attorneys are in the process of seeking appointment of successor/representative for this Claimant. Kabateck Declaration ¶11.

The process described above was used in two other settlements obtained Plaintiffs in the State Court Action. The process was incredibly efficient and satisfactory to all involved. In fact, in the multi-million dollar settlement with the prior ownership group, there were absolutely no appeals of the Special Master's allocation. Kabateck Declaration ¶12.

### ix.    Releases

The State Court Settlement Agreement contains releases by the Plaintiffs and Claimants of Settling Defendants, Trustee, Individuals, Family Trusts, and Participating Insurance Carriers, including § 1542 releases, with certain carveouts as provided for in the State Court Settlement Agreement. *See* Marshack Decl., Ex. 1, pg. 16.

The State Court Settlement Agreement also contains releases between Trustee (both in his official capacity and individually), Estates, KSFG, Sierra, Individuals, and Family Trusts with certain carveouts as provided for in the State Court Settlement Agreement. *Id.*, pg. 17. Finally, the Individuals agree to obtain a release from Michelman of all claims against the Estates, including those for outstanding fees due. *Id.*, pg. 18.

### x.    Trustee and Buyer Protection

Plaintiffs and Claimants acknowledge the Park is being managed by the Trustee, who as of October 5, 2018, took over the operation and management of the Park in "As Is" condition. *See* Marshack Decl., Ex. 1, pgs. 18-19. The Trustee is also negotiating for the sale of the Park in "As Is" condition. *Id.*, pg. 16-17. The sale of the Park may include a closure of the Park and it ceasing to operate as a mobilehome park. *Id.*, pg. 18-19. The sale or a park closure is not certain and is not part of the consideration or a condition of the State Court Settlement Agreement. *Id.*, pg. 19.

MOTION TO APPROVE COMPROMISES

Further the State Court Settlement Agreement provides that:

(1) Plaintiffs and Claimants agree that the buyer's purchase of the Park shall be free and clear of all claims and liens, including pursuant to 11 U.S.C. section 363 (f);

(2) if the buyer offers Plaintiffs and Claimants a monthly Rent Reduction and Release Agreement with the same rental discount as the one previously offered them by the Trustee, then: (a) the buyer shall have not less than forty-eight (48) months following the date upon which buyer purchases the Park in which to repair and stabilize the Park, and (b) during such forty-eight (48) month period, other than any material adverse changes in the condition of the Property that occur during such period and are not repaired within a reasonable period of time following notice to the buyer requesting the repair, Plaintiffs and Claimants will release and waive, and be deemed to have released and waived, any claims against the buyer relating to the physical condition of the Park, including with respect to any geological, infrastructure or environmental issues or remediation and any claims based on, arising out of, or otherwise related to the Litigation (including claims which could have been made in the Litigation) not otherwise released in the State Court Settlement Agreement;

(3) if the buyer offers Plaintiffs and Claimants a monthly Rent Reduction and Release Agreement with the same rental discount as previously offered them by the Trustee, then any and all disputes and claims arising out of, or related to, the Park, any such Rent Reduction and Release Agreement, the leases and rental agreements, and Plaintiff's or Claimant's occupancy, tenancy or possession, will be resolved by mandatory binding arbitration before a neutral from JAMS in accordance with the JAMS Comprehensive Arbitration Rules and Procedures, provided that buyer opts for this provision and agrees to pay all of JAMS fee for conducting the arbitration; and

(4) nothing contained in the State Court Settlement Agreement shall require the buyer or any subsequent owner of the Park to continue to operate the Park if all required actions under the California Mobile Home Park Residency Act and/or other required statutes, laws and ordinances are followed.

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

1  *See* Marshack Decl., Ex. 1, pg. 19.

2       Additionally, and provided that the Trustee continues to offer the Rent Reduction and Release

3  Agreement, and as further consideration of the rent reduction offered, Plaintiffs and Claimants agree,

4  from October 2, 2018 through December 31, 2021, to waive any claims against the Trustee relating

5  to the physical condition of the Park and related geological, infrastructure, and environmental issues,

6  or any remediation or any claim based on, related to or arising out of the State Court Action

7  (including claims which could have been made in the State Court Action) which are not otherwise

8  released in the State Court Settlement Agreement unless there is a material adverse change in the

9  condition of the Property during such period caused by the Trustee which is not repaired within a

10  reasonable period of time after notice to the Trustee. *Id.*, pg. 19. Provided that the Trustee continues

11  to offer the Rent Reduction and Release Agreement, and as further consideration of the rent

12  reduction offered, Plaintiffs and Claimants also agree to assume all risks related to the physical

13  condition of the Park and related geological, infrastructure and environmental issues, the potential

14  closure of the Park, the sale of the Park, the risk of loss of possession and eviction from the Park

15  arising out of the sale of the Park, and possible tax ramifications arising from any sale or closure of

16  the Park. Plaintiffs and Claimants agree that injunctive relief shall be available for the violation of

17  this Section. *Id.*, pg. 19.

18            **xi.    Attorneys' Fees**

19       Except for the payment of statutory attorneys' fees and costs provided for in the State Court

20  Settlement Agreement, Plaintiffs, Claimants and Settling Defendants shall each bear their own

21  attorneys' fees and costs incurred in the State Court Action. *See* Marshack Decl., Ex. 1, pg. 20.

22       **B.    Insurance Coverage Litigation Settlement Agreement**

23       Under the Terms of the Coverage Litigation Settlement Agreement the Coverage

24  Litigation Settlement Agreement Parties have agreed as follows:

25            **i.    Agreement**

26       In light of the settlement in the State Court Action, the parties to the Insurance Coverage

27  Litigation agree to resolve disputes between them finally and forever as provided for in the

28  / / /

**MOTION TO APPROVE COMPROMISES**
4827-1291-0499, v. 3/1503-001

1  Insurance Coverage Settlement Agreement, subject to approval by the Bankruptcy Court. *See*

2  Marshack Decl., Ex. 2 , pg. 633.

### ii.    Effective Date

4       The Insurance Coverage Litigation Settlement Agreement is effective on the same terms as

5  the State Court Settlement Agreement. *See* Marshack Decl., Ex. 2, pg. 634.

### iii.    Payments

7       Interstate, Gotham, Admiral and National Union shall each pay Five Million Dollars

8  ($5,000,000.00) on behalf of Settling Defendants for a total of Twenty Million Dollars

9  ($20,000,000). *See* Marshack Decl., Ex. 2, pgs. 634-635.

10      Further, the FV1 Principals and Trustee shall jointly instruct the Escrow Agent to pay, no

11 later than seven (7) calendar days after the Agreement Effective Date, the Remaining Escrow Funds

12 (approximately $1,513,675.37) to the Trustee's Trust Account. A copy of the proposed Escrow

13 Instruction to pay the Escrow Funds to the Trustee's Trust Account (with account information

14 redacted) is attached to the Marshack Declaration as Exhibit "12."

### iv.    Stipulations of Exhaustion

16      The Insurance Coverage Litigation Settlement Agreement also provides that: (1) the

17 Interstate Payment fully exhausts the aggregate limit of the Interstate Policy with respect to the Park;

18 and (2) the Gotham Payment fully exhausts the aggregate limits of the First Gotham Policy and of

19 the Second Gotham Policy applicable with respect to the Park. Further, all of the Parties

20 acknowledge and stipulate that the aggregate limit of the AIG Specialty Policy is exhausted. *See*

21 Marshack Decl., Ex. 2, pg. 635.

### v.    Mutual Releases

23 The Insurer Parties, Insurer Parties Releasors and Insured Related Parties Releasors (all as defined in

24 the Insurance Coverage Settlement Agreement) release each other in connection with or relating to

25 the (a) the State Court Action and/or (b) Insurance Coverage Litigation (collectively, the "Released

26 Matters"). *See* Marshack Decl., Ex. 2, pgs. 635-636.

27 / / /

28 / / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

1    The Insurer Parties also release each other from any and all claims for contribution,

2 subrogation or declaratory relief of any nature, that have been or could have been asserted or brought

3 as between or among them, or each of them, in connection with the Released Matters. *See* Marshack

4 Decl., Ex. 2, pg. 636.

5    The Insurance Settlement Agreement Parties expressly acknowledge and agree that the

6 Released Matters do not extend to any first-party claims under the Admiral Policy. Admiral's

7 obligations to pay first-party loss under the Admiral Policy, subject to the aggregate limit of said

8 policy, are not modified in any way by, and shall not be construed as modified in any way by,

9 Insurance Coverage Settlement Agreement. *See* Marshack Decl., Ex. 2, pg. 636. The Insurance

10 Coverage Settlement Agreement also contains a waiver of Section 1542 of the California Civil Code.

11 *Id.*, pgs. 636-637.

12    ### vi.    Withdrawal of Claim

13    The Insurance Coverage Settlement Agreement also provides that AIG Specialty shall, within

14 five (5) business days of the Agreement Effective Date, withdraw its claim for $33,752.94 filed on or

15 about January 14, 2019 in the FV GP bankruptcy case. *See* Marshack Decl., Ex. 2, pg. 637.

16    ### vii.    Dismissals

17    No later than three (3) court days after the effective date, the parties to the Insurance

18 Coverage Litigation shall cause a Notice of Settlement to be filed with the State Court. *See*

19 Marshack Decl., Ex. 2, pg. 637. No later than five (5) court days after the effective date, the parties

20 to the Insurance Coverage Litigation shall cause to be filed in the Coverage Action all appropriate

21 notices of dismissal, with prejudice, of their respective complaints and cross-complaints. *Id.*,

22 pg. 637.

23    ### viii.    Attorneys' Fees and Costs

24    Except as otherwise provided for in the Insurance Coverage Settlement Agreement, each

25 party is to pay their own costs and fees. *See* Marshack Decl., Ex. 2, pg. 637.

26 / / /

27 / / /

28 / / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

### ix.    Confidentiality

The Parties and their counsel agree to maintain the confidentiality of the terms of the Insurance Coverage Settlement Agreement, and the negotiations leading to the same (collectively, "Confidential Information") with the following exceptions[8]:

    (a) to the extent disclosure of the Insurance Coverage Settlement Agreement is necessary for purposes of seeking and obtaining approval of the Agreement by the Bankruptcy Court;

    (b) to the extent disclosure of Confidential Information is reasonably determined by the respective Parties to be required in the course of their respective businesses or for compliance with the terms of the Insurance Coverage Settlement Agreement;

    (c) to the extent disclosure of the Insurance Coverage Settlement Agreement is necessary in connection with a claim and/or proceeding concerning insurance coverage under, or equitable indemnity/contribution with respect to, the Policies, or any of them;

    (d) to the extent disclosure of Confidential Information is required by operation of law, including, by way of example and not limitation, in response to a subpoena, legal process, or court order;

    (e) to the extent necessary to enforce any representation, warranty or obligation under this Agreement; and

    (f) with the written consent of all other Parties.

*See* Marshack Decl., Ex. 2, pgs. 637-638.

### C.    The Paramount Agreements- Dismissal Agreement, Stipulation and Tolling Agreement

Under the terms of the Dismissal Agreement, Stipulation and Tolling Agreement the Paramount Parties have agreed as follows:

### i.    Dismissal Agreement

Debtors, Sierra and KSFG shall dismiss the cross-complaint against Paramount without prejudice, as provided in the Dismissal Agreement. *See* Marshack Decl., Ex. 3, pg. 652. Each of the

---

[8] The parties and their counsel consented to the attachment of the Insurance Settlement Agreement to the Marshack Declaration and the statements made herein.

MOTION TO APPROVE COMPROMISES

1  parties to the Dismissal Agreement shall be responsible for the fees and costs they have each

2  incurred as of the effective date of the agreement, including the fees and costs associated with the

3  cross-complaint, defenses thereto. *Id.*, Ex. 3, pg. 652. Simultaneously with the Dismissal Agreement,

4  the Parties shall execute the Stipulation and a Request for Dismissal. As to the Debtors, the

5  Dismissal Agreement, the Stipulation and the Tolling Agreement shall only be binding upon entry of

6  a Final Order (as defined in the Dismissal Agreement) in each of the Bankruptcy Cases. *Id.*, Ex. 3,

7  pg. 652.

8              ii.      **The Tolling Agreement**

9          The Tolling Agreement tolls the Cross-Claims from the Effective Date through and including

10  540 days from the effective date (the "Completion Date"). *See* Marshack Decl., Ex. 5, pg. 663. The

11  time period between the effective date and the Completion Date shall not be included in computing

12  the deadline under any statute of limitations that may be applicable to a Cross-Claim asserted by

13  Debtors, Sierra and/or KSFG against Paramount. Paramount shall not assert, plead, or raise in any

14  fashion, any defense or avoidance to a Cross-Claim based on the running of a statute of limitation,

15  laches, or waiver during the period that this Tolling Agreement is in effect, or the failure of Debtors,

16  Sierra and/or KSFG to assert Cross-Claims during the period that this Tolling Agreement is in effect.

17  *Id.*, pg. 633. Paramount reserves the right and the Tolling Agreement does not waive Paramount's

18  right to assert, plead, or raise against Debtors, Sierra and/or KSFG any defense or avoidance to the

19  Cross-Claims based on a statute of limitations, laches, waiver, or other timeliness defense based on

20  time that ran before the effective date of the Tolling Agreement or after the termination of the

21  Tolling Agreement. *Id.*, pg. 663.

22  **5.      Legal Argument**

23          **A.      The Court may approve settlements of Estate claims.**

24          The Court has the authority to decide whether to approve a trustee's proposed settlement of

25  claims held by or asserted against a bankruptcy estate. Notice must be given to all creditors, the

26  United States trustee, the debtor, and others as provided in FRBP 2002. *See*, Rule 9019(a) of the

27  Federal Rules of Bankruptcy Procedure.

28  / / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

It is well-established that a compromise should be approved if it is "in the best interest of the estate … and is fair and equitable for the creditors." *Schmitt v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424 (9th Cir. BAP 1997); *ATKN Company v. Guy F. Atkinson Company of California (In re Guy F. Atkinson Company)*, 242 B.R. 497, 502 (9th Cir. BAP 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate.")

The standards to be applied to the approval of a settlement include:

1. the probability of success of the litigation on its merits;

2. the difficulties in collection on a judgment;

3. the complexity of the litigation involved; and

4. the expense, inconvenience or delay occasioned by the litigation, and the interest of creditors.

*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. den., *Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189 (1989).

Although the Court is to consider the range of results in the litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the **reasonableness** of the settlement may be evaluated" (*emphasis added*). *In re Hermitage Inn, Inc.*, 66 Bankr. 71, 72 (Bankr. D. Colo. 1986). Moreover, it is **not** the bankruptcy court's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvass the issues and see whether the settlement falls below the lowest point of the range of reasonableness." *In re Heissinger Resources Ltd.*, 67 Bankr. 378, 383 (C.D. Ill. 1986).

## i.   The probability of success

### 1.   State Court Action

The probability of success element weighs heavily in favor of approving the compromises. The phase one trial, consisting of approximately 22% of the Plaintiff in the State Court Action resulted in a verdict of $5,565,166.00 of compensatory damages and $34,402,120.00[9] of punitive damages. Marshack Decl., ¶47. Extrapolated out, if the future phases of trial resulted in similar

---

[9] This was later reduced by the court, be even after reduction the punitive damages still exceed $30,000,000.00.

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

1  results, the compensatory damages could exceed $25 million and $150 million of punitive damages.

2  *Id.*, ¶47. While as to Debtors the punitive damages are a subordinate claim, the amount of punitive

3  damages led to two the Participating Insurance Carriers to pay their policy limits and additional

4  amounts under the supplemental coverage provisions of the policy. *Id.*, ¶47. Further, National Union,

5  and excess carrier is paying $5 million of its policy. *Id.*, Ex. 2, pgs. 634-635. The Individuals are

6  also contributing a total of $22,500,000 ($11,500,000 as a payment out right, and $11 million as a

7  loan to the Estates.[10] Id., Ex. 1, pgs. 11-12.

8      While the Trustee is relinquishing potential assets of the Estates (insurance policies), as well

9  as possible preference and fraudulent conveyance claims, this amount is being more than

10  compensated by the Individuals payment of $11,500,000 outright, and a "loan" to the Estate of

11  $11 million. *Id.*, ¶48.

12      While an argument can be made that there is an unequal distribution to the Plaintiffs, as they

13  are the only ones participating in the initial $42,500,000 settlement distribution, such argument

14  would be a red herring. *Id.*, ¶49. Only the Plaintiffs are entitled to the $42,500,000 being paid by the

15  Participating Carriers and Individuals as they brought the State Court Action and the payment is for

16  the settlement of that action. The Individuals are paying $22,500,000 to essentially "buy their peace"

17  and obtain a full release as the Plaintiffs have threatened to amend their judgement to add the

18  Individuals as additional judgement debtors under California Code of Civil Procedure §187. *Id.*, ¶50.

19      The settlements will allow the insurance monies and monies paid by the Individuals to be

20  used to settle the State Court Action. Thereafter, all Claimants will be able to participate from the

21  proceeds from the sale of the Property and other funds in the Estates. It will also make the sale of the

22  Property easier, as there has been pushback from potential buyers due to the outstanding State Court

23  Action. *Id.*, ¶51.

24

25  [10] While the loan to the Estates of $11 million by the Individuals is stated to have a super priority, it will be paid in
accordance with section 8.2 of the State Court Settlement Agreement, which provides the proceeds from the sale of the

26  Property will be distributed pursuant to the provisions of 11 U.S. C. § 726 to wit: all allowed administrative claims of the
Estates shall be paid prior to any distributions of the sale proceeds to Plaintiffs, Claimants, Individuals, or the Qualified

27  Settlement Fund. Further, after payment of all allowed administrative expenses, secured claims, including property taxes,
sale closing costs, costs of sale, and unpaid allowed priority (except Individuals) and general unsecured claims, other

28  than Plaintiffs, Plaintiffs' Attorneys, Claimants and Claimants' Attorneys. Thereafter there is a stipulated waterfall of
proceeds from the sale of the Property and other funds in the Estates. Under the agreement, general unsecured creditors
are paid before the Plaintiffs and Claimants.

