D. EDWARD HAYS, #162507
ehays@marshackhays.com
KRISTINE A. THAGARD, #94401
kthagard@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FRIENDLY VILLAGE GP, LLC,<br><br>Debtor. | Case No. 8:18-bk-13864-ES<br><br>Chapter 7<br><br>MOTION FOR ORDER AUTHORIZING USE OF ESTATE PROPERTY UNDER 11 U.S.C. § 363 TO SIGN SALE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Hearing<br>Date:    December 19, 2019<br>Time:    10:30 a.m.<br>Ctrm:    5A<br>Address: 411 W. Fourth Street<br>             Santa Ana, CA 92701 |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, FRIENDLY VILLAGE MHP ASSOCIATES, L.P., AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Friendly Village GP, LLC ("Debtor"), hereby moves this Court for an order authorizing the Trustee to exercise the powers of the Debtor in its capacity as the general partner of Friendly Village MHP Associates, L.P. ("FV LP"). In particular, the Trustee seeks authorization

1

from this Court to sign a grant deed transferring title in property owned by FV LP, an assignment, bill of sale, and any other necessary sale documents in his capacity as trustee of the Debtor.

While the Trustee believes he has authority to sign any sale documents for FV LP in his capacity as the Trustee of FV LP, this Motion is being brought out of an abundance of caution and to avoid any delay in the sale of the property of FV LP, in the event escrow or title question his authority.

**1.    Summary of Argument**

A Chapter 7 Trustee may, for the benefit of creditors, use property of the Estate including powers exercisable by a debtor. Whatever powers remain in this Debtor to sign a grant deed, assignment, bill of sale and other necessary sale documents ("Sale Documents") as general partner of FV LP should be granted to the Trustee, and the Trustee should be authorized to sign such Sale Documents in connection with a sale of FV LP's property, provided that such sale is approved by the Court. To clarify, the Trustee simply seeks authorization to perform what amounts to an administrative function to transfer title in the event of a sale – this Debtor has no further interest in the property proposed to be sold.

**2.    Factual Background**

On October 21, 2018 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. Richard A. Marshack (previously defined as "Trustee") is the duly appointed and acting trustee for the Debtor.

The Debtor is the general partner of Friendly Village MHP Associates, L.P. (previously defined as "FV LP"), a California limited partnership which owns a mobile home park located at 5450 North Paramount Blvd., Long Beach, California 90805 ("Property"). Debtor is owned by the family trusts of the two principals of FV GP, Mr. Michael Scott and Mr. Lee Kort.

Previously, on October 2, 2018, FV LP filed a separate bankruptcy petition under Chapter 7 of Title 11 of the United States Code. The Trustee is also the duly appointed and acting trustee in the FV LP bankruptcy case.

In his capacity as the Chapter 7 trustee of FV LP, the Trustee was authorized to operate the Property, which belongs to FV LP, while the Property was marketed for sale. FV LP is currently in

the process of finalizing the transaction whereby the Property will be sold, subject to overbid, to an interested and financially capable buyer submitting the best bid for the Property. In connection with such anticipated sale, the Property will be transferred via grant deed, and the Trustee seeks authorization to perform the administrative function of signing the grant deed and other Sale Documents as the representative for the Debtor, which remains the general partner of FV LP.

**3.    Legal Argument**

    **A.    The Debtor's rights and powers as general partner for FV LP constitute property of the Estate.**

The filing of a bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(2). Where a bankrupt entity has prepetition management rights of a partnership, such rights pass to the Chapter 7 trustee. *See, e.g., Kerry v. Schneider*, 239 F.2d 896, 898 (9th Cir. 1956) ("The trustee, as of the date of the filing of the petition, became possessed of all the right, title, and interest of the bankrupt in the partnership."); *see also Union Planters National Bank v. Hunters Horn Associates (In re Hunters Horn Associates)*, 158 B.R. 729, 730 (Bankr. M.D. Tenn. 1993); *see also* Cal. Corp. Code § 15907.01 ("A transferable interest [in a limited partnership] is personal property."). Under California's Uniform Limited Partnership Act of 1994, the general partner(s) of a limited partnership have sole and co-equal management rights in the limited partnership. Cal. Corp. Code § 15904.06(a).

The Debtor in this case is the general partner of FV LP. Thus, as the Trustee steps into the shoes of the prepetition debtor, the Trustee now holds the position of the general partner of FV LP, to the extent that such general partner has not been supplanted by the appointment of a Chapter 7 trustee upon FV LP's filing of a bankruptcy petition.