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

Ultimately when the Property is sold, then all the Claimants (which includes the Plaintiffs as well as the 103 tenant claimants who only filed POC and did not participate in the State Court Action) will participate in the proceeds of the sale, subject to the Individual's backend rights. *Id.*, ¶52. Further, those unsecured trade creditors (approx. $60,000) will be paid in full of the proceeds of the sale of the Property under the distribution procedure of section 8.2. *See* Marshack Decl., Ex. 1, pg. 13, ¶53.

Most importantly, all of the Plaintiffs and Claimants have agreed to this settlement. *Id.*, Ex. 1 pgs. 37-588, and Kabateck Declaration ¶4.

## 2.    Insurance Coverage Litigation

The probability of success also weighs heavily in favoring the approval of the Insurance Coverage Litigation Settlement Agreement. Marshack Decl., ¶55. The carriers are paying a total of $20 million to resolve the Insurance Coverage Litigation. *See* Marshack Decl., Ex. 2, pgs. 634-635. The purpose of the Insurance Coverage Litigation was to have the carriers pay the settlement amounts under their policies. *Id.*, ¶55. Therefore, the plaintiffs in the Insurance Coverage Litigation, including the Estates, are receiving what they sued for (i.e., a payout of the insurance policies). *Id.*, ¶55.

## 3.    Paramount Agreements

The probability of success also weighs heavily in favor of approving the Paramount Agreements. The Paramount Agreements allow all parties to walk away preserving their position in the event of a future action. *See* Marshack Decl., Ex. 3, pgs. 2-3, and Ex. 5 pgs. 662-665.

## ii.    Difficulties in Collection

Absent the State Court Action Settlement Agreement and Insurance Coverage Settlement Agreement the Trustee would not have a funding mechanism to settle these actions. Both settlement agreements together that provide the necessary funding. The plaintiffs in the Insurance Coverage Litigation, including the Trustee, had to bring an action against their insurance carriers to force payment. The Estates insurance carriers contended that there was no coverage for the claims in the State Actions. The Insurance Coverage Settlement Agreement resolves the claims of the insurance

/ / /

4827-1291-0499, v. 3/1503-001

1  carriers and provides the funding device for the carriers to pay their policies to settle the State Court

2  Action.

3       The Insurance Coverage Settlement Agreement also provides for the payment of

4  approximately $1,500,000 being held by the Escrow Agent. Prior to the Insurance Coverage

5  Settlement agreement, there had been an impasse between FV1 and the Trustee with respect to those

6  funds. *See* Marshack Decl., Ex. 2, pg. 635. FV1 has agreed to release this money to the Trustee's

7  Trust Account to be used in the settlement, thus avoiding a potential action between the Trustee and

8  FV 1 regarding the entitlement to the Escrow Funds. *Id.*, pg. 635.

9       It must also be pointed out that the State Court Action, and active litigation against the Park

10  has limited potential buyers. *See* Marshack Decl., ¶56. The Trustee has been advised that any

11  potential buyer seeking financing cannot obtain it with the ongoing State Court Action. *Id.* This

12  settlement of all the pending litigation will make it easier for a buyer to purchase the Park, and for

13  the Trustee to collect the remaining assets of the Estates. *Id.*

14              ### iii.    Complexity of Litigation

15       The State Court Action and Insurance Coverage Litigation are extremely complex due to the

16  number of parties and issues involved. Indeed, phase 1 of the State Court Action took over four

17  years to get to trial, and trial lasted over 10 weeks. Marshack Decl., ¶57. The State Court Settlement

18  Agreement and the Insurance Coverage Settlement Agreement fully resolve both actions.

19  Additionally, the State Court Settlement Agreement provides for a mechanism to liquidate the

20  claims. *See* Marshack Decl., Ex. 1, pgs. 14-15.

21       The Plaintiffs and Claimants have agreed to the appointment of Cathi Yanni at JAMS as a

22  special master to determine their claims, with rights to appeal her allocation. Kabateck Decl., ¶11.

23  This procedure was used with great success in the prior settlement with FV1. *Id.*, ¶12. The Plaintiffs'

24  Attorneys have made extraordinary efforts to insure that allocation process is fair and due process

25  rights are preserved. This consensual procedure has been agreed to by the Plaintiffs and Claimants.

26  *Id.*, ¶10.

27  / / /

28  / / /

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

### iv.    Expense, Inconvenience, and Delay

While the defense in the State Court Litigation is being provided under a reservation of rights by Interstate, Gotham and Admiral, the Admiral policy has burning limits and over $1.4 million of its $10,000,000 limit has eroded thus far. Marshack Decl., ¶59. An additional $5 million will be eroded with Admiral's settlement payment. *Id.*, Ex. 1, pg. 11. After the approval of this global settlement there should be approximately $3,000,000 of potential coverage left on the Admiral policy. *Id.*, ¶59.

Additionally, the FV MHP Estate is paying coverage counsel in the Insurance Coverage Litigation to prosecute the action – an expensive proposition which will stop with the approval of these Agreements. *Id.*, ¶60.

Further, absent approval of the Agreements, the Trustee will need to invest in potential actions against the Individuals. *Id.*, ¶61. After review, there is approximately $4,000,000 of potential recovery from these actions against the Individuals. *Id.*, ¶62. The transfers by the Individuals consists of money taken out of the Debtors in the four years prior to the petition dates. While the Trustee can attempt to show the "badges of fraud," and can argue that due to the condition of the Property, if proper repairs had been made the entities would have been insolvent, it is a challenging and expensive proposition at best. *Id.*, ¶63. The Individuals through their family trusts, were the owners of the Debtors. *Id.*, ¶16. The money that was taken out was disclosed in their financial documents and tax returns. In other words, it wasn't hidden. The Individuals and Family Trusts dispute there were any improper transfers *Id.*, ¶63.

There may also be a $1,000,000 plus preference action against Michelman.[11] As part of the negotiations in the State Court Action, the Individuals insisted on a release for Michelman. *Id.*, ¶66. In total, Individuals are funding $22,500,000 for the settlement, or approximately 4.5 times the potential recovery against them and Michelman. *Id.*, ¶66. The Trustee believes the Individuals are paying more than a reasonable amount. *Id.*, ¶66.

---

[11] The Trustee also understands that Michelman claims unpaid fees of approximately $300,000 for which the Estates will receive a release under the State Court Settlement Agreement.

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

Further the Trustee will retain the Reserve Fund from the settlement, which if not otherwise spent for repairs, remediation and maintenance will be distributed to all Claimants. Without the contributions by the Individuals to the State Court Settlement the Trustee would not be receiving the Reserve Fund for the FV MHP Estate. *Id.*, ¶67.

The compromises provide certainty to creditors of the Estate, reduces the administrative expenses of the Estates, and will eliminate further delay caused by lengthy litigation. *Id.*, ¶68.

The Plaintiffs and Claimants are also approximately 98% of the FV MHP and FV GP creditor body. *Id.*, ¶69. The State Court Settlement Agreement has been approved by them. *Id.*, ¶69, Ex 1 pgs. 38-584¶. The balance of the creditors will ultimately have their claims paid in full after the Property is sold. *Id.*, Ex 1 pg. ¶13. The Creditor body has spoken, and they favor the approval of the settlement.

**B.    The Agreements are fair and equitable and should be approved**

Trustee has exercised his business judgment by deciding to enter into the Agreements:

1.    The settlement agreements resolve all potential issues between the parties, thereby reducing litigation expenses;

2.    Approximately 98% of the Creditor body has approved the settlement and the rest of the creditors will paid in full from the eventual sale of the Property;

2.    The settlement agreements avoid the risk of unfavorable outcomes which could result in the Estate being forced to incur additional fees in the Insurance Coverage Litigation and in preference and fraudulent conveyance action; and

3.    Resolving these disputes in the proposed manner will result in maximizing the recovery for the benefit of creditors by avoiding unnecessary litigation costs.

The Trustee has therefore determined, in his sound business judgment, the two proposed agreements and Paramount Agreements fall well within the range of reasonableness and should be approved by the Court.

/ / /

/ / /

/ / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

## 6.    Prayer

Based on the foregoing, the Trustee respectfully prays the Court enter an order that:

1.  Grants this Motion and approves the State Court Settlement Agreement, Insurance Coverage Settlement Agreement, Dismissal Agreement, Stipulation, Tolling Agreement and Escrow Instruction;

2.  The Trustee may take all steps necessary to enter into, execute and consummate, including, but not limited to executing the State Court Settlement Agreement, Insurance Coverage Settlement Agreement, Dismissal Agreement, Stipulation, Tolling Agreement and Escrow Instruction;

3.  The Trustee has the right, power, and authority to execute, deliver, and perform the State Court Settlement Agreement, Insurance Coverage Settlement Agreement, Dismissal Agreement, Stipulation, Tolling Agreement and Escrow Instruction;

4.  The Trustee is authorized to receive into the Trustee's Trust Account in the FV MHP Estate the payments from Interstate, Gotham, Admiral and National Union the sum of Five Million Dollars ($5,000,000) each for a total of Twenty Million Dollars ($20,000,000);

5.  The Trustee is authorized to receive into the Trustee's Trust Account in the FV MHP Estate the sum of Eleven Million Five Hundred Thousand Dollars ($11,500,000) from the Individuals;

6.  The Trustee is authorized to execute and enter into the loan agreement contemplated in the State Court Settlement Agreement. The Trustee is authorized to receive a loan from the Individuals on a super-priority administrative basis (subject to the distribution provisions of the State Court Settlement Agreement) in the sum of Eleven Million Dollars ($11,000,000), and to repay the loan pursuant to the terms of the State Court Settlement Agreement;

7.  The Trustee is authorized to sign, execute, and deliver the Escrow Instruction;

/ / /

/ / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

8. The Trustee is authorized to receive into the Trustee's Trust Account in the FV MHP Estate the Escrow Funds in the approximate amount of One Million Five Hundred Thousand Dollars ($1,500,000);

9. The Trustee is authorized to pay the sum of Forty-Two Million Five Hundred Thousand ($42,500,000) from the Trustee's Trust Account in the FV MHP Estate to Plaintiffs' Attorneys on behalf of Plaintiffs through the Qualified Settlement Fund under the terms provided for in the State Court Settlement Agreement. And, upon the transfer of the $42,500,000 to the Qualified Settlement Fund as required under the State Court Settlement Agreement, the sole source of recovery for the Plaintiffs and Plaintiffs' Attorneys shall be from the Qualified Settlement Fund. The Plaintiffs' and Plaintiffs' Attorneys shall have no recourse to or claims whatsoever against the Trustee, his professionals, and the Estates. Consistent with the foregoing all persons that have held or asserted, or that hold or assert any claims shall be permanently and forever stayed, restrained, and enjoyed from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from the Trustee, his professionals, and the Estates or their assets and properties with respect to any claims.

10. Trustee shall not make any distributions to Plaintiffs or Plaintiffs' Attorneys, and on the entry of an order approving this Motion, the Estates' liability for all the Plaintiffs' POC and Plaintiffs Attorneys' claims shall be fully assumed by, and be the sole responsibility of, the Qualified Settlement Trust and all shall be satisfied solely from the assets of the Qualified Settlement Trust. Each holder of a Litigation Claim shall have its claims permanently channeled to the Qualified Settlement Trust and such claim shall be asserted exclusively against the Qualified Settlement Trust in according with its terms, with no recourse to the Trustee, his professionals, and the Estates or their respective assets or properties.

11. Ms. Cathi Yanni of JAMS is appointed as the Special Master pursuant to section 10 of the State Court Settlement Agreement. Ms. Yanni is authorized to determine the

MOTION TO APPROVE COMPROMISES

allocation of funds paid to the Plaintiffs and Claimants in accordance with the procedures agreed to by the Plaintiffs and Claimants.

12. After payment of the $42,500,000 to the Qualified Settlement Fund, the proofs of claims filed by Plaintiffs' Attorneys and Claimants' Attorneys on their own behalf shall be deemed withdrawn and disallowed;

13. After the payment of the sum of Forty-Two Million Five Hundred Thousand ($42,500,000) from the Trustee's Trust Account in the FV MHP Estate to Plaintiffs' Attorneys on behalf of Plaintiffs through the Qualified Settlement Fund the Trustee shall hold the balance as a Reserve Fund in the Trustee's Trust Account in the FV MHP Estate and he is authorized to use the Reserve Fund for the repair, maintenance or remediation of the Park.

14. The Trustee is authorized to distribute the proceeds from the sale of the Property pursuant to the provisions of 11 U.S.C. § 726. Pursuant to the State Court Settlement Agreement the distribution means that all allowed administrative claims against the Estates shall be paid prior to any distributions of sales proceeds to Plaintiffs, Claimants, Individuals, or the Qualified Settlement Fund, or on account of the Backend Rights as defined in the State Court Settlement Agreement.

15. After payment of all allowed administrative expenses, secured claims including property taxes, sale closing costs, costs of sale, and unpaid allowed priority (except Individuals) and general unsecured claims other than Plaintiffs, Plaintiffs' Attorneys, Claimants and Claimants' Attorneys, the monies shall be distributed as provided in the State Court Settlement Agreement;

16. After the Trustee's distributions to the Qualified Settlement Fund and Individuals in accordance with section 8.2 of the State Court Settlement Agreement Trustee shall have no further obligations to Individuals, Plaintiff and Claimants and all claims which Plaintiffs and Claimants may have arising from or in any way connected with the Litigation, the Park, Plaintiffs' POC or Claimants' POC are released. And, upon the transfer of the distributions in accordance with section 8.2 of the State Court Settlement

34

Agreement to the Qualified Settlement Fund as required under the State Court Settlement Agreements, the sole source of recovery for the Claimants and Claimants' Attorneys shall be from the Qualified Settlement Fund as applicable. The Claimants and Claimants' Attorneys shall have no recourse to or claims whatsoever against the Trustee, his professionals, and the Estates. Consistent with the foregoing all persons that have held or asserted, or that hold or assert any claims shall be permanently and forever stayed, restrained, and enjoyed from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from the Trustee, his professionals, and the Estates or their assets and properties with respect to any claims.

17. Trustee shall not make any distributions to Claimants or Claimants' Attorneys, and on the entry of an order approving this Motion, the Estate's liability for all the Claimants' POC and Claimants Attorneys' POC claims shall be fully assumed by, and be the sole responsibility of, the Qualified Settlement Trust and all shall be satisfied solely from the assets of the Qualified Settlement Trust. Each holder of a Claimants' Claim shall have its claims permanently channeled to the Qualified Settlement Trust and such claim shall be asserted exclusively against the Qualified Settlement Trust in according with its terms, with no recourse to the Trustee, his professionals, and the Estates or their respective assets or properties.

18. After the Trustee's distributions to the Qualified Settlement Fund, Plaintiffs and Claimants will have released all of their claims against Settling Defendants, Individuals, Family Trusts, Trustee and Participating Insurance carriers.

19. The Trustee is authorized to sign and file a dismissal of its cross-complaint against Paramount in the State Court Action;

20. Pending the sale of the Property, the Trustee is authorized to continue to operate the Property;

/ / /

/ / /

MOTION TO APPROVE COMPROMISES
4827-1291-0499, v. 3/1503-001

21. Nothing in the settlement agreements that are the subject of this motion effect the Reduction Agreement and the releases in the Reduction Agreement are in addition to the releases contained in the settlement agreements;

22. The Trustee is authorized to sign and file a dismissal with prejudice of the Insurance Coverage Litigation; and

23. Provides such other and further relief as the Court deems just and proper.

DATED: October 28, 2019                    MARSHACK HAYS LLP


                                           By: /s/ Kristine A. Thagard
                                               D. EDWARD HAYS
                                               KRISTINE A. THAGARD
                                               DAVID A. WOOD
                                               Attorneys for Chapter 7 Trustee,
                                               RICHARD A. MARSHACK

MOTION TO APPROVE COMPROMISES

4827-1291-0499, v. 3/1503-001

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      I am the duly appointed and acting chapter 7 trustee ("Trustee") for the bankruptcy estates ("Estates") of Friendly Village MHP, Associates, L.P. ("FV Debtor") and Friendly Village GP, LLC ("GP Debtor" and collectively "Debtors").

4.      I have personal knowledge of some of the terms set forth in this Declaration, and if called upon to do so, I could and would competently testify to these facts, as to other matters I have knowledge based on information and belief.

5.      I make this Declaration in support of my motion for order to approve three related compromises of controversies: (1) certain state court action; (2) certain insurance coverage litigation; and (3) Alon USA Energy Inc. and Paramount Petroleum Corporation; and approve super- priority administrative loan of $11 million ("Motion").