    **B.    The Trustee may use property of the Estate under 11 U.S.C. § 363(b).**

A trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under Section 363(b), the court is obliged to "assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005). For a trustee to use property of the estate, "there must be some articulated business justification for using, selling, or leasing the property

outside the ordinary course of business… whether the proffered business justification is sufficient depends on the case." *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (adopting the language of *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *see also In re Plaza Family Partnership*, 95 B.R. 166, 173 (E.D. Cal. 1989) (citing *id.*).

In this case, the Trustee simply seeks authorization from the Court to sign Sale Documents in his capacity as representative for the Debtor, who is and was the sole general partner of FV LP. Specifically, the Trustee is requesting that he be authorized to sign Sale Documents to transfer the Property to the best and highest overbidder for the Property, pursuant to a soon-to-be noticed motion for sale of the Property, and only if the Court approves such sale. In this context, the Trustee is simply serving the administrative function of signing the Sale Documents to consummate a sale initiated by FV LP, for the benefit of the FV LP bankruptcy estate and its creditors. Thus, there is an articulated business justification to authorize the Trustee's use of the Debtor's powers as general partner (to the extent that such powers have not been supplanted by the appointment of a Chapter 7 trustee over FV LP when it filed bankruptcy) for the limited purpose of signing Sale Documents for the anticipated transfer and sale of the Property.

## 4. Conclusion

For all of the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an Order:

1. Granting the Motion;

2. Authorizing the Trustee to sign, as the authorized representative for the Debtor in its capacity as general partner for FV LP, the Sale Documents effectuating any sale of the Property which is approved by the Court in the FV LP bankruptcy case; and

3. Any other relief which the Court considers just and proper.

DATED: November 26, 2019        MARSHACK HAYS LLP

By: */s/ Kristine A. Thagard*_____
    D. EDWARD HAYS
    KRISTINE A. THAGARD
    TINHO MANG
    Attorneys for Chapter 7 Trustee,
    RICHARD A. MARSHACK

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Friendly Village GP, LLC ("Debtor").

5. The Debtor is the sole general partner of Friendly Village MHP Associates, L.P. ("FV LP").

6. I am also the duly appointed and acting Chapter 7 Trustee for the FV LP bankruptcy estate.

7. I anticipate filing a motion to sell the property owned by FV LP located at 5450 North Paramount Blvd., Long Beach, CA ("Property") in the FV LP case, to sell the Property to the highest and best overbidder for the benefit of the FV LP estate and its creditors.

8. While I believe I have authority to sign any sale documents for FV LP in my capacity as the Trustee of FV LP, this Motion is being brought out of an abundance of caution and to avoid any delay in the sale of the property of FV LP, in the event escrow or title question my authority.

9. Therefore, to expeditiously consummate the anticipated sale, and to eliminate any potential uncertainty for the anticipated buyer of the Property, I request authorization from the Court to sign a grant deed on behalf of the Debtor to transfer the Property, in the event that the Court approves a sale of the Property.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on November 26, 2019.

RICHARD A. MARSHACK
Chapter 7 Trustee for Friendly Village GP, LLC

1
DECLARATION OF RICHARD A. MARSHACK

4813-0772-0364, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **MOTION FOR ORDER AUTHORIZING USE OF ESTATE PROPERTY UNDER 11 U.S.C. § 363 TO SIGN SALE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 26, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Howard Camhi    hcamhi@ecjlaw.com, tcastelli@ecjlaw.com;amatsuoka@ecjlaw.com
- Gary Fields    , anna@fieldslawcorp.com
- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com
- Kristine A Thagard    kthagard@marshackhays.com, 8649808420@filings.docketbird.com
- Jeffrey G Thomas    jgthomas128@gmail.com, usoldit@hotmail.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- David Wood    dwood@marshackhays.com, 8649808420@filings.docketbird.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 26, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**DEBTOR**
FRIENDLY VILLAGE GP, LLC
320 N PARK VISTA STREET
ANAHEIM, CA 92806-3722

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 26, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Personal Delivery** | Attorneys for Plaintiffs/Tenants: via E-mail |
|---|---|
| PRESIDING JUDGE'S COPY | Aram Ordubegian – aram.ordubegian@arentfox.com |
| Bankruptcy Judge Erithe A. Smith. | Gary D. Fields – gary@fieldslawcorp.com |
| United States Bankruptcy Court, Central District of California | Brian Kabateck – bsk@kbklawyers.com |
| Ronald Reagan Federal Building and Courthouse | |
| 411 West Fourth Street, Suite 5-097 | |
| Santa Ana, CA 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 26, 2019 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*June 2012*