6.      All terms not defined herein are used as they are defined in the Motion.

7.      Plaintiffs and Claimants have agreed to release all of their claims against Settling Defendants, Individuals, the Kort Family Trust u/d/t December 1, 2004 and amended November 2, 2006 and the Michael H. Scott Revocable Trust u/d/t/ August 15, 2007 (collectively, "Family Trusts"), Trustee and Participating Insurance Carriers in consideration of the payments made towards the Plaintiffs' Settlement Fund (as defined in the State Court Settlement Agreement), and other valuable consideration described therein. A copy of the State Court Settlement Agreement is attached hereto as Exhibit "1."

8.      The Insurance Coverage Settlement Agreement is a funding agreement for part of the State Court Settlement Agreement and provides for releases by and between the insurance companies that are parties to the Insurance Coverage Settlement Agreement and their insureds. It also provides for the release of certain monies being held at City National Bank ("Escrow Agent") in escrow ("Escrow Funds") from the pre-bankruptcy buy back of a policy issued by AIG Specialty. As

1

1 a result of the Insurance Settlement Agreement the Interstate and Gotham insurance policies are

2 exhausted with respect to the Park. A copy of the Insurance Coverage Settlement Agreement is

3 attached hereto as Exhibit "2."

4       9.     The Paramount agreements consist of (i) an Agreement to Dismiss Cross-Complaint

5 without prejudice and for each party to bear its own costs and fees ("Dismissal Agreement");

6 (ii) Stipulation and [Proposed] Order to Dismiss the Cross-Claims against Paramount

7 ("Stipulation"); and (iii) Tolling Agreement (collectively, "Paramount Agreements").

8       10.    The Paramount Agreements provide for the dismissal of Paramount from the State

9 Court Action and a Tolling Agreement of the statute of limitations for any claims of FV MHP, FV

10 GP, Sierra and KSFG against Paramount. A copy of the Dismissal Agreement is attached hereto as

11 Exhibit "3."

12       11.    A copy of the Stipulation is attached hereto as Exhibit "4."

13       12.    A copy of the Tolling Agreement is attached hereto as Exhibit "5.

14       13.    On October 2, 2018, Debtor filed a voluntary petition under Chapter 7 of Title 11 of

15 the United States Code. A true and correct copy of this Court's webPACER docket for Case No.

16 8:18-bk-13638-ES as of September 26, 2019, is attached as Exhibit "6."

17       14.    The FV Debtor owns a mobile home park located at 5450 North Paramount Blvd.,

18 Long Beach, California 90805 ("Property").

19       15.    Initially, Karen Naylor was appointed as the Chapter 7 Trustee of the Estate. On

20 October 5, 2018, Ms. Naylor resigned, and I was appointed as the Chapter 7 Trustee.

21       16.    Immediately upon my appointment, I mobilized an investigation into the FV Debtor's

22 financial affairs, and I have continued to diligently investigate every facet of the both Debtors'

23 affairs. I was informed that FV Debtor is the owner and operator of a 182 plus unit, 18-acre, mobile

24 home park in Long Beach ("Park"). The FV Debtor's general partner is an entity called Friendly

25 Village, GP LLC, a California Limited Liability Company (previously defined as "FV GP"), which

26 in turn is owned by the Family Trusts of the Individuals.

27 / / /

28 / / /

DECLARATION OF RICHARD A. MARSHACK

17.    On October 21, 2018, GP Debtor also filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. A true and correct copy of this Court's webPACER Docket for Case No. 8:18-bk-13864-ES is attached here as Exhibit "7."

18.    I am informed that FV GP's assets consist of its equity interest in FV Debtor and in various insurance policies which name both Debtors as insureds.

19.    The creditor matrix filed in the FV GP case indicates that most, if not all, of its creditors are also creditors in FV Debtor's case. The proofs of claims filed by current and former tenants, 246 of whom are Plaintiffs and 103 of which are only Claimants, were filed in both the FV MHP Estate and the FV GP Estate.

20.    The bankruptcy case was precipitated by ongoing state court litigation commenced on August 13, 2015, by tenants of FV MHP in the Superior Court of the State of California, County of Los Angeles, entitled *Celestino Acosta, an individual, et al., v. City of Long Beach, a municipality; Friendly Village Mobile Associates L.P., D.B.A. Friendly Village of Long Beach, a California Limited Liability Company; Friendly Village MHP Associates L.P., D.B.A. Friendly Village of Long Beach, a California Limited Liability Company; Friendly Village, GP, LLC, a California Limited Liability Company; Sierra Corporate Management, Inc.; Kort and Scott Financial Group LLC; and Does 1-100*, assigned as Case No. BC591412 ("State Court Action").

21.    Plaintiffs in the State Court Action filed the original complaint in the State Court Action on August 13, 2015, and thereafter filed five amended complaints. The operative complaint is the Fifth Amended Complaint filed on May 11, 2018. The Fifth Amended Complaint named Settling Defendants, Does 1-100, and FV1. A true and correct copy of the Fifth Amended Complaint is attached hereto as Exhibit "8."

22.    Before the filing of the Fifth Amended Complaint, Plaintiffs entered into a confidential settlement with the City of Long Beach ("City"). The City was thereafter dismissed from the Litigation. FV1 has also previously entered into a confidential settlement with Plaintiffs.

23.    It is my understanding that Interstate, Gotham and Admiral are defending Settling Defendants in the Action through independent counsel of Settling Defendants' own choosing in accordance with California Civil Code § 2860, subject to a full and complete reservation of rights.

DECLARATION OF RICHARD A. MARSHACK

4835-4050-3722, v. 1

24.     Prior to the commencement of the Bankruptcy cases, FV MHP was the owner and operator of the Park. Sierra managed the Park from February 2014 to October 2, 2018. It is my understanding that KSFG never owned, operated or managed the Park, but entered into an agreement to purchase the Park on November 22, 2013. On February 5, 2014, KSFG entered into an Assignment and Assumption of the Purchase Agreement whereby KSFG assigned all of its rights under the agreement to purchase the Park to FV MHP.

25.     On the FV MHP and FV GP petitions date, the State Court Action was in the midst of a multi-week jury trial. On October 2, 2018, the State Court issued a ruling that the automatic stay under 11 U.S.C. § 362 pertained only to FV Debtor and allowed the trial to move forward as to all other defendants.

26.     On October 9, 2018, I filed a motion for relief from the automatic stay as Dk. No. 16 ("FV MHP RFS Motion"), to allow the underlying State Court Action to continue trial to liquidate all of the Plaintiffs' claims against FV MHP at trial in the State Court Action versus a contested claim objection process in the Bankruptcy Court. On October 12, 2018, as Dk. No. 30, the Court entered an order granting the FV MHP RFS Motion.

27.     On October 22, 2018, I filed a motion for relief from the automatic stay in the FV GP Case as Dk. No. 10 ("FV GP RFS Motion"), to allow the underlying State Court Action to continue trial to liquidate all of the Plaintiffs' claims at trial in the State Court Action versus a contested claim objection process in the bankruptcy. On October 25, 2018, as Dk. No. 20, the Court entered an order granting the FV GP RFS Motion.

28.     In late November 2018, the jury returned verdicts in phase one of the State Court Action awarding approximately thirty spaces $5.5 million in actual damages against all defendants, and $3,440,212 in punitive damages against FV MHP.

29.     The jury also awarded $3,440,212.00 in punitive damages against FV GP, $8,600,530.00 in punitive damages against Sierra and $18,921,166.00 in punitive damages against KSFG.

/ / /

/ / /

4

30.     The claims bar dates in the both bankruptcy cases were set for May 13, 2019.
Plaintiffs' POC and Claimants' POC were timely filed, with one exception which is the subject of a
stipulations in both cases for it to be deemed timely filed.

31.     It is my understanding that except for the phase one trial plaintiffs, the claims of all
Plaintiffs remain pending and absent the State Court Settlement Agreement, are subject to being
tried in subsequent phases of trial in the State Court Action.

32.     On June 12, 2019, each of the Settling Defendants filed Appeals from the phase one
verdict in the State Court Action.

33.     Prior to the Petition Date, on May 24, 2018, the Debtor, FVLP, Sierra Corporate
Management, and Kort & Scott Financial Group, LLC filed their first amended complaint for
declaratory relief in a separate state court action in the Superior Court of the State of California,
County of Los Angeles, entitled *Friendly Village Mobile Associates LP, d/b/a Friendly Village of
Long Beach, a California limited partnership; Sierra Corporate Management, Inc., a California
corporation; Friendly Village MHP Associates, L.P., d/b/a Friendly Village of Long Beach, a
California limited partnership; Friendly Village GP, LLC, a California limited liability company;
Kort & Scott Financial Group, LLC, a California limited liability company, v. American Reliable
Insurance Company, an Arizona corporation; Wesco Insurance Company, a Delaware corporation;
Gotham Insurance Company, a New York corporation; National Union Fire Insurance Company of
Pittsburgh, PA., a Pennsylvania corporation, and Does 1-100, inclusive*, assigned as Case No. BC
702267 ("Insurance Coverage Complaint"). A true and correct copy of Insurance Coverage
Complaint is attached as Exhibit "9."

34.     On August 13, 2018, Gotham filed a cross-complaint against the Debtor ("Gotham
Cross-Complaint"). On the same day, National Union filed a cross-complaint against the Debtor
("National Union Cross-Complaint").

35.     On August 20, 2011, Interstate filed a cross-complaint against the Debtor ("Interstate
Cross-Complaint," collectively with the Gotham Cross-Complaint and National Union Cross-
Complaint referred to as the "Carrier Cross-Complaints;" the Carrier Cross-Complaints, collectively
with Insurance Coverage Complaint referred to as the "Insurance Carrier Litigation").

5

DECLARATION OF RICHARD A. MARSHACK

4835-4050-3722, v. 1

36.     On March 5, 2019, as Dk. No. 141 in the FV MHP case, I and various other parties to the Insurance Carrier Litigation filed a stipulation for relief from the automatic stay in order to allow the Insurance Carrier Litigation to proceed. On March 6, 2019, as Dk. No. 142 in the FV MHP case, the Court entered an order approving the stipulation and allowed the Insurance Carrier Litigation to proceed.

37.     On March 5, 2019, as Dk. No. 68, I filed a stipulation for relief from the automatic stay in order to allow the Insurance Carrier Litigation to proceed in the FV GP case. On March 6, 2019, as Dk. No. 69, the Court entered an order approving the stipulation and allowing the Insurance Carrier Litigation to proceed.

38.     Immediately my appointment I retained Robert Warren of Investor Property Services Inc. ("IPS"), as the Estate's property manager. On November 26, 2018, as Dk. No. 69, the Court entered an order approving IPS as the property manager.

39.     Rather than simply removing the tenants and restricting all access to the Property, I negotiated a rent reduction and release agreement ("Reduction Agreement"). Pursuant to the terms of the Reduction Agreement, I agreed to reduce the monthly rent. In exchange, the tenants granted a general release to the Trustee, his professionals, and the Estate from any liability arising post-petition including from continued operations.

40.     Nothing in the settlement agreements that are the subject of this Motion effect the Reduction Agreement.

41.     On October 25, 2018, as Dk. No. 47 in the FV MHP case, I filed a motion for order (1) authorizing operation of the FV Debtor's business pursuant to 11 U.S.C. § 721; (2) authorizing collection of rents; (3) authorizing the payment of operating expenses; and (4) approval of the Reduction Agreement ("Operate Motion") which was set for hearing on November 15, 2018. On November 26, 2018, as Dk. No. 68, the Court entered an order granting the Operate Motion and approving the Reduction Agreement.

42.     On January 10, 2019, as Dk. No. 112, I filed a second motion to extend the period for which I was authorized to operate FV Debtor's business under 11 U.S.C. § 721 ("Second Operate Motion"). On February 1, 2019, as Dk. No. 130, the Court entered an order granting the Second

6

DECLARATION OF RICHARD A. MARSHACK

Operate Motion, authorizing the Trustee to operate the FV Debtor's business through and including June 28, 2019.

43.     On May 30, 2019, as Dk. No. 169, I filed a third motion to extend the period for which I was authorized to operate FV Debtor's business under 11 U.S.C. § 721 ("Third Operate Motion"). On June 27, 2019, as Dk. No. 197, the Court entered an order granting the Third Operate Motion, authorizing me to operate FV Debtor's business through and including November 26, 2019. Id., Ex. 6, pg. 43.

44.     Previously the FV 1 Principals, on behalf of FV1, a dissolved limited partnership with a name very similar to the Debtors, ostensibly entered into an agreement ("Escrow Agreement") with City National Bank ("CNB"), and FV GP, whereby certain payments made by or on behalf of JDi Data Corporation and AIG Specialty Insurance Company would be placed into an escrow account, and subject to the control of an escrow agent.. A true and correct copy of the Escrow Agreement is attached hereto as Exhibit "10." Sometime later, FV1 entered into a policy buyback and release agreement with FV GP and AIG Specialty ("Buyback Agreement"). A true and correct copy of the Buyback Agreement is attached hereto as Exhibit "11."

45.     While the named parties to the FV Buyback Agreement are the FV 1 Principals in their capacity as formers partner of FV1, a dissolved limited partnership; and FV GP, for some reason Lee M. Kort (the principal of the FV Debtor through FV GP) executed the Buyback Agreement on behalf of FV1, an entity in which he had no interest but which has a name very similar to Debtors' name. I have spoken to coverage counsel, and have been informed that the signatures were made in error. So, while the Buyback Agreement appears to be an asset of the FV GP bankruptcy estate and the FV MHP estate, under the terms of the State Court Settlement Agreement the Escrow Funds are to be used to fund the State Court Settlement on behalf of both FV MHP and FV GP. The funds are to be transferred to the Trustee's Trust Account which is part of the FV MHP Estate.

46.     I believe the State Court Action Settlement Agreement, Insurance Coverage Litigation Settlement Agreement and Paramount Agreements are fair and reasonable and in the best interest to the Estates.

DECLARATION OF RICHARD A. MARSHACK

47.     The probability of success element weighs heavily in favor of approving the compromises. The phase one trial, consisting of approximately 22% of the Plaintiff in the State Court Action resulted in a verdict of $5,565,166.00 of compensatory damages and $34,402,120.00 of punitive damages. Extrapolated out, if the future phases of trial resulted in similar results, the compensatory damages could exceed $25 million and $150 million of punitive damages. While as to Debtors the punitive damages are a subordinate claim, the amount of punitive damages led two of the Participating Insurance Carriers to pay their policy limits and additional amounts under the supplemental coverage provisions of their policies.

48.     While I am relinquishing potential assets of the Estates (insurance policies), as well as possible preference and fraudulent conveyance claims, this amount is being more than compensated by the Individuals payment of $11,500,000 outright, and a "loan" to the Estate of $11 million.

49.     I have also examined fairness of the settlement- an argument can be made that there is an unequal distribution to the Plaintiffs, as they are the only ones participating in the initial $42,500,000 settlement distribution. I have come to believe that such argument would be a red herring.

50.     Based upon my investigation of the State Court Action and conversations with Plaintiffs' and Claimants' counsel, I have come to believe that only the Plaintiffs are entitled to the $42,500,000 being paid by the Participating Carriers and Individuals. The Plaintiffs brought the State Court Action and the payment is for the settlement of that action. The Individuals are paying $22,500,000 to essentially "buy their peace" and obtain a full release as the Plaintiffs have threatened to amend their judgement to add the Individuals as additional judgement debtors under California Code of Civil Procedure §187.

51.     The settlements will allow the insurance monies and monies paid by the Individuals to be used to settle the State Court Action. Thereafter, all Claimants will be able to participate from the proceeds from the sale of the Property and other funds in the Estates. It will also make the sale of the Property easier, as there has been pushback from potential buyers due to the outstanding State Court Action.

/ / /

DECLARATION OF RICHARD A. MARSHACK
4835-4050-3722, v. 1

52.     Ultimately when the Property is sold, then all the Claimants (which includes the Plaintiffs as well as the 103 tenant claimants who only filed POC and did not participate in the State Court Action) will participate in the proceeds of the sale, subject to the Individual's backend rights.

53.     Additionally, under the payment schedule of section 8.2 of the State Court Action Settlement Agreement, general unsecured creditors (less than $60,000), who are not Plaintiffs or Claimants are paid in full.

54.     Most importantly, I have been advised that all of the Plaintiffs and Claimants have agreed to this settlement and have executed the written settlement agreement, as well as having meet with their counsel who explained it to them.

55.     The probability of success also weighs heavily in favoring the approval of the Insurance Coverage Litigation Settlement Agreement. The carriers are paying a total of $20 million to resolve the Insurance Coverage Litigation. The purpose of the Insurance Coverage Litigation was to have the carriers pay the settlement amounts under their policies. Therefore, the plaintiffs in the Insurance Coverage Litigation, including the Estates, are receiving what they sued for (i.e., a payout of the insurance policies).

56.     I have been advised that the State Court Action, and active litigation against the Park has limited potential buyers; any potential buyer seeking financing cannot obtain it with the ongoing State Court Action. This settlement of all the pending litigation will make it easier for a buyer to purchase the Park, and for me to collect the remaining assets of the Estates.

57.     The State Court Action and Insurance Coverage Litigation are extremely complex due to the number of parties and issues involved. Indeed, phase 1 of the State Court Action took over four years to get to trial, and trial lasted over 10 weeks.

58.     I understand that the appointment of Cathi Yanni and the allocation procedure was used with great success in the prior settlement with FV1. Based upon my review of the Declaration of Brian Kabateck, I believe that the Plaintiffs' attorneys have made extraordinary efforts to insure that the allocation process is fair and due process rights are preserved. I understand that this consensual procedure has been agreed to by the Plaintiffs and Claimants.

/ / /

DECLARATION OF RICHARD A. MARSHACK

59.     While the defense in the State Court Litigation is being provided under a reservation of rights by Interstate, Gotham and Admiral, the Admiral policy has burning limits and I understand that over $1.4 million of its $10,000,000 limit has eroded thus far. An additional $5 million will be eroded with Admiral's settlement payment. After the approval of this global settlement there should be approximately $3,000,000 of potential coverage left on the Admiral policy.

60.     Additionally, the FV MHP Estate is paying coverage counsel in the Insurance Coverage Litigation to prosecute the action – an expensive proposition which will stop with the approval of these Agreements.

61.     Further, absent approval of the Agreements, I will need to invest in actions for preference and fraudulent conveyance against the Individuals.

62.     Together with my professionals, I have examined the assets of the Estates, including potential preference and fraudulent conveyance claims of the Estates against the Sierra, KSFG, Individuals and Family Trusts. Within four years prior to the Petition Dates I understand from the Estates' accountant that there was transferred approximately $4,000,000 to the Individuals and Family Trusts.

63.     The transfers by the Individuals consists of money taken out of the Debtors in the four years prior to the petition dates. While I can attempt to show the "badges of fraud," and can argue that due to the condition of the Property, if proper repairs had been made the entities would have been insolvent, it is a challenging and expensive proposition at best. The Individuals through their family trusts, were the owners of the Debtors. The money that was taken out was disclosed in their financial documents and tax returns. In other words, it wasn't hidden.

64.     It is my understanding that Sierra, KSFG, Family Trusts and Individuals dispute all of the claims of the Estate against them.

65.     I have also examined the potential preference and fraudulent conveyance claims against Sanford Michelman, Michelman, and Robinson ("Michelman"). I understand Michelman was paid of approximately $1,700,000 in the two years prior to the Petition Dates. I also understand that Michelman claims he is owed additional monies for fees not paid, although Michelman has not filed a proof of claim against either of the Estates and the claims bar dates have passed. In the

DECLARATION OF RICHARD A. MARSHACK

Debtors Schedules, Michelman is listed as a creditor owed approximately $300,000. I have also been advised that Michelman has demanded payment of his outstanding fees from the Individuals.

66.     As part of the State Court Settlement Sierra, KSFG, Family Trusts and Individuals demanded a release of all claims against them as well as against their attorneys, including Michelman. As the Individuals are funding $22,500,000 to the settlement, I believe giving up potential claims of approximately $5,500,000 is warranted. Additionally, the Estates are to receive a release from Michelman of any claims that he could make against the Estates.

67.     The Estates will also retain the Reserve Fund from the settlement, which if not otherwise spent for repairs, remediation and maintenance will be distributed to all Claimants. Without the contributions by the Individuals to the State Court Settlement the Trustee would not be receiving the Reserve Fund for the FV MHP Estate.

68.     I believe the compromises provide certainty to creditors of the Estates, reduces the administrative expenses of the Estates, and will eliminate further delay caused by lengthy litigation.

69.     The Plaintiffs and Claimants are also approximately 98% of the FV MHP and FV GP creditor body. As shown by the signature pages to the State Court Settlement Agreement, it has been approved by them. The balance of the creditors will ultimately have their claims paid in full after the Property is sold. Id., ¶X. The Creditor body has spoken, and they favor the approval of the settlement

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2019.

RICHARD A. MARSHACK

DECLARATION OF RICHARD A. MARSHACK

4835-4050-3722, v. 1

1

### DECLARATION OF BRIAN KABATECK

2        I, Brian S. Kabateck, declare:

3        1.       I am the Managing Partner of the law firm Kabateck LLP ("KBK"), attorneys of record

4    for the Plaintiffs and Claimants in this action.  I have been a practicing attorney in California since

5    1989, and am admitted to practice before all courts of the State of California and multiple federal

6    district courts.  I make this declaration upon my personal knowledge and, if called upon and sworn as a

7    witness, I could and would competently testify hereto.

8        2.       I submit this Declaration in support of Trustee's motion to approve three related

9    compromises of controversies ("Motion"). All terms not defined herein are used as they are defined

10   in the Motion.

11       3.       Along with Mr. Gary Fields of FieldsLaw, I am co-counsel for Plaintiffs in the State

12   Court action *Celestino Acosta, et al. v. City of Long Beach, et al*., Los Angeles Superior Court Case No.

13   BC591412 (hereinafter the "*Acosta* matter"), one of the controversies that is the subject of the Motion. I

14   also represent all of the current and former residents of the Friendly Village Mobile Home Park who

15   filed proofs of claims in these bankruptcies, many of which are Plaintiffs in the *Acosta* matter. I served as

16   trial counsel in the *Acosta* matter, and have been involved in all aspects of negotiating the settlement

17   before the Court.

18       4.       Presently, 100% of the *Acosta* Plaintiffs and over 99% of Claimants (all but one) have

19   executed the Settlement Agreement which is presently before the Court for approval. The sole

20   outstanding signature is for a Claimant who recently passed away. We are in the process of seeking

21   appointment of a successor in interest for the deceased Claimant.

22       5.       Prior to executing the Settlement Agreement, every Plaintiff and Claimant was

23   advised of the details of the Settlement Agreement—in writing and in person during a

24   presentation by counsel and staff from our offices. [1] The Plaintiffs and Claimants were also

25   provided the opportunity to ask questions and review the agreements. The Settlement

26   Agreement was also translated into Spanish (and multiple Spanish interpreters were present at

27   counsel's presentation).

28       6.       To ensure fairness in the distribution of monies obtained through the Settlement, Ms.

29   Cathy Yanni of JAMS has been retained to serve as a Special Master overseeing the allocation process.  I

30   am informed and believe Ms. Yanni is highly regarded for her work as a Special Master on a wide

31   ─────────────────────

32   [1] Nothing contained in this declaration is meant as a waiver of the Attorney-Client Privilege.

variety of large and complex settlements. For example, I am informed that Ms. Yanni was recently appointed to administer the Pacific Gas and Electric Company's Wildfire Assistant Program fund which provides $106 million to be distributed to the victims of the 2017 and 2018 Northern California Wildfires.  I am informed, in that action Ms. Yanni was selected by PG&E and the official committees that are party to PG&E's Chapter 11 proceeding and was approved by the Court. I believe Ms. Yanni is well-qualified to perform functions related to the oversight, allocation, and administration of this settlement. Indeed, Ms. Yanni served as the Special Master for two other settlements obtained in the *Acosta* matter.

7.    The Special Master's duties and authority include:

   a.    Determining the factors to be considered for allocation of settlement funds;

   b.    Calculating the actual allocation of settlement funds among the participating Plaintiffs and Claimants;

   c.    Serving as the final and binding arbitrator on any and all appeals asserted by Plaintiffs and Claimants to their respective settlement allocation;

   d.    Overseeing the distribution of settlement funds.

8.    To ensure efficiency in the distribution of settlement funds, we have retained Archer Systems, a claims administrator. Archer Systems, LLC, headquartered in Houston, Texas, is a provider of claims administration, lien resolution, qualified settlement fund, national bankruptcy and probate coordination, and other pre-settlement and post-settlement services to the legal industry.  Our firm has worked with them in the past on other matters, and I believe they are well-qualified to assist in handling the logistics of administering this settlement.

9.    The process of allocation and distribution of settlement funds will be as follows:

   a.    First, the Special Master will be provided with any objective information she may need regarding each and every Plaintiff and/or Claimant. In prior settlements in the *Acosta* matter, such information has included move-in date, move-out date, whether someone is a resident or a tenant, date of purchase of home, date of sale of home, and information about the involvement of a Plaintiff's or Claimant's in the litigation or trial.

   b.    Concurrently, each Plaintiff and/or Claimant will be given the opportunity to complete a form wherein they can describe any special circumstances they wish for the Special Master to consider.

   c.    The Special Master will then make an initial allocation of settlement funds to

DECLARATION OF BRIAN S. KABATECK

each Plaintiff and/or Claimant who is entitled to participate in the distribution. The Special Master will also designate a certain percentage of the gross settlement fund as a "hold-back" to address any potential appeals (discussed below). The Special Master will be the sole decision-maker regarding this allocation, and counsel will have absolutely no discretion as to the allocation.

    d.   Next, through the claims administrator, each Plaintiff and/or Claimant will be advised—in writing—of the amount initially allocated to their claim. They will be given the opportunity to either accept or appeal the amount allocated to their claim within 30 days. They will be advised of the fact that an appeal may result in a larger award, the same award, or even a reduction in an award (if they present facts warranting a reduction). They will be advised of how to submit their appeal, and will be advised that they may submit any further information or evidence they wish for the Special Master to consider. The correspondence described herein will be translated into Spanish, and attorneys and staff (including Spanish-speakers) will be available to address any questions regarding the process.

    e.   Plaintiffs and/or Claimants who accepted their initial allocation will immediately be issued their initial allocation of settlement funds, less fees and costs.

    f.   After the appeal period expires, the Special Master will consider all timely-submitted appeals. The Special Master will, as necessary, contact Plaintiffs and/or Claimants for any further information or discussion. If warranted, and solely within her discretion, the Special Master will then make any adjustments to the allocations for the Plaintiffs and/or Claimants who appealed. Her decision will be final and binding.

    g.   When all appeals have been addressed, the remaining "hold back" funds will be allocated by the Special Master to all participating Plaintiffs and/or Claimants on a pro rata basis. Final checks will be issued through the claims administrator.

    10.   An overview of the process described above has already been presented to each Plaintiff and Claimant—in writing, and in the form of an in-person presentation by counsel and staff from our offices. The letter describing the above process was also translated into Spanish (and multiple Spanish interpreters were present at counsel's presentation). Each and every Plaintiff has been given an opportunity to ask questions regarding the process. After being advised of this process,

DECLARATION OF BRIAN S. KABATECK

Plaintiffs and Claimants were asked to acknowledge in writing that they have been advised of the process, and that they voluntarily agree to participate in the settlement and allocation process described above. This letter and signed acknowledgment (referred to as an "Informed Consent Letter") is separate and apart from the Settlement Agreement executed by Plaintiffs and Claimants.

11.    Presently, 100% of the Plaintiffs and over 99% of Claimants (all but one) have executed the Informed Consent Letter acknowledging and agreeing to the allocation process described above. The only outstanding signature is for a Claimant who recently passed away; we are in the process of seeking appointment of successor/representative for this Claimant.

12.    The process described above was used in two other settlements obtained Plaintiffs in the *Acosta* matter. The process was incredibly efficient and satisfactory to all involved. In fact, in the multi-million dollar settlement with the prior ownership group, there were absolutely no appeals of the Special Master's allocation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of October, 2019, at Los Angeles, California.



_____
Brian S. Kabateck

DECLARATION OF BRIAN S. KABATECK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO APPROVE THREE RELATED COMPROMISES OF CONTROVERSIES: (1) CERTAIN STATE COURT ACTION; (2) CERTAIN INSURANCE COVERAGE LITIGATION; AND (3) ALON USA ENERGY INC. AND PARAMOUNT PETROLEUM CORPORATION; AND APPROVE SUPER- PRIORITY ADMINISTRATIVE LOAN OF $11 MILLION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF RICHARD A. MARSHACK AND BRIAN KABATECK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 28, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 28, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 28, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Via Personal Delivery | Via Email |
|---|---|
| PRESIDING JUDGE'S COPY<br>Bankruptcy Judge Erithe A. Smith.<br>United States Bankruptcy Court, Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5040 / Courtroom 5A<br>Santa Ana, CA 92701-4593 | **Attorneys for Plaintiffs**<br>Aram Ordubegian – aram.ordubegian@arentfox.com<br>Gary D. Fields – gary@fieldslawcorp.com<br>Brian Kabateck – bsk@kbklawyers.com |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2019 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Continued.
   - **DEBTOR FRIENDLY VILLAGE MHP ASSOCIATES LP:** Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com; amatsuoka@ecjlaw.com
   - **CREDITOR ESTATE OF DAVE DAHLSTROM:** Gary Fields    meagan@fieldslawcorp.com, anna@fielslawcorp.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
   - **RICHARD A MARSHACK (TR):** Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Kristine A Thagard    kthagard@marshackhays.com, 8649808420@filings.docketbird.com
   - **INTERESTED PARTY COURTESY NEF:** Jeffrey G Thomas    jgthomas128@gmail.com, usoldit@hotmail.com
   - **UNITED STATES TRUSTEE (SA):** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
   - **TRUSTEE RICHARD A MARSHACK (TR):** David Wood    dwood@marshackhays.com, 8649808420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

| **DEBTOR / MAIL REDIRECTED TO TRUSTEE** | **CREDITOR** | **CREDITOR / POC ADDRESS** |
|---|---|---|
| FRIENDLY VILLAGE  GP, LLC<br>320 N PARK VISTA STREET<br>ANAHEIM, CA 92806-3722 | BEST POOL SERVICE LLC<br>1612 S LYON ST<br>SANTA ANA, CA 92705 | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS: A-340<br>P.O. BOX 2952<br>SACRAMENTO, CA 95812-2952 |
| **CREDITOR / UNSECURED**<br>AMRENT<br>P O BOX 535595<br>PITTSBURGH, PA 15253-5595 | **CREDITOR / UNSECURED**<br>CALIFORNIA WIDE ELECTRIC<br>24594 SUNNYMEAD BOULEVARD<br>SUITE Y<br>MORENO VALLEY, CA 92553-3729 | **CREDITOR / UNSECURED**<br>GEOSYNTEC<br>900 BROKEN SOUND PARKWAY NW<br>SUITE 200<br>BOCA RATON, FL 33487-3513 |
| **CREDITOR / UNSECURED**<br>GREYLING INSURANCE<br>P O BOX 734005<br>CHICAGO, IL 60673-4005 | **CREDITOR / UNSECURED**<br>HOME DEPOT<br>DEPARTMENT 32-2536733987<br>P O BOX 78047<br>PHOENIX, AZ 85062-8047 | **CREDITOR / UNSECURED**<br>MICHELMAN & ROBINSON LLP<br>10880 WILSHIRE BOULEVARD<br>19TH FLOOR<br>LOS ANGELES, CA 90024-4120 |
| **SEE NEW ADDR**<br>**CREDITOR / UNSECURED**<br>PACIFIC STATES UTILITY<br>COMPANY<br>3800 EAST EAGLE DRIVE<br>ANAHEIM, CA 92807 | **CREDITOR / UNSECURED**<br>STAPLES<br>P O BOX 660409<br>DALLAS, TX 75266-0409 | **CREDITOR / UNSECURED**<br>STONEY MILLER CONSULTANTS<br>INC<br>14 HUGHES<br>SUITE B-101<br>IRVINE, CA 92618-1930 |
| **CREDITOR / UNSECURED**<br>TOM'S PLUMBING SERVICE INC<br>TOMAS R STAGGS<br>P O BOX 5325<br>FULLERTON, CA 92838-0325 | **CREDITOR / UNSECURED / POC ADDRESS**<br>GEOSYNTEC CONSULTANTS, INC.<br>1111 BROADWAY, FLOOR 6<br>OAKLAND, CA 94607 | **CREDITOR / UNSECURED / POC ADDRESS**<br>MORAN CONSULTING<br>CORPORATION<br>4500 EAST PACIFIC COAST<br>HIGHWAY<br>SUITE 210<br>LONG BEACH, CA 90804-3290 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**NEW ADDR 02/25/19**
**CREDITOR / UNSECURED / POC**
**ADDRESS**
PACIFIC STATES UTILITY
COMPANY
3880 EAST EAGLE DRIVE
ANAHEIM, CA 92807

**INTERESTED PARTY**
LISA R. CAMPBELL, ATTORNEY III
LEGAL AFFAIRS DIVISION, HOUSING &
COMMUNITY DEVELOPMENT
2020 W EL CAMINO AVENUE, SUITE
525
SACRAMENTO, CA 95833

**INTERESTED PARTY**
SHIKARI NAKAGAWA-OTA, REHS,
CHIEF ENVIRONMENTAL HEALTH
SPECIALIST
SOLID WASTE MANAGEMENT
INSPECTION & ENFORCEMENT
PROGRAM, LOCAL ENFORCEMENT
AGENCY (LEA)
5050 COMMERCE DRIVE
BALDWIN PARK, CA 91706

**INTERESTED PARTY**
TAYLOR M. ANDERSON, DEPUTY
CITY ATTORNEY
LONG BEACH CITY ATTORNEY'S
OFFICE
411 W OCEAN BLVD, 9TH FLOOR
LONG BEACH, CA 90802

**INTERESTED PARTY**
JAMES IAN STANG
PACHULSKI STANG ZIEHL & JONES
LLP
10100 SANTA MONICA BLVD, 13TH FL
LOS ANGELES, CA 90067-4100

**INTERESTED PARTY**
JEFFREY I. GOLDEN
WEILAND GOLDEN GOODRICH
650 TOWN CENTER DRIVE #600
COSTA MESA, CA 92626

**AGENT FOR SERVICE**
ADMIRAL INSURANCE
C/O MR. STACY D. BROWN
FREBERG ENVIRONMENTAL
INSURANCE, INC.
2000 SOUTH COLORADO BLVD,
TOWER II, SUITE 800
DENVER, CO 80222

**AGENT FOR SERVICE**
AIG PROPERTY CASUALTY CO. /
CHARTIS
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE COMPANY
DOING BUSINESS IN CA AS CSC
LAWYERS INCORPORING SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**AGENT FOR SERVICE**
AMERICAN RELIABLE INSURANCE
CO.
AGENT FOR SERVICE OF PROCESS
NATIONAL REGISTERED AGENTS,
INC.
881 WEST SEVENTH STREET,
SUITE 930
LOS ANGELES, CA 90017

**AGENT FOR SERVICE**
ASPEN SPECIALTY INSURANCE
COMPANY
AGENT FOR SERVICE OF
PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN
CA AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
AXIS INSURANCE COMPANY
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE COMPANY
DOING BUSINESS IN CA AS CSC
LAWYERS INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
FIRST AMERICAN PROPERTY &
CASUALTY
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN CA
AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
GOTHAM INSURANCE &
FINANCIAL SERVICES CORP.
AGENT FOR SERVICE OF
PROCESS
BUSINESS FILINGS
INCORPORATED
187 WOLF ROAD, SUITE 101
ALBANY, NY 12205

**AGENT FOR SERVICE**
INTERSTATE (SUBSIDIARY OF
FIREMAN'S FUND INS. CO.)
AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
881 WEST SEVENTH STREET, SUITE
930
LOS ANGELES, CA 90017

**AGENT FOR SERVICE**
NATIONAL UNION FIRE INS. CO. OF
PITTSBURGH, PA
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN CA
AS CSC LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**AGENT FOR SERVICE**
THE TRAVELERS CASUALTY
COMPANY
AGENT FOR SERVICE OF
PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN
CA AS CSC LAWYERS
INCORPORATING SERVICE
251 LITTLE FALLS DR
WILMINGTON, DE 19808

**AGENT FOR SERVICE**
TOKIO MARINE SPECIALTY
INSURANCE COMPANY
AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
111 EIGHTH AVE, 13TH FL
NEW YORK, NY 10011

**AGENT FOR SERVICE**
WESCO INSURANCE CO.
AGENT FOR SERVICE OF PROCESS
CORPORATION SERIVCE
COMPANY DOING BUSINESS IN CA
AS CSC LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**ATTORNEY FOR ADMIRAL
INSURANCE**
LYNN TRANG, ESQ.
WALSH MCKEAN FURCOLO LLP
550 WEST C STREET, SUITE 950
SAN DIEGO, CA 92101

**ATTORNEY FOR AIG SPECIALTY
INSURANCE COMPANY**
W. DAVE CAMPAGNE, ESQ., STEPHEN
R. WONG, ESQ.
SINNOTT, PUEBLA, CAMPAGNE &
CURET APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CA 94608-1816

**ATTORNEY FOR AMERICAN
RELIABLE INSURANCE COMPANY**
LIMOR LEHAVI, ESQ.
MOKRI VANIS & JONES, LLP
4100 NEWPORT PLACE DR., SUITE
840
NEWPORT BEACH, CA 92660

**ATTORNEY FOR GOTHAM
INSURANCE COMPANY**
LAWRENCE A. TABB, ESQ.,
STEPHEN M. GREEN, ESQ.
MUSICK PEELER & GARRETT, LLP
ONE WILSHIRE BOULEVARD,
SUITE 2000
LOS ANGELES, CA 90017

**ATTORNEY FOR INTERSTATE FIRE
AND CASUALTY COMPANY**
MARY E. MCPHERSON, ESQ., YVONNE
M. SCHULTE, ESQ.
TRESSLER LLP
2 PARK PLAZA, SUITE 1050
IRVINE, CA 92614

**ATTORNEY FOR NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA**
ANDREW D. HEROLD, ESQ. , DAVID
G. HACKETT, ESQ., SAMUEL J.
MORRIS, ESQ.
HEROLD & SAGER
50 SECOND STREET, SUITE 200
ENCINITAS, CA 92024

**NEW ADDR 2/4/19
ATTORNEY FOR STATE COURT
LITIGATION**
DAVID E WOOD
BARNES & THORNBURG LLP
2029 CENTURY PARK EAST STE
300
LOS ANGELES, CA 90067

**ATTORNEY FOR STATE COURT
LITIGATION**
JOSHUA ROSENBERG
BARNES & THORNBURG LLP
2029 CENTURY PARK EAST STE 300
LOS ANGELES, CA 90067

**ATTORNEY FOR WESCO
INSURANCE COMPANY**
TUNG KHUU, ESQ.
NIELSEN, HALEY & ABBOTT LLP
100 SMITH RANCH ROAD, SUITE
350
SAN RAFAEL, CA 94903

**CARRIER**
ADMIRAL INSURANCE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1000 HOWARD BLVD., SUITE 300
PO BOX 5430
MOUNT LAUREL, NJ 08054

**CARRIER**
ASPEN SPECIALTY INSURANCE
COMPANY
C/O ASPEN SPECIALTY INSURANCE
MANAGEMENT, INC.
135 MAIN STREET, SUITE 1950
SAN FRANCISCO, CA 94105

**CARRIER**
AXIS INSURANCE COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
11680 GREAT OAKS WAY, SUITE
500
ALPHARETTA, GA 30022

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CARRIER**
AXIS INSURANCE COMPANY
C/O BROWN & BROWN
INSURANCE OF AZ
2800 N. CENTRAL AVE., #1100
PO BOX 2800
PHOENIX, AZ 85004

**CARRIER**
FIRST AMERICAN PROPERTY &
CASUALY
ATTN: LARRY DAVIDSON, CEO
4 FIRST AMERICAN WAY
SANTA ANA, CA 92707

**CARRIER**
PHILADELPHIA INSURANCE
COMPANIES
ATTN: ROBERT D. OLEARY, JR.,
PRESIDENT
ONE BALA PLAZA, SUITE 100
BALA CYNWYD, PA 19004

**CARRIER**
THE TRAVELERS CASUALTY
COMPANY
ATTN: NICHOLAS SEMINARA, CEO
ONE TOWER SQUAR
HARTFORD, CT 06183

**CARRIER**
TOKIO MARINE SPECIALTY
INSURANCE COMPANY
ATTN: ROBERT D. OLEARY, JR.,
PRESIDENT
ONE BALA PLAZA, SUITE 100
BALA CYNWYD, PA 19004

**CREDITOR / POC ADDRESS**
AIG PROPERTY CASUALTY
COMPANY
CHARTIS SPECIALTY INSURANCE
COMPANY
STEPHEN WONG
2000 POWELL STREET, SUITE 830
EMERYVILLE, CA 94608

**CREDITOR / POC ADDRESS**
AIG PROPERTY CASUALTY, INC.
KEVIN J. LAMER, AUTHORIZED
REPRESENTATIVE
80 PINE STREET, 13TH FLOOR
NEW YORK, NY 10005

**ATTORNEY FOR KORT & SCOTT
FINANCIAL GROUP**
BOIS SCHILLER FLEXNER LLP
JEANNE FUGATE; MICHAEL LESLIE;
KELLY PERIGOE; GAYCE ZELPHIN
725 SOUTH FIGUEROA STREET, 31ST
FLOOR
LOS ANGELES, CA 90017

**ATTORNEY FOR FRIENDLY
VILLAGE GP, LLC**
BREMER WHYTE BROWN &
O'MEARA LLP
CHRISTOPHER CUMMISKY,
MICHAEL D'ANDREA, ROCHELLE
RAJZAI, JENNIFER RAZZANO,
CAITLIN SALATA
21215 BURBANK BOULEVARD,
SUITE 500
WOODLAND HILLS, CA 91367

**ATTORNEY FOR FRIENDLY
VILLAGE MOBILE ASSOCIATES,
LP**
BUCHALTER, A PROFESSIONAL
CORPORATION
MARIAM BICKNELL, ANNE MARIE
ELLIS, MICHAEL PRECIADO,
SAMUEL SCHLEIER, ELENI
SWANK, GARY WOLENSKY
18400 VON KARMAN AVE, SUITE
800
IRVINE, CA 92612

**ATTORNEY FOR FRIENDLY VILLAGE
GP, LLC; FRIENDLY VILLAGE MHP
ASSOCIATES, LP, AND SIERRA
CORPORATE MANAGEMENT, INC.**
COOKSEY TOOLEN GAGE DUFFY &
WOOG
BEN GAGE, THERESA LAZORISAK,
ROBERT MATRANGA, MATTHEW
PAHL, PHILLIP WOOG
535 ANTON BOULEVARD, 10TH FLOOR
COSTA MESA, CA 92626

**ATTORNEY FOR ALON US ENERGY
AND PARAMOUNT PETROLEUM
CORPORATION**
PERKINS COIE LLP
MEREDITH WEINBERG
1201 THIRD AVENUE, SUITE 4900
SEATTLE, WA 98101

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**ATTORNEY FOR FRIENDLY VILLAGE ENTITITES, KORT & SCOTT FINANCIAL GROUP, AND SIERRA CORPORATE MANAGEMENT**
WOOD SMITH HENNING & BERMAN LLP
VICTORIA ERSOFF, EMIL MACASINAG, MATTHEW ROCHLIN, THOMAS VANDENBURG
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CA 90024

**ATTORNEY FOR CITY OF LONG BEACH**
RICHARDS WATSON & GERSHON
LISA BOND, PATRICK SKAHAN
355 SOUTH GRAND AVENUE, 40TH FLOOR
LOS ANGELES, CA 90071-3101

**ATTORNEY FOR KORT & SCOTT FINANCIAL GROUP, SIERRA CORPORATE MANAGEMENT, INC. AND FRIENDLY VILLAGE MHP ASSOCIATES, LP**
BERKES CRANE ROBINSON & SEAL LLP
STEVEN CRANE, PETER MARCUS
515 SOUTH FIGUEROA STREET, SUITE 1500
LOS ANGELES, CA 90071

**ATTORNEY FOR CHEVRONS USA INC.**
STEPTOE & JOHNSON LLP
JASON LEVIN, JENNIFER BONNEVILLE, JOO CHA WEBB
633 WEST FIFTH STREET, SUITE 700
LOS ANGELES, CA 90071

**ATTORNEY FOR KORT FAMILY TRUST U/D/T DECEMBER 1, 2004 AND AMENDED NOVEMBER 2, 2006**
AND MICHAEL H. SCOTT REVOCABLE TRUST U/D/T AUGUST 15, 2007
RAYMOND P. BOUCHER
BOUCHER LLP
21600 OXNARD STREET, SUITE 600
WOODLAND HILLS, CA 91367

**INTERESTED PARTY**
CITY NATIONAL BANK
DEDE VEGA, ASSISTANT VICE PRESIDENT AND TRUST OFFICER
555 SOUTH FLOWER STREET, 11TH FLOOR
LOS ANGELES, CA 90071

**INTERESTED PARTY**
DANIEL C. FISCHER
14751 PLAZA DRIVE, SUITE H
TUSTIN, CALIFORNIA 92780

**INTERESTED PARTY**
MICHAEL MOWREY
2600 AUGUSTA
TUSTIN, CALIFORNIA 92782

**INTERESTED PARTY**
WALTER E. NOVICK
7942 AVENIDA KIRJAH
LA JOLLA, CALIFORNIA 92037

**CREDITOR**
ABRAHAM MORENO
5450 NORTH PARAMOUNT BOULEVARD
SPACE 68
LONG BEACH, CA 90805-8263

**CREDITOR**
ADOLFO NARANJO
5450 NORTH PARAMOUNT BOULEVARD
SPACE 105
LONG BEACH, CA 90805-8298

**CREDITOR**
AIDE DOMINQUEZ
5450 NORTH PARAMOUNT BOULEVARD
SPACE 36
LONG BEACH, CA 90805-8232

**CREDITOR**
ALONSO VALDEZ
5450 NORTH PARAMOUNT BOULEVARD
SPACE 132
LONG BEACH, CA 90805-8324

**CREDITOR**
ANA HERNANDEZ
5450 NORTH PARAMOUNT BOULEVARD
SPACE 34
LONG BEACH, CA 90805-8230

**CREDITOR**
ANA OCHOA
5450 NORTH PARAMOUNT BOULEVARD
SPACE 78
LONG BEACH, CA 90805-8272

**CREDITOR**
ANDREA MEDINA
5450 NORTH PARAMOUNT BOULEVARD
SPACE 160
LONG BEACH, CA 90805-5154

**RTD 12/28/18 UTF CREDITOR**
ANGELICA MARIA HERREA
5450 NORTH PARAMOUNT BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

**RTD 12/28/18 UTF CREDITOR**
ANILBER TURCIO
5450 NORTH PARAMOUNT BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR**
ANNA LAGMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 22
LONG BEACH, CA 90805-8216

**CREDITOR**
ANTHONEY MILLER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 57
LONG BEACH, CA 90805-8252

**CREDITOR**
ANTONIO PONCE
5450 NORTH PARAMOUNT
BOULEVARDS
SPACE 38
LONG BEACH, CA 90805-8234

**CREDITOR**
BEATRICE FINELY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 45
LONG BEACH, CA 90805-8241

**CREDITOR**
BONNIE WEEKS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 45
LONG BEACH, CA 90805-8241

**CREDITOR**
BRENDA ARMENTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 166
LONG BEACH, CA 90805-5195

**CREDITOR**
BRENDAN ODRISCOLL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 60
LONG BEACH, CA 90805-8255

**RTD 12/28/18 UTF**
**CREDITOR**
CARLOS ESCOBAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 166
LONG BEACH, CA 90805-5195

**CREDITOR**
CARLOS RIOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 96
LONG BEACH, CA 90805-8289

**CREDITOR**
CARMEN ALATORRE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 99
LONG BEACH, CA 90805-8292

**RTD 01/28/19 UTF**
**CREDITOR**
CAROLYN ROE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 132
LONG BEACH, CA 90805-8324

**CREDITOR**
CATHY RAZO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 65
LONG BEACH, CA 90805-8260

**CREDITOR**
CECILIA IGNACIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 114
LONG BEACH, CA 90805-5144

**CREDITOR**
CHAD LAUGHLIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 116
LONG BEACH, CA 90805-8308

**CREDITOR**
CHARLES BATEMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 26
LONG BEACH, CA 90805-8221

**CREDITOR**
CHERIE MILEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 140
LONG BEACH, CA 90805-5191

**RTD 12/28/18 UTF**
**CREDITOR**
CHRISTINA JAGGERS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 179
LONG BEACH, CA 90805-5182

**CREDITOR**
CHRISTOPHER MORALES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 166
LONG BEACH, CA 90805-5195

**CREDITOR**
CONSTINTINO ELIOPULOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 20
LONG BEACH, CA 90805-8214

**RTD 12/28/18 UTF**
**CREDITOR**
CRISTEL ALCAZAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

**CREDITOR**
CRISTIAN MEDINA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 145
LONG BEACH, CA 90805-5169

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**RTD 12/28/18 UTF**
**CREDITOR**
DAISY RIOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 96
LONG BEACH, CA 90805-8289

**CREDITOR**
DINAKA KINGKEO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 16
LONG BEACH, CA 90805-8210

**CREDITOR**
DONALD RAINER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 5
LONG BEACH, CA 90805-8200

**CREDITOR**
EDGAR ACOSTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR**
EDWARD CARDENAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 5
LONG BEACH, CA 90805-8200

**RTD 12/28/18 UTF**
**CREDITOR**
ELISA BARR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 79
LONG BEACH, CA 90805-8273

**CREDITOR**
EMPLOYMENT DEVELOPMENT
DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**CREDITOR**
DAVID LEON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 113
LONG BEACH, CA 90805-8306

**CREDITOR**
DOLORES GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 63
LONG BEACH, CA 90805-8258

**RTD 12/28/18 UTF**
**CREDITOR**
DORALUZ ESCOBAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 166
LONG BEACH, CA 90805-5195

**CREDITOR**
EDGAR DANIEL ACOSTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**RTD 12/28/18 UTF**
**CREDITOR**
EDWIN MARAVILLA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

**CREDITOR**
ELIZABETH PERIUS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**CREDITOR**
ESTHER GONZALEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 113
LONG BEACH, CA 90805-8306

**CREDITOR**
DEREK WASSENAAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 32
LONG BEACH, CA 90805-8226

**CREDITOR**
DOLORES LEE WRIGHT
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 63
LONG BEACH, CA 90805-8258

**RTD 12/28/18 UTF**
**CREDITOR**
DUNN COLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 49
LONG BEACH, CA 90805-8244

**CREDITOR**
EDGARD LUCERO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 160
LONG BEACH, CA 90805-5154

**CREDITOR**
ELIAS MENDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 49
LONG BEACH, CA 90805-8244

**CREDITOR**
ELMER JONES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 131
LONG BEACH, CA 90805-8323

**CREDITOR**
EUNICE STRAHLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 64
LONG BEACH, CA 90805-8259

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**CREDITOR**
EVA ALVILLAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 107
LONG BEACH, CA 90805-8300

**RTD 12/28/18 UTF**
**CREDITOR**
FRANCES SANDOVAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 133
LONG BEACH, CA 90805-8325

**RTD 01/28/19 UTF**
**CREDITOR**
GLORIA SOLTERO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 113
LONG BEACH, CA 90805-8306

**RTD 01/28/19 UTF**
**CREDITOR**
HELEN HACKETT
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 118
LONG BEACH, CA 90805-8310

**RTD 12/28/18 UTF**
**CREDITOR**
INEZ E MABLY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 118
LONG BEACH, CA 90805-8310

**CREDITOR**
ISRAEL RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 35
LONG BEACH, CA 90805-8231

**CREDITOR**
JESSICA RICHARDS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 61
LONG BEACH, CA 90805-8256

**CREDITOR**
EVANGELINA RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 161
LONG BEACH, CA 90805-5153

**RTD 12/28/18 UTF**
**CREDITOR**
FREDDY MARAVILLA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

**CREDITOR**
GUADALUPE CHIU
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

**CREDITOR**
HYEON PARK
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 64
LONG BEACH, CA 90805-8259

**CREDITOR**
IRVIN LARIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**CREDITOR**
JAIME IGNACIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 114
LONG BEACH, CA 90805-5144

**CREDITOR**
JESUS CUEVAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 93
LONG BEACH, CA 90805-8286

**CREDITOR**
FERNANDO HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 34
LONG BEACH, CA 90805-8230

**CREDITOR**
GARY STRAHLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 64
LONG BEACH, CA 90805-8259

**CREDITOR**
HELEN CHENG KIM
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 159
LONG BEACH, CA 90805-5155

**CREDITOR**
ILENE MORALES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 43
LONG BEACH, CA 90805-8239

**CREDITOR**
ISABEL ALVARADO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 17
LONG BEACH, CA 90805-8211

**CREDITOR**
JENNIE POMARICO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 27
LONG BEACH, CA 90805-8222

**CREDITOR**
JESUS DURAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
JOEL HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
APT A
LONG BEACH, CA 90805-8227

**CREDITOR**
JOHN LAMONT
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 125
LONG BEACH, CA 90805-5143

**CREDITOR**
JOHN SHULL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805-8280

**CREDITOR**
JOHN STUBBLEFIELD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 31
LONG BEACH, CA 90805-8225

**CREDITOR**
JOHN SWEENEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 105
LONG BEACH, CA 90805-8298

**CREDITOR**
JOHN VONG
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 16
LONG BEACH, CA 90805-8210

**CREDITOR**
JONAS RADILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 37
LONG BEACH, CA 90805-8233

**CREDITOR**
JONATHAN CURTIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**CREDITOR**
JONG YOON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 64
LONG BEACH, CA 90805-8259

**RTD 12/28/18 UTF
CREDITOR**
JORGE ALBERTO MARAVILLA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 55
LONG BEACH, CA 90805-8250

**CREDITOR**
JORGE MESA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 97
LONG BEACH, CA 90805-8290

**CREDITOR**
JOSE MUNOZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 128
LONG BEACH, CA 90805-8320

**CREDITOR**
JOSE ORTEGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**RTD 12/28/18 UTF
CREDITOR**
JOSEPH LASKODI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 24
LONG BEACH, CA 90805-8218

**RTD 12/28/18 UTF
CREDITOR**
JOSEPH ROE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 132
LONG BEACH, CA 90805-8324

**CREDITOR**
JOSEPH THOMPSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 21
LONG BEACH, CA 90805-8215

**CREDITOR**
JOSHUA PAULEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 130
LONG BEACH, CA 90805-8322

**CREDITOR**
JOYCE ANGELINI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 28
LONG BEACH, CA 90805-8223

**CREDITOR**
JUAN REYES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 4
LONG BEACH, CA 90805-5199

**CREDITOR**
JUAN TOSCANO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 112
LONG BEACH, CA 90805-8305

**CREDITOR**
JUANA E PINEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 24
LONG BEACH, CA 90805-8218

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
JUDITH DAVIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 17
LONG BEACH, CA 90805-8211

**CREDITOR**
KARLA DIAZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**CREDITOR**
LEO GILBERT
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 66
LONG BEACH, CA 90805-8261

**RTD 01/28/19 UTF**
**CREDITOR**
LUIS ALBARRAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 18
LONG BEACH, CA 90805-8212

**CREDITOR**
MABEL MONTALVO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 27
LONG BEACH, CA 90805-8222

**CREDITOR**
MARCO MORALES
5450 NORTH PARAMOUNT
BOULEVARD
APT B
LONG BEACH, CA 90805-8228

**CREDITOR**
MARIA WELCH
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 49
LONG BEACH, CA 90805-8244

**CREDITOR**
JULIE REAGAN
5450 NORTH PARAMOUNT
BOULEVARD
APT B
LONG BEACH, CA 90805-8228

**RTD 01/28/19 UTF**
**CREDITOR**
KIMBERLY SHULL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805-8280

**CREDITOR**
LILI GUARDADA
5450 NORTH PARAMOUNT
BOULEVARD
APT B
LONG BEACH, CA 90805-8228

**CREDITOR**
LUIS SANTANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 19
LONG BEACH, CA 90805-8213

**CREDITOR**
MANASSAVEE CAMPBELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 149
LONG BEACH, CA 90805-5165

**CREDITOR**
MARGARET STUBBLEFIELD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 31
LONG BEACH, CA 90805-8225

**CREDITOR**
MARIEL SIMENTAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 132
LONG BEACH, CA 90805-8324

**CREDITOR**
JULIO AGUIRRE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 116
LONG BEACH, CA 90805-8308

**CREDITOR**
LAURA ZEPEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 60
LONG BEACH, CA 90805-8255

**CREDITOR**
LIOUBOV BOGOUCHEVSKAIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 22
LONG BEACH, CA 90805-8216

**CREDITOR**
LUKAS WASSENAAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 32
LONG BEACH, CA 90805-8226

**CREDITOR**
MANUEL VARGAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 163
LONG BEACH, CA 90805-5141

**CREDITOR**
MARIA CHAVEZ
5450 NORTH PARAMOUNT
BOULEVARD
APT A
LONG BEACH, CA 90805-8227

**RTD 12/28/18 UTF**
**CREDITOR**
MARILYN BARLOW
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 118
LONG BEACH, CA 90805-8310

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
MARTHA PAZMINO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 105
LONG BEACH, CA 90805-8298

**CREDITOR**
MARY MCCOY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 62
LONG BEACH, CA 90805-8257

**CREDITOR**
MELODY MEDDLES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805-8293

**CREDITOR**
MERCEDEZ GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 60
LONG BEACH, CA 90805-8255

**CREDITOR**
MICHELLE PARVIANEN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 176
LONG BEACH, CA 90805-5179

**CREDITOR**
MIGUEL ALVARADO QUINTEROS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 17
LONG BEACH, CA 90805-8211

**CREDITOR**
MIGUEL GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 24
LONG BEACH, CA 90805-8218

**CREDITOR**
MIREYA CASILLAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

**CREDITOR**
MIRIAM MEJIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR**
NANCY TAUFA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 139
LONG BEACH, CA 90805-5190

**CREDITOR**
NATASHA ROBINSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 152
LONG BEACH, CA 90805-5162

**CREDITOR**
NERY MORENO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 68
LONG BEACH, CA 90805-8263

**CREDITOR**
NICHOLE LUND
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 179
LONG BEACH, CA 90805-5182

**RTD 01/28/19 UTF**
**CREDITOR**
NICK LARIZZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 114
LONG BEACH, CA 90805-5144

**CREDITOR**
NORMITA ALLANIGUE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 3
LONG BEACH, CA 90805-5197

**RTD 12/28/18 UTF**
**CREDITOR**
ORIOR TRAUTMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 170
LONG BEACH, CA 90805-5173

**CREDITOR**
OSCAR GONZALEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

**CREDITOR**
PAM PHUMMALA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 34
LONG BEACH, CA 90805-8230

**CREDITOR**
PAMELA YOUNG
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 85
LONG BEACH, CA 90805-8279

**CREDITOR**
PAUL CLAYTON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 31
LONG BEACH, CA 90805-8225

**CREDITOR**
PILAR RUBIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 101
LONG BEACH, CA 90805-8294

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
RALPH LELAND
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 115
LONG BEACH, CA 90805-8307

**CREDITOR**
RAY JOHNSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 48
LONG BEACH, CA 90805-5135

**CREDITOR**
RICKY MEEHAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 87
LONG BEACH, CA 90805-8281

**CREDITOR**
RODOLFO LLAMAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 33
LONG BEACH, CA 90805-8229

**CREDITOR**
ROGER ALBERTO MARTEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR**
ROSA OCHOA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 155
LONG BEACH, CA 90805-5159

**CREDITOR**
SCOTT PINKERTON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 181
LONG BEACH, CA 90805-5184

**CREDITOR**
RANDOLPH STRAHLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 64
LONG BEACH, CA 90805-8259

**RTD 01/28/19 UTF**
**CREDITOR**
RAYMOND M OCHOA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 22
LONG BEACH, CA 90805-8216

**CREDITOR**
ROBERT YOUNG
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 69
LONG BEACH, CA 90805-8264

**CREDITOR**
RODRIGO ACOSTA GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 8
LONG BEACH, CA 90805-8203

**CREDITOR**
RONALD TAKAHASHI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 12
LONG BEACH, CA 90805-8206

**CREDITOR**
ROSA PEREZ GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 52
LONG BEACH, CA 90805-8247

**CREDITOR**
SELENA GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 153
LONG BEACH, CA 90805-5161

**CREDITOR**
RAQUEL VERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 128
LONG BEACH, CA 90805-5146

**CREDITOR**
RENATE ANDERSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 74
LONG BEACH, CA 90805-8268

**CREDITOR**
ROCKY HORTON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 127
LONG BEACH, CA 90805-8319

**CREDITOR**
RODRIGO ACOSTA MAYORGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 8
LONG BEACH, CA 90805-8203

**CREDITOR**
ROSA DELUNA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR**
SABRINA SAYERS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 97
LONG BEACH, CA 90805-8290

**CREDITOR**
SERIO QUINTERO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 33
LONG BEACH, CA 90805-8229

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**RTD 12/28/18 UTF**
**CREDITOR**
SHARON GIDER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 170
LONG BEACH, CA 90805-5173

**CREDITOR**
SHARON SIMRIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 130
LONG BEACH, CA 90805-8322

**CREDITOR**
SHERMAN APPLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 73
LONG BEACH, CA 90805-8267

**RTD 12/28/18 UTF**
**CREDITOR**
SHIRLEY JOHNSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 48
LONG BEACH, CA 90805-5135

**CREDITOR**
SOPHERANN PHON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 16
LONG BEACH, CA 90805-8210

**CREDITOR**
STAR JIMENEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 125
LONG BEACH, CA 90805-5143

**RTD 12/31/18 UTF**
**CREDITOR**
STEPHANIE BERNARD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 177
LONG BEACH, CA 90805-5180

**CREDITOR**
STEVE ANDERSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 74
LONG BEACH, CA 90805-8268

**CREDITOR**
STEVEN COHEN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 169
LONG BEACH, CA 90805-5172

**CREDITOR**
THERESA OSORIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 2
LONG BEACH, CA 90805-5196

**CREDITOR**
THERESA WALTON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 66
LONG BEACH, CA 90805-8261

**CREDITOR**
URSULA HOWARD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 167
LONG BEACH, CA 90805-5139

**CREDITOR**
VERONICA ZEPEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 60
LONG BEACH, CA 90805-8255

**CREDITOR**
WADE ANDERSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 30
LONG BEACH, CA 90805-8224

**CREDITOR**
WALTER MARTINEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**CREDITOR**
WALTER PEREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 161
LONG BEACH, CA 90805-5153

**CREDITOR**
WENDY EVA NATALY MASON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 39
LONG BEACH, CA 90805-8235

**RTD 12/28/18 UTF**
**CREDITOR**
WILLIAM CONKLIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 17
LONG BEACH, CA 90805-8211

**CREDITOR**
WINIFRED WILMA TAYLOR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 18
LONG BEACH, CA 90805-8212

**CREDITOR**
YIRETH M SALVADOR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**RTD 01/28/19 UTF**
**CREDITOR**
YOLANDA COHEN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 169
LONG BEACH, CA 90805-5172

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**CREDITOR / POC ADDRESS**
ADRIANA HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 182
LONG BEACH, CA 90805-5185

**CREDITOR / POC ADDRESS**
ALBA ESPINOZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 111
LONG BEACH, CA 90805-8304

**CREDITOR / POC ADDRESS**
ALBERT VELASCO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 99
LONG BEACH, CA 90805-8292

**CREDITOR / POC ADDRESS**
ALBERTO GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 110
LONG BEACH, CA 90805-8303

**CREDITOR / POC ADDRESS**
ALEJANDRA HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 182
LONG BEACH, CA 90805-5185

**CREDITOR / POC ADDRESS**
ALEJANDRO MARTINEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 105
LONG BEACH, CA 90805-8298

**CREDITOR / POC ADDRESS**
ALEX MAY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 54
LONG BEACH, CA 90805-8249

**CREDITOR / POC ADDRESS**
ALEXANDER VERDIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 104
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ALEXANDRIA CABRERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 168
LONG BEACH, CA 90805-5147

**CREDITOR / POC ADDRESS**
ALICIA SIEGEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 106
LONG BEACH, CA 90805-8299

**CREDITOR / POC ADDRESS**
ALICIA VALENCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 85
LONG BEACH, CA 90805-8279

**CREDITOR / POC ADDRESS**
AMPARO FRANCO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 151
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ANA OCHOA
11816 SOUTH BUDLONG AVENUE
LOS ANGELES, CA 90044-1112

**CREDITOR / POC ADDRESS**
ANDREA MORENO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 160
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ANDREW COLLINS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ANGELICA LEAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**CREDITOR / POC ADDRESS**
ANTHONY GUARINO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
ANTONIO RUIZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 11
LONG BEACH, CA 90805-5138

**CREDITOR / POC ADDRESS**
ARGENTINA CASTILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805-8285

**CREDITOR / POC ADDRESS**
ARLENE SOTO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 35
LONG BEACH, CA 90805-8231

**CREDITOR / POC ADDRESS**
ARLETTE GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805-8280

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
ARMANDO PEREYRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805-8280

**CREDITOR / POC ADDRESS**
ARTURO HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 182
LONG BEACH, CA 90805-5185

**CREDITOR / POC ADDRESS**
ARTURO MONTALVO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 27
LONG BEACH, CA 90805-8222

**CREDITOR / POC ADDRESS**
AURELIA ZAVALA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 23
LONG BEACH, CA 90805-8217

**CREDITOR / POC ADDRESS**
BARBARA DOTY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 138
LONG BEACH, CA 90805-5189

**CREDITOR / POC ADDRESS**
BARBARA WEINBERGER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 72
LONG BEACH, CA 90805-8266

**CREDITOR / POC ADDRESS**
BENJAMIN ORELLANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 158
LONG BEACH, CA 90805-5156

**CREDITOR / POC ADDRESS**
BERTHA ESQUIVEL CORTEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 43
LONG BEACH, CA 90805-8239

**CREDITOR / POC ADDRESS**
BETTY KAISER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 29
LONG BEACH, CA 90805-5136

**CREDITOR / POC ADDRESS**
BEVERLY MCDONALD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 77
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
BILL CATHEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 162
LONG BEACH, CA 90805-5152

**CREDITOR / POC ADDRESS**
BRAULIO BELTRAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 177
LONG BEACH, CA 90805-5180

**CREDITOR / POC ADDRESS**
BRENDAN GRIMES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 148
LONG BEACH, CA 90805-5166

**CREDITOR / POC ADDRESS**
BRETT BERNARD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 177
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
BRITTANEY COLACION
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 154
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
CARLA AYALA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 164
LONG BEACH, CA 90805-5140

RTD 01/28/19 UTF
**CREDITOR / POC ADDRESS**
CARLOS CASTILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805-8285

**CREDITOR / POC ADDRESS**
CARLOS ESCOBAR
14502 SOUTH BUTLER AVENUE
LOS ANGELES, CA 90021

**CREDITOR / POC ADDRESS**
CARLOS JIMENEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 46
LONG BEACH, CA 90805-8242

**CREDITOR / POC ADDRESS**
CARLOS ROMERO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 141
LONG BEACH, CA 90805-5192

**CREDITOR / POC ADDRESS**
CARLOS SANMIGUEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 70
LONG BEACH, CA 90805-5134

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
CARMEN GUTIERREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 101
LONG BEACH, CA 90805-8294

**CREDITOR / POC ADDRESS**
CAROLYN BATEMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 26
LONG BEACH, CA 90805-8221

**CREDITOR / POC ADDRESS**
CAROLYN ROE
460 EAST HULLET STREET
LONG BEACH, CA 90805-3426

**CREDITOR / POC ADDRESS**
CECILIA COLLINS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
CELESTINO ACOSTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR / POC ADDRESS**
CESAR SANCHEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 15
LONG BEACH, CA 90805-8209

**CREDITOR / POC ADDRESS**
CHARLOTTE EDMONSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 56
LONG BEACH, CA 90805-8251

**CREDITOR / POC ADDRESS**
CHERIE L COOK
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 143
LONG BEACH, CA 90805-5146

**CREDITOR / POC ADDRESS**
CHUCK HARRIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 154
LONG BEACH, CA 90805-5160

**CREDITOR / POC ADDRESS**
CINDY LOU MCMURTREY
6227 HUNGERFORD STREET
LAKEWOOD, CA 90713-1044

**CREDITOR / POC ADDRESS**
CLARA CAMARENA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 134
LONG BEACH, CA 90805-5142

**CREDITOR / POC ADDRESS**
CLARISSA CASTANEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805-8302

**CREDITOR / POC ADDRESS**
CLAUDIO HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 80
LONG BEACH, CA 90805-8274

**CREDITOR / POC ADDRESS**
CONCEPCION CORONA DE
RIDRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
CYNTHIA PONCE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 38
LONG BEACH, CA 90805-8234

**CREDITOR / POC ADDRESS**
DAMON TATE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 176
LONG BEACH, CA 90805-5179

**CREDITOR / POC ADDRESS**
DANIEL MILEY
28690 BROADSTONE WAY
MENIFEE, CA 92584

**CREDITOR / POC ADDRESS**
DANIELA PENADO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 163
LONG BEACH, CA 90805-5141

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
DANIELLA FURLAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 104
LONG BEACH, CA 90805-8297

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
DARIA HERNANDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 125
LONG BEACH, CA 90805-5143

**CREDITOR / POC ADDRESS**
DARLYN WALLACE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 40
LONG BEACH, CA 90805-8236

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
DARRELL LAWSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 173
LONG BEACH, CA 90805-5176

**CREDITOR / POC ADDRESS**
DAVID BEAUSOLEIL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 92
LONG BEACH, CA 90805-5145

**CREDITOR / POC ADDRESS**
DAVID MEDDLES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805-8293

**CREDITOR / POC ADDRESS**
DAVID ORTEGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805-8272

**CREDITOR / POC ADDRESS**
DAWN WHITMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 47
LONG BEACH, CA 90805-8243

**CREDITOR / POC ADDRESS**
DEBORAH BOWSER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 135
LONG BEACH, CA 90805-5186

**CREDITOR / POC ADDRESS**
DEBRA CHILDRESS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 50
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
DEENA LAUGHLIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 116
LONG BEACH, CA 90805-8308

**CREDITOR / POC ADDRESS**
DEJANIRA MIRANDA DURAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 177
LONG BEACH, CA 90805-5180

**CREDITOR / POC ADDRESS**
DELIA CAMACHO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805-8201

**CREDITOR / POC ADDRESS**
DIONE LAVANN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 110
LONG BEACH, CA 90805-8303

**CREDITOR / POC ADDRESS**
DOLFREDO CATAMISAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 52
LONG BEACH, CA 90805-8247

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
DOLORES NUNNELY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 24
LONG BEACH, CA 90805-8218

**CREDITOR / POC ADDRESS**
DONALD GILLIAM
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 7
LONG BEACH, CA 90805-8202

**CREDITOR / POC ADDRESS**
DORALUZ ESCOBAR
14502 SOUTH BUTLER AVENUE
LOS ANGELES, CA 90021

**CREDITOR / POC ADDRESS**
DOROTHY MEEHAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 87
LONG BEACH, CA 90805-8281

**CREDITOR / POC ADDRESS**
DUNN COLE
6301 WHITTIER AVENUE
WHITTIER, CA 90601-3321

**CREDITOR / POC ADDRESS**
EARL MCDONALD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 77
LONG BEACH, CA 90805-8271

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
EDDIE BRANDOW
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 65
LONG BEACH, CA 90805-8260

**CREDITOR / POC ADDRESS**
EDDIE MARIE BRANDOW
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 65
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
EDELIA RIOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
EDIBERTO VALLE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 75
LONG BEACH, CA 90805-8269

**CREDITOR / POC ADDRESS**
ELAINE FREEMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805-8293

**CREDITOR / POC ADDRESS**
ELIZABETH PAGOTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 50
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ELMER JONES
9919 RAMONA STREET
SUITE 407
BELLFLOWER, CA 90706-7323

**CREDITOR / POC ADDRESS**
ELYSE REYES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 4
LONG BEACH, CA 90805-8323

**CREDITOR / POC ADDRESS**
ELZIABETH CASILLAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
EMILIA Y CANALES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 145
LONG BEACH, CA 90805-5169

**CREDITOR / POC ADDRESS**
EMMA PONCE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 38
LONG BEACH, CA 90805-8234

**CREDITOR / POC ADDRESS**
ERICK VERDIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 104
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ERIK CASTILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 150
LONG BEACH, CA 90805-5164

**CREDITOR / POC ADDRESS**
ESPERANZA VILLALOBOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 110
LONG BEACH, CA 90805-8303

**NEW NAME 12/19/18**
**CREDITOR / POC ADDRESS**
ESTATE OF DAVE DAHLSTROM
C/O TONI. G. DAHLSTROM
5450 NORTH PARAMOUNT
BOULEVARD, SPC 126
LONG BEACH, CA 90805-8318

**CREDITOR / POC ADDRESS**
ESTELA MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
EUGENIA CALDERON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805-8302

**CREDITOR / POC ADDRESS**
EVA GRACIAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 123
LONG BEACH, CA 90805-8315

**CREDITOR / POC ADDRESS**
EVANGELINA RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 36
LONG BEACH, CA 90805-8232

**CREDITOR / POC ADDRESS**
EVANGELINE LAWSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 173
LONG BEACH, CA 90805-5176

**CREDITOR / POC ADDRESS**
FELIPE GUTIERREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 58
LONG BEACH, CA 90805-8253

**CREDITOR / POC ADDRESS**
FERNANDA SAAVEDRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 156
LONG BEACH, CA 90805-5158

**CREDITOR / POC ADDRESS**
FIDEL MELARA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 178
LONG BEACH, CA 90805-5181

**CREDITOR / POC ADDRESS**
FRANCIS PORTILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 137
LONG BEACH, CA 90805-5188

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
FRANCISCO MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
FRANKLIN ROBINSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 152
LONG BEACH, CA 90805-5162

**CREDITOR / POC ADDRESS**
GARY STRAHLE
TRUSTEE FOR STRAHLE TRUST
10630 DOWNEY AVENUE
SUITE 200
DOWNEY, CA 90241-3463

**CREDITOR / POC ADDRESS**
GAUDENCIO ZAMORA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 41
LONG BEACH, CA 90805-8237

**CREDITOR / POC ADDRESS**
GEORGE BRANDOW
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 65
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
GEORGE KAISER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 29
LONG BEACH, CA 90805-5136

**CREDITOR / POC ADDRESS**
GEORGE RUIZ COLON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 128
LONG BEACH, CA 90805-8320

**CREDITOR / POC ADDRESS**
GERARDO SAAVEDRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 156
LONG BEACH, CA 90805-5158

**CREDITOR / POC ADDRESS**
GLADIS GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 169
LONG BEACH, CA 90805-5172

**CREDITOR / POC ADDRESS**
GLADYS SANCHEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 124
LONG BEACH, CA 90805-8316

**CREDITOR / POC ADDRESS**
GLORIA C RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805-8205

**CREDITOR / POC ADDRESS**
GLORIA SANMIGUEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 70
LONG BEACH, CA 90805-5134

**CREDITOR / POC ADDRESS**
GONZALO CALDERON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805-8302

**CREDITOR / POC ADDRESS**
GRACE CAPINPIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 82
LONG BEACH, CA 90805-8276

**CREDITOR / POC ADDRESS**
GRISELDA LOUGEDO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 133
LONG BEACH, CA 90805-8325

**CREDITOR / POC ADDRESS**
GUADALUPE ORTEGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
GUILLERMO CASTRO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805-8238

**CREDITOR / POC ADDRESS**
GUILLERMO SANTOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 145
LONG BEACH, CA 90805-5169

**CREDITOR / POC ADDRESS**
GUSTAVO GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 67
LONG BEACH, CA 90805-8262

**CREDITOR / POC ADDRESS**
HELDA GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
HELEN OWENS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805-8205

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
HENRY SALAZAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
HERIBERTO VERIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 104
LONG BEACH, CA 90805-8297

**CREDITOR / POC ADDRESS**
HILARIO AVILA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 89
LONG BEACH, CA 90805-8283

**CREDITOR / POC ADDRESS**
HULANI WOOD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 120
LONG BEACH, CA 90805-8312

**CREDITOR / POC ADDRESS**
IMELDA FLORES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 115
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
INGRID ORELLANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 158
LONG BEACH, CA 90805-5156

**CREDITOR / POC ADDRESS**
IRISS RODRIGUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
IRMA PEREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 41
LONG BEACH, CA 90805-8237

**CREDITOR / POC ADDRESS**
IRMA SANTANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 19
LONG BEACH, CA 90805-8213

**CREDITOR / POC ADDRESS**
IRVIN IBARA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 115
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
ISAAC LOPEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 142
LONG BEACH, CA 90805-5194

**CREDITOR / POC ADDRESS**
ISABEL GIRON DE ANGEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
ISABEL SANCHEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 15
LONG BEACH, CA 90805-8209

**CREDITOR / POC ADDRESS**
ISRAEL RODRIQUEZ
6862 ALONDRA BOULEVARD
PARAMOUNT, CA 90723-3757

**CREDITOR / POC ADDRESS**
IVAN SALAZAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 1
LONG BEACH, CA 90805-5137

**CREDITOR / POC ADDRESS**
JACK CORNELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 44
LONG BEACH, CA 90805-8240

**CREDITOR / POC ADDRESS**
JAEL SANTOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 142
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JAIME BARILLAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 157
LONG BEACH, CA 90805-5157

**CREDITOR / POC ADDRESS**
JAIRO BAUTISTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 94
LONG BEACH, CA 90805-8287

**CREDITOR / POC ADDRESS**
JAMES DAVIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 93
LONG BEACH, CA 90805-8286

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
JAMIE SWEENEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 105
LONG BEACH, CA 90805-8298

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
JANET BUCK
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 98
LONG BEACH, CA 90805-8291

**CREDITOR / POC ADDRESS**
JAQUELINE MEDINA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
JASON CHILDRESS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 50
LONG BEACH, CA 90805-8245

**CREDITOR / POC ADDRESS**
JAVIER OSORIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
JEANINE BIRONG
1833 HACKETT AVENUE
LONG BEACH, CA 90815

**CREDITOR / POC ADDRESS**
JENELL HOWELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 18
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JENNIE POMARICO
841 KALLIN AVENUE
LONG BEACH, CA 90815-5005

**CREDITOR / POC ADDRESS**
JENNIFER JACKSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 175
LONG BEACH, CA 90805-5178

**CREDITOR / POC ADDRESS**
JENNIFER TEACH
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 143
LONG BEACH, CA 90805-5171

**CREDITOR / POC ADDRESS**
JERILYN DUNN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 71
LONG BEACH, CA 90805-8265

**CREDITOR / POC ADDRESS**
JESUS SANCHEZ ARGUETA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 124
LONG BEACH, CA 90805-8316

**CREDITOR / POC ADDRESS**
JIM GARCIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 63
LONG BEACH, CA 90805-8258

**CREDITOR / POC ADDRESS**
JOAN BURDELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 84
LONG BEACH, CA 90805-8278

**CREDITOR / POC ADDRESS**
JOCELYN PEREYRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JOEL MEJIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 171
LONG BEACH, CA 90805-5174

**CREDITOR / POC ADDRESS**
JOHANNA MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 13
LONG BEACH, CA 90805-8207

**CREDITOR / POC ADDRESS**
JOHN PERIUS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**CREDITOR / POC ADDRESS**
JOHN SHULL
6607 WEST THIRD STREET
SUITE 1200
GREELEY, CO 80634-8999

**CREDITOR / POC ADDRESS**
JOHN WILIAMS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 97
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JOIHN MULLEV
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 88
LONG BEACH, CA 90805-8282

**CREDITOR / POC ADDRESS**
JONATHAN CURTIS
203 INTERNATIONAL BOULEVARD
RANCHO MIRAGE, CA 92270-1972

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**CREDITOR / POC ADDRESS**
JONATHAN REYES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 4
LONG BEACH, CA 90805-5177

**CREDITOR / POC ADDRESS**
JORGE ESPINOZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 111
LONG BEACH, CA 90805-8304

**CREDITOR / POC ADDRESS**
JORGE OSORIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 2
LONG BEACH, CA 90805-5196

**CREDITOR / POC ADDRESS**
JORGE SANDOVAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 123
LONG BEACH, CA 90805-8315

**CREDITOR / POC ADDRESS**
JOSE GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 169
LONG BEACH, CA 90805-5172

**CREDITOR / POC ADDRESS**
JOSE LICON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 165
LONG BEACH, CA 90805-8317

**CREDITOR / POC ADDRESS**
JOSE MENDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 160
LONG BEACH, CA 90805-5154

**CREDITOR / POC ADDRESS**
JOSE RAMIREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 101
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JOSE RIOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JOSE RIVAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 147
LONG BEACH, CA 90805-5167

**CREDITOR / POC ADDRESS**
JOSE ROBERTO MAZARIEGOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
JOSE RUIZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 54
LONG BEACH, CA 90805-8249

**CREDITOR / POC ADDRESS**
JOSE SUNGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 131
LONG BEACH, CA 90805-8323

**CREDITOR / POC ADDRESS**
JOSE VALDOVINOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 81
LONG BEACH, CA 90805-8275

**CREDITOR / POC ADDRESS**
JOSE VALENCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 85
LONG BEACH, CA 90805-8279

**CREDITOR / POC ADDRESS**
JOSEFINA LEAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**CREDITOR / POC ADDRESS**
JOSEPH PEARSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 129
LONG BEACH, CA 90805-8321

**CREDITOR / POC ADDRESS**
JUANA LEAL CHAVEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
JUANA REYES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 4
LONG BEACH, CA 90805-5199

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
JUDITH ANCTIL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 147
LONG BEACH, CA 90805-5167

**CREDITOR / POC ADDRESS**
JUDITH DAVIS
15079 WEST HERITAGE OAK WAY
SURPRISE, AZ 85374-3421

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
JUDY PERIUS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**RTD 01/28/19 UTF**
**CREDITOR / POC ADDRESS**
JUNE PEARSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 129
LONG BEACH, CA 90805-8321

**CREDITOR / POC ADDRESS**
KELLY NORTON
837 POLYNESIAN DRIVE
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
KEVIN SMITH
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 83
LONG BEACH, CA 90805-8277

**CREDITOR / POC ADDRESS**
LAURA VERDIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 104
LONG BEACH, CA 90805-8297

**CREDITOR / POC ADDRESS**
LEONARD CAMARENA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 134
LONG BEACH, CA 90805-5142

**CREDITOR / POC ADDRESS**
LINDA ARMAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
JULIE REAGAN
2623 WEST FELICIDAD CIRCLE
ANAHEIM, CA 92801-3009

**CREDITOR / POC ADDRESS**
KANDI MCDONALD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 77
LONG BEACH, CA 90805-8271

**CREDITOR / POC ADDRESS**
KEN WASSNAAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 32
LONG BEACH, CA 90805-8226

**RTD 01/28/19 UTF**
**CREDITOR / POC ADDRESS**
KIMBERLY DIMAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 125
LONG BEACH, CA 90805-5143

**CREDITOR / POC ADDRESS**
LEO GILBERT
4129 ANDY STREET
LAKEWOOD, CA 90712-1006

**CREDITOR / POC ADDRESS**
LEONEL RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
LINDA COLVIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 117
LONG BEACH, CA 90805-8309

**CREDITOR / POC ADDRESS**
JULIETA SANCHEZ ORELLANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 94
LONG BEACH, CA 90805-8287

**CREDITOR / POC ADDRESS**
KAREN ESPARZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
KEVIN JIMENEZ ESQUIVEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 43
LONG BEACH, CA 90805-8239

**CREDITOR / POC ADDRESS**
KIMBERLY SHULL
6608 WEST THIRD STREET
SUITE 1200
GREELEY, CO 80634-9031

**CREDITOR / POC ADDRESS**
LEON IRMA GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 182
LONG BEACH, CA 90805-5185

**CREDITOR / POC ADDRESS**
LESLY ESPARZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805-8285

**CREDITOR / POC ADDRESS**
LINDSAY RIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 129
LONG BEACH, CA 90805-8321

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
LISA CAMPO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 80
LONG BEACH, CA 90805-8274

**CREDITOR / POC ADDRESS**
LORENA ARAUJO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 102
LONG BEACH, CA 90805-8295

**CREDITOR / POC ADDRESS**
LORNA ALLEN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 66
LONG BEACH, CA 90805-8261

**CREDITOR / POC ADDRESS**
LORRIANA HERRERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
LUIS ALBARRAN
6178 IBBETSON
LAKEWOOD, CA 90713-1044

**CREDITOR / POC ADDRESS**
MAGALI BARBOSA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

**CREDITOR / POC ADDRESS**
MAGALI GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 179
LONG BEACH, CA 90805-5182

**CREDITOR / POC ADDRESS**
MANASSAVEE CAMPBELL
6315 CHERRY AVENUE
SUITE 6
LONG BEACH, CA 90805-2656

**CREDITOR / POC ADDRESS**
MARCELA SANMIGUEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 70
LONG BEACH, CA 90805-5134

**CREDITOR / POC ADDRESS**
MARGARITA CRUZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 81
LONG BEACH, CA 90805-8275

**CREDITOR / POC ADDRESS**
MARIA ARAUJO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 102
LONG BEACH, CA 90805-8295

**CREDITOR / POC ADDRESS**
MARIA GARCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 67
LONG BEACH, CA 90805-8262

**CREDITOR / POC ADDRESS**
MARIA MENDEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 160
LONG BEACH, CA 90805-5154

**CREDITOR / POC ADDRESS**
MARIA RIVAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 147
LONG BEACH, CA 90805-5167

**CREDITOR / POC ADDRESS**
MARIA RUBALCAVA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 53
LONG BEACH, CA 90805-8248

**CREDITOR / POC ADDRESS**
MARIA TAFOLLA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 108
LONG BEACH, CA 90805-8301

**CREDITOR / POC ADDRESS**
MARIA TOVAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 75
LONG BEACH, CA 90805-8269

**CREDITOR / POC ADDRESS**
MARIANA MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MARIBEL PEREYRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 86
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MARK GOODART
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 57
LONG BEACH, CA 90805-8252

**CREDITOR / POC ADDRESS**
MARTIN IBARA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 115
LONG BEACH, CA 90805

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
MARTINA VELASCO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 99
LONG BEACH, CA 90805-8292

**CREDITOR / POC ADDRESS**
MARY ANN ELENEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 69
LONG BEACH, CA 90805-8264

**CREDITOR / POC ADDRESS**
MARY BEAUSOLEIL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 92
LONG BEACH, CA 90805-5145

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
MARY KELLEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 35
LONG BEACH, CA 90805-8231

**CREDITOR / POC ADDRESS**
MATT COOK
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 143
LONG BEACH, CA 90805-5171

**CREDITOR / POC ADDRESS**
MATTHEW CORNELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 44
LONG BEACH, CA 90805-8240

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
MAVIS SCHJELDERUP
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 67
LONG BEACH, CA 90805-8262

**CREDITOR / POC ADDRESS**
MAXIMIANO VALENCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 85
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MAYA CAMACHO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MELDOY ERDEI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 2
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MELODY OSORIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 2
LONG BEACH, CA 90805-5196

**CREDITOR / POC ADDRESS**
MERLY SUNGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 131
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MICHAEL ANDERSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 30
LONG BEACH, CA 90805-8224

**CREDITOR / POC ADDRESS**
MICHAEL CAMACHO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MICHAEL MEEHAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 87
LONG BEACH, CA 90805-8281

**CREDITOR / POC ADDRESS**
MICHAEL ROVELLI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 23
LONG BEACH, CA 90805-8217

**CREDITOR / POC ADDRESS**
MICHELLE PARVIANEN
35537 ASHWOOD AVENUE
LOS ANGELES, CA 90066

**CREDITOR / POC ADDRESS**
MIGUEL ANGEL ROSALES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
MIKE ANGELINI
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 28
LONG BEACH, CA 90805-8223

**CREDITOR / POC ADDRESS**
MIKE EDMONSON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 56
LONG BEACH, CA 90805-8251

**CREDITOR / POC ADDRESS**
MILDRED BEJARANO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 59
LONG BEACH, CA 90805-8254

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
MIRIAM LICON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 165
LONG BEACH, CA 90805-8317

**CREDITOR / POC ADDRESS**
MOISES TAFOLLA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 108
LONG BEACH, CA 90805-8301

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
MOLLY SIMMONS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 103
LONG BEACH, CA 90805-8296

**CREDITOR / POC ADDRESS**
MONICA MAYORGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 90
LONG BEACH, CA 90805-8284

**CREDITOR / POC ADDRESS**
MYRIAM SCHEURING
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 51
LONG BEACH, CA 90805-8246

**CREDITOR / POC ADDRESS**
NANCY GUTIERREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 158
LONG BEACH, CA 90805-5156

**CREDITOR / POC ADDRESS**
NANO LACKEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 57
LONG BEACH, CA 90805-8252

**CREDITOR / POC ADDRESS**
NOEL CASILLAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
NORMA ELIZABETH PENA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
NORMA SOLIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 42
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
OLGA SANTANA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 19
LONG BEACH, CA 90805-8213

**CREDITOR / POC ADDRESS**
OLINDA CASTANEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805-8302

**CREDITOR / POC ADDRESS**
OLVIN AYALA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 164
LONG BEACH, CA 90805-5140

**CREDITOR / POC ADDRESS**
OMAR ALEXANDER FIGUEROA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
OTIS NABORS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 14
LONG BEACH, CA 90805-8208

**CREDITOR / POC ADDRESS**
PALOMA VALENCIA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 85
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
PATRICIA ESPINOZA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 39
LONG BEACH, CA 90805-8235

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
PAUL SANDOVAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 133
LONG BEACH, CA 90805-8325

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
PAULA AYERS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 66
LONG BEACH, CA 90805-8261

**RTD 01/28/19 UTF**
**CREDITOR / POC ADDRESS**
PAULETTE OCHOA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 22
LONG BEACH, CA 90805-8216

**CREDITOR / POC ADDRESS**
PEDRO GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 153
LONG BEACH, CA 90805-5161

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
PETER BROWN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 119
LONG BEACH, CA 90805-8311

**CREDITOR / POC ADDRESS**
PHIL DOTY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 138
LONG BEACH, CA 90805-5189

**CREDITOR / POC ADDRESS**
PHILLIP SCHEURING
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 51
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
PHYLLIS SOTO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 175
LONG BEACH, CA 90805-5178

**CREDITOR / POC ADDRESS**
PONCIANO LEAL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**CREDITOR / POC ADDRESS**
RAFAEL MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805-5146

**CREDITOR / POC ADDRESS**
RAMON ALDACO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 53
LONG BEACH, CA 90805-8248

**CREDITOR / POC ADDRESS**
RAMON CHIU ORTEGA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 121
LONG BEACH, CA 90805-8313

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
RAY TRAUTMAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 150
LONG BEACH, CA 90805-5164

**CREDITOR / POC ADDRESS**
RAYMOND CAMACHO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 6
LONG BEACH, CA 90805-8201

**CREDITOR / POC ADDRESS**
REBECCA BRAVO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 150
LONG BEACH, CA 90805-5164

**CREDITOR / POC ADDRESS**
RENE ELLIOT
837 POLYNESIAN DRIVE
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
RICARDO FRANCO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 151
LONG BEACH, CA 90805-5163

**CREDITOR / POC ADDRESS**
RIGOBERTO ESPARZA LUNA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805-8285

**CREDITOR / POC ADDRESS**
ROBERT ALVILLAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 107
LONG BEACH, CA 90805-8300

**CREDITOR / POC ADDRESS**
ROBERT ANTONIO DE ANGEL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 180
LONG BEACH, CA 90805-5183

**CREDITOR / POC ADDRESS**
ROBERT SAENZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 122
LONG BEACH, CA 90805-8314

**CREDITOR / POC ADDRESS**
ROBERTO SOTO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 175
LONG BEACH, CA 90805-5178

**CREDITOR / POC ADDRESS**
RODERCIK ROD MALDONADO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 58
LONG BEACH, CA 90805-8253

**CREDITOR / POC ADDRESS**
ROGELIO OCHOA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 135
LONG BEACH, CA 90805-5186

**CREDITOR / POC ADDRESS**
ROGER LACKEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 57
LONG BEACH, CA 90805-8252

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
ROMAN REYES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 4
LONG BEACH, CA 90805-5199

**CREDITOR / POC ADDRESS**
ROMERO GIRON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 172
LONG BEACH, CA 90805-5175

**CREDITOR / POC ADDRESS**
ROSA DELUNA
14640 OSAGE ROAD
APPLE VALLEY, CA 92307-4024

**CREDITOR / POC ADDRESS**
ROSA ISELA ALBARRAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 18
LONG BEACH, CA 90805-8212

**CREDITOR / POC ADDRESS**
ROSA MARIA RUIZ COLON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 128
LONG BEACH, CA 90805-8320

**CREDITOR / POC ADDRESS**
ROSA MELARA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 178
LONG BEACH, CA 90805-5181

**CREDITOR / POC ADDRESS**
ROSALINA RUIZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 54
LONG BEACH, CA 90805-8249

**CREDITOR / POC ADDRESS**
RUBEN GALVAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 136
LONG BEACH, CA 90805-5187

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
SANDRA ROSKO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 79
LONG BEACH, CA 90805-8273

**CREDITOR / POC ADDRESS**
SANTOS NOEMI BELTRAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 137
LONG BEACH, CA 90805-5188

**CREDITOR / POC ADDRESS**
SELA TAUFA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 139
LONG BEACH, CA 90805-5190

**CREDITOR / POC ADDRESS**
SELENA MOTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 58
LONG BEACH, CA 90805-8253

**CREDITOR / POC ADDRESS**
SHARLYNN GALVAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 136
LONG BEACH, CA 90805-5187

**CREDITOR / POC ADDRESS**
SHEILA CORONA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 145
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
SHIRLEY RAMIREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 20
LONG BEACH, CA 90805-8214

**CREDITOR / POC ADDRESS**
SILVA RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 1
LONG BEACH, CA 90805-5137

**CREDITOR / POC ADDRESS**
SILVIA MEDINA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 145
LONG BEACH, CA 90805-5169

**CREDITOR / POC ADDRESS**
SILVIA RAZO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 65
LONG BEACH, CA 90805-8260

**CREDITOR / POC ADDRESS**
SOCORRO TOSCANO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 112
LONG BEACH, CA 90805-8305

**CREDITOR / POC ADDRESS**
SOLARES CABRERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 168
LONG BEACH, CA 90805-5147

**CREDITARY / POC ADDRESS**
SOPHARARY LEENA SEA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 159
LONG BEACH, CA 90805-5155

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
STACY GRIMES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 148
LONG BEACH, CA 90805-5166

**CREDITOR / POC ADDRESS**
STEPHANIE BERNARD
1672 PEGASUS STREET
NEWPORT BEACH, CA 92660-1348

**CREDITOR / POC ADDRESS**
STEPHANIE CASTANEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
STEVE HERRERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
STEVEN MILEY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 140
LONG BEACH, CA 90805-5191

**CREDITOR / POC ADDRESS**
SUZANNA AGUILAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 11
LONG BEACH, CA 90805-5138

**CREDITOR / POC ADDRESS**
SYLVIA MARTINEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 146
LONG BEACH, CA 90805-5168

**CREDITOR / POC ADDRESS**
TAMMY HARRIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 154
LONG BEACH, CA 90805-5160

**CREDITOR / POC ADDRESS**
THERESA CATAMISAN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 52
LONG BEACH, CA 90805-8247

**CREDITOR / POC ADDRESS**
THERESA COLE
6301 WHITTIER AVENUE
WHITTIER, CA 90601-3321

**CREDITOR / POC ADDRESS**
THOMAS CHILDRESS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 149
LONG BEACH, CA 90805-5165

**CREDITOR / POC ADDRESS**
TIFFANY HARRIS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 154
LONG BEACH, CA 90805

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
TIMOTHY HOWARD
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 167
LONG BEACH, CA 90805-5139

**CREDITOR / POC ADDRESS**
TIMOTHY TEACH
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 144
LONG BEACH, CA 90805-5170

**CREDITOR / POC ADDRESS**
TOMAS PEREZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 9
LONG BEACH, CA 90805-8204

**CREDITOR / POC ADDRESS**
TONI DAHLSTROM
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 126
LONG BEACH, CA 90805-8318

**CREDITOR / POC ADDRESS**
TOYA THOMAS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 155
LONG BEACH, CA 90805-5159

**CREDITOR / POC ADDRESS**
URIEL RIVERA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 36
LONG BEACH, CA 90805-8232

**RTD 12/28/18 UTF**
**CREDITOR / POC ADDRESS**
VANESSA WALKER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 152
LONG BEACH, CA 90805-5162

**CREDITOR / POC ADDRESS**
VERONICA RUIZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 36
LONG BEACH, CA 90805-8232

**RTD 01/28/19 UTF**
**CREDITOR / POC ADDRESS**
VICANTE SOLTERO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 113
LONG BEACH, CA 90805-8306

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**CREDITOR / POC ADDRESS**
VICTOR ESTRADA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 35
LONG BEACH, CA 90805-8231

**CREDITOR / POC ADDRESS**
VICTORIA LELAND
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 115
LONG BEACH, CA 90805-8307

**CREDITOR / POC ADDRESS**
VILIAMI TAUFA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 139
LONG BEACH, CA 90805-5190

**CREDITOR / POC ADDRESS**
VIMA RAINER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 5
LONG BEACH, CA 90805-8200

**CREDITOR / POC ADDRESS**
WACHAREE PINKERTON
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 181
LONG BEACH, CA 90805-5184

**CREDITOR / POC ADDRESS**
WALTER WALLACE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 40
LONG BEACH, CA 90805-8236

**CREDITOR / POC ADDRESS**
WILLIAM HOWELL
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 18
LONG BEACH, CA 90805-8212

**CREDITOR / POC ADDRESS**
WILLIAM MONK
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 3
LONG BEACH, CA 90805-5197

**CREDITOR / POC ADDRESS**
YADIRA OCHOA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 135
LONG BEACH, CA 90805-5186

**CREDITOR / POC ADDRESS**
YASMIN MACHORRO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 91
LONG BEACH, CA 90805

**CREDITOR / POC ADDRESS**
YOLANDA RODRIQUEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 95
LONG BEACH, CA 90805-8288

**CREDITOR / POC ADDRESS**
ZENAIDA MOTA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 153
LONG BEACH, CA 90805-5161

**CREDITOR / POC ADDRESS**
ZENON VILLALOBOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 110
LONG BEACH, CA 90805-8303

**CREDITOR / POC ADDRESS**
ZOLIA MEDINA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 9
LONG BEACH, CA 90805-8204

**TENANT**
ALEJANDRO LOPEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 89
LONG BEACH, CA 90805-8283

**TENANT**
ANNA PATRICIA CASTRO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 116
LONG BEACH, CA 90805-8308

**TENANT**
AYDEE MORENO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 68
LONG BEACH, CA 90805-8263

**TENANT**
BLADIMIR PORTILLO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 137
LONG BEACH, CA 90805-5188

**TENANT**
BONNIE FINELY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 45
LONG BEACH, CA 90805-8241

**TENANT**
CARLA MOYA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 164
LONG BEACH, CA 90805-5140

**TENANT**
CARLOS OSORIO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 2
LONG BEACH, CA 90805-5196

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1

**TENANT**
CARMEN NUNEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 101
LONG BEACH, CA 90805-8294

**TENANT**
DAVID GUADALUPE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 78
LONG BEACH, CA 90805-8272

**TENANT**
DONRE ROMONE WALKER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 14
LONG BEACH, CA 90805-8208

**TENANT**
FELIPE TORRES
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 62
LONG BEACH, CA 90805-8257

**TENANT**
GALDINA CHAVEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 89
LONG BEACH, CA 90805-8283

**TENANT**
GLORIA MELGAR
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 10
LONG BEACH, CA 90805-5146

**TENANT**
HELEN L. POIRIER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 140
LONG BEACH, CA 90805-5191

**TENANT**
JAIME GONZALEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 142
LONG BEACH, CA 90805

**TENANT**
JENNIFER HUYNH
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 144
LONG BEACH, CA 90805-5170

**TENANT**
JOHN MULLER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 88
LONG BEACH, CA 90805-8282

**TENANT**
JOSEFINO AMBRAY
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 82
LONG BEACH, CA 90805-8276

**TENANT**
JUANA CRUZ DE SILVA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 37
LONG BEACH, CA 90805-8233

**TENANT**
KARLA LARIN
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 76
LONG BEACH, CA 90805-8270

**TENANT**
LUIS BECERRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 165
LONG BEACH, CA 90805-8317

**TENANT**
MARIA BECERRA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 165
LONG BEACH, CA 90805-8317

**TENANT**
MARIA OJEDA
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 108
LONG BEACH, CA 90805-8301

**TENANT**
MARIA ROSALINDA RUIZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 54
LONG BEACH, CA 90805-8249

**TENANT**
MARIA YADIRA JIMENEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 46
LONG BEACH, CA 90805-8242

**TENANT**
MELINDA TREFZGER
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 59
LONG BEACH, CA 90805-8254

**TENANT**
MIGUEL GONZALEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 174
LONG BEACH, CA 90805-5177

**TENANT**
RAQUEL SOLANO
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 128
LONG BEACH, CA 90805-5146

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4823-5803-4859, v. 1

**F 9013-3.1.PROOF.SERVICE**

**TENANT**
RODOLFO BOLANOS
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 155
LONG BEACH, CA 90805-5159

**TENANT**
RODRIGO MALLANGUE
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 8
LONG BEACH, CA 90805-8203

**TENANT**
SELENA GOMEZ
5450 NORTH PARAMOUNT
BOULEVARD
SPACE 58
LONG BEACH, CA 90805-8253

**TENANT**
ARACELI LOPEZ AND MARIA V.
LOPEZ JIMENEZ
5451 NORTH PARAMOUNT
BOULEVARD
SPACE 97
LONG BEACH, CA 90805

**TENANT**
MARTHA LOURDES CASTRO FRANCO
AND JUAN CARLOS HERNANDEZ
5452 NORTH PARAMOUNT
BOULEVARD
SPACE 100
LONG BEACH, CA 90805

**TENANT**
HENRY RODRIGUEZ
5453 NORTH PARAMOUNT
BOULEVARD
SPACE 109
LONG BEACH, CA 90805

**TENANT**
EVELYN GRASIANO AND ALVARO
GRACIANO
5454 NORTH PARAMOUNT
BOULEVARD
SPACE 122
LONG BEACH, CA 90805

**TENANT**
DAVID ANDREW APRODA
5455 NORTH PARAMOUNT
BOULEVARD
SPACE 125
LONG BEACH, CA 90805

**TENANT**
FRANK CENTENO AND
GUILLERMINA GUTIERREZ
5456 NORTH PARAMOUNT
BOULEVARD
SPACE 151
LONG BEACH, CA 90805

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4823-5803-4859, v. 